1  JUDY M. IRIYE, Bar No. 211360
   jiriye@littler.com
2  COURTNEY S. HOBSON, Bar No. 252322
   chobson@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  310.553.0308
   Facsimile:   310.553.5583
6
   Attorneys for Defendants
7
   NAPOLI BERN RIPKA & ASSOCIATES,
8  LLP; NAPOLI BERN RIPKA SHKOLNIK &
   ASSOCIATES, LLP;
9  NAPOLI BERN RIPKA SHKOLNIK, LLP;
   NAPOLI BERN RIPKA, LLP;
10 NAPOLI KAISER BERN, LLP;
   MARC J. BERN; AND PAUL J. NAPOLI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC I. WILLICK, an individual,, <br><br> Plaintiff, <br><br> v. <br><br> NAPOLI BERN RIPKA & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA, LLP, a purported limited liability partnership; NAPOLI KAISER BERN, LLP, a purported limited liability partnership; MARC J. BERN, an individual; PAUL J. NAPOLI, an individual; and DOES 1 through 50, <br><br> Defendants. | Case No.  2:15-cv-652 <br><br> **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** <br><br> [28 U.S.C. §§ 1332(a)(1) , 1441, 1446] (DIVERSITY) <br><br> Complaint filed in Los Angeles Superior Court: December 12, 2014 <br> Trial Date: None Set |

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants NAPOLI BERN RIPKA & ASSOCIATES, LLP, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, NAPOLI BERN RIPKA SHKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, NAPOLI KAISER BERN, LLP, MARC J. BERN, and PAUL J. NAPOLI (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. sections 1332(d), 1441, and 1446 based on the following grounds:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

2. On December 12, 2014, Plaintiff Marc Willick ("Plaintiff") filed a Complaint against Defendants in the Superior Court of the State of California, County of Los Angeles, entitled *Marc I. Willick, an individual, Plaintiff, v. NAPOLI BERN RIPKA & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA, LLP, a purported limited liability partnership; NAPOLI KAISER BERN, LLP, a purported limited liability partnership; MARC J. BERN, an individual; PAUL J. NAPOLI, an individual; and DOES 1 through 50, Defendants*, Case No. BC566742 (the "Complaint"). A true and correct copy of the

Complaint is attached to this Notice of Removal as Exhibit A. The allegations of the Complaint are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

3. The Complaint purports to assert five causes of action for relief against Defendants stemming from Plaintiff's employment with Defendant Napoli Bern Ripka & Associates, LLP. Specifically, the Complaint alleges causes of action for: (1) an accounting; (2) breach of contract; (3) fraud; (4) violation of California Business & Professions Code § 17200; (5) negligent misrepresentation.

4. In compliance with 28 U.S.C. section 1446(a), attached as the following exhibits are all process, pleadings, and orders filed in this action: Exhibit A – Complaint; Exhibit B – Summons; Exhibit C – Civil Case Cover Sheet; Exhibit D – Civil Case Cover Sheet Addendum and Statement of Location; Exhibit E – Proofs of Service of Summons – and Exhibit F – Defendants' Answer to Complaint. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party.

### III.  TIMELINESS OF REMOVAL

5. The Complaint was filed on December 12, 2014. On December 19, 2014, the Complaint was personally and mail served on all Defendants, in the State of New York, pursuant to Code of Civil Procedure section 415.40. Per section 415.40, service was completed on December 29, 2014. *See* CODE CIV. PROC. § 415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.") This Notice of Removal is timely filed as it is filed within 30 days of the service of the Summons and Complaint. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).

## IV. **DIVERSITY JURISDICTION**

6. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

7. The United States Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Owens v. Dart Cherokee Basin Operating Co., LLC.* ("*Owens*"), ___U.S. ___, 2014 U.S. LEXIS 8435 at *10 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at *6, 10.

### A. The Amount In Controversy Exceeds $75,000.

8. Plaintiff's Complaint is silent as to the total amount of damages claimed. However, the failure of the Complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy . . . otherwise . . . any Plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Defendants need not submit evidence to support its notice of removal. *Owens*, ___U.S. ___, 2014 U.S. LEXIS 8435, *6. Defendants need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* However, even if an evidentiary showing were required, Defendants only needs to show by a preponderance of the evidence (*i.e.*, more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

1  minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 -04 (9th Cir.
2  1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and his
3  prayer for relief that the amount in controversy exceeds $75,000. *See Singer v. State
4  Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court
5  may consider whether it is 'facially apparent' from the complaint that the
6  jurisdictional amount is in controversy."); *Kenneth Rothschild Trust v. Morgan
7  Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)(finding that the Court
8  must assume the allegations of the Complaint are true and that a jury will return a
9  verdict in favor of the plaintiff in all claims asserted in his complaint).

10        9.    Even though Plaintiff did not explicitly request general damages in
11  excess of $75,000, it is clear that the amount in controversy as to Plaintiff's claimed
12  damages alone exceed the jurisdictional minimum. First, Plaintiff filed his action
13  within the unlimited jurisdiction of the Superior Court. The jurisdictional minimum
14  of the Superior Court Unlimited Jurisdiction is $25,000. CAL. CODE CIV. PROC. §
15  86(A)(1). Thus, on the face of the Complaint, the amount in dispute exceeds $25,000.

16        10.   Plaintiff was employed as a non-equity partner to the law firm of Napoli
17  Bern Ripka & Associates, LLP, making a <u>base salary of $15,000 a month</u> at the time
18  of his termination, plus referral fees and bonuses. (Complaint, Exhibit 2
19  ("Employment Agreement").) According to Plaintiff, his employment was terminated
20  on December 14, 2012. (Complaint, ¶ 9). Plaintiff alleges that he was entitled to, but
21  did not receive, a portion of fees received by Defendants, pursuant to the terms of two
22  employment agreements. (*See* Complaint, ¶¶ 13-17, Exhibits 1 and 2.) For example,
23  Plaintiff alleges that he is entitled to fees under the First Employment Agreement and
24  "learned that after months Plaintiff's departure [from the firm], Defendants told the
25  Veterans Administration that Plaintiff was counsel of record when the VA gave
26  Defendants notice of lien of settlements of over <u>one million dollars</u> from which
27  Defendants took and kept a fee after Plaintiff's last day of employment."
28  (*Id.*)(emphasis added.)  Plaintiff further alleges that Defendants received "<u>substantial

1  <u>fees on cases</u> referred to Defendants by Plaintiff's referral sources" (Complaint, ¶ 15) and he is entitled to <u>"substantial compensation"</u> from Defendants with respect to certain cases under the Second Employment Agreement.[1]  (Complaint, ¶¶ 14-16.)(emphasis added.)

11. Plaintiff also alleges punitive damages, which must be considered when calculating the amount in controversy. *See Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (*citing Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance,* 897 F.Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy). Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

12. Plaintiff also seeks such open-ended relief as "such further relief as the Court deems just and proper."  Prayer for Relief.  Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000.)

13. In sum, although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims certainly exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, the first removal requirement

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

1  under 28 U.S.C. section 1332(a) is satisfied.

### B. Diversity of Citizenship.

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Murroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Plaintiff is a resident of the County of Los Angeles, California. (Complaint, ¶ 1.) Accordingly, Plaintiff is a citizen of the State of California.

15. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) . As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. at 78.

16. Partnerships and limited liability companies are treated as citizens of each state of which each of its partners and members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (holding that the citizenship of a partnership for the purposes of diversity is the citizenship of its partners); *Johnson v.*

*Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that the citizenship of a limited partnership is that of all of its general and limited partners, and an LL is a citizen of every state of which its owners/members are citizens).

17. Napoli Bern Ripka & Associates, LLP is a limited liability partnership organized under the laws of the State of New York. The partners and members of Napoli Bern Ripka & Associates, LLP are Paul Napoli, Marc Bern, and Alan Ripka who reside in the State of New York. Accordingly, Napoli Bern Ripka & Associates, LLP is a citizen of the State of New York.

18. Napoli Bern Ripka Shkolnik & Associates, LLP is a limited liability partnership organized under the laws of the State of New York. The partners and members of Napoli Bern Ripka Shkolnik & Associates, LLP are Paul Napoli and Marc Bern, who reside in the State of New York (Mr. Napoli and Mr. Bern are equity partners in the firm); Alan Ripka and Hunter Shkolnik (non-equity partners) who reside in the State of New York; Patrick N. Haines and J. Bradley Smith (non-equity partners) who reside in the State of Texas; and Louise Caro (non-equity partner) who resides in the state of Florida. Accordingly, Napoli Bern Ripka Shkolnik & Associates, LLP is a citizen of the States of New York, Texas and Florida.

19. Napoli Bern Ripka Shkolnik, LLP is a limited liability partnership organized under the laws of the State of New York. The partners and members of Napoli Bern Ripka Shkolnik, LLP are Paul Napoli and Marc Bern, who reside in the State of New York (Mr. Napoli and Mr. Bern are equity partners in the firm); Alan Ripka and Hunter Shkolnik (non-equity partners) who also reside in the State of New York. Accordingly, Napoli Bern Ripka Shkolnik, LLP is a citizen of the State of New York.

20. Napoli Bern Ripka, LLP is a limited liability partnership organized under the laws of the State of New York. The partners and members of Napoli Bern Ripka, LLP are Paul Napoli, Marc Bern, and Alan Ripka who reside in the State of New York. Accordingly, Napoli Bern Ripka, LLP is a citizen of the State of New York.

21. Napoli Kaiser Bern, LLP is a limited liability partnership organized under the laws of the State of New York. The partners and members of Napoli Kaiser Bern, LLP are Paul Napoli and Marc Bern, who reside in the State of New York. Accordingly, Napoli Kaiser Bern, LLP is a citizen of the State of New York.

22. The home offices and principal places of business, i.e., the "nerve center" where Napoli Bern Ripka & Associates, LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Napoli Bern Ripka Shkolnik, LLP, Napoli Bern Ripka, LLP, and Napoli Kaiser Bern, LLP perform executive and administrative functions, are all located in the State of New York.

23. Marc Bern is a citizen and resident of the State of New York.

24. Paul Napoli is a citizen and resident of the State of New York.

25. Defendants Does 1 through 50 are fictitious. (Complaint, ¶ 5). The Complaint does not set forth the identity or status of any of said fictitious defendants. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); accord *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

26. Accordingly, Plaintiff is a citizen of California, Defendants are not citizens of California, and, therefore, the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

### V. VENUE

27. Venue is proper in this Court because this action was originally filed in the Los Angeles County Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. §§ 84(c), 1441(a). Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the

claim occurred. *See* 28 U.S.C. § 1391(a) and (b). Plaintiff also alleges that he is a resident of Los Angeles County, California. (Complaint, ¶ 1.) However, Defendants allege that the Complaint and each cause of action therein is subject to dismissal for improper venue as Plaintiff agreed to submit any claims against Defendants arising out of his employment to binding arbitration and will be moving this Court to compel arbitration.

### VI. NOTICE OF REMOVAL

28. Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, James L. Goldman of Pircher, Nichols, & Meeks, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles Superior Court.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California.

Dated: January 28, 2015

/s/ *Courtney Hobson*
JUDY M. IRIYE
COURTNEY S. HOBSON
LITTLER MENDELSON, P.C.
Attorneys for Defendants NAPOLI BERN RIPKA & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI BERN RIPKA, LLP; NAPOLI KAISER BERN, LLP; MARC J. BERN; AND PAUL J. NAPOLI

Firmwide:131371332.2 999999.3072