1 | JAMES GOLDMAN (State Bar No. 57127)
jgoldman@millerbarondess.com
2 | KELLY E. HALFORD (State Bar No. 312251)
khalford@millerbarondess.com
3 | MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
4 | Los Angeles, California 90067
Telephone:  (310) 552-4400
5 | Facsimile:   (310) 552-8400

6 | Attorneys for Plaintiff MARC I. WILLICK

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12 | MARC I. WILLICK, an individual,

13 | Plaintiff,

14 | v.

15 | NAPOLI BERN RIPKA &
ASSOCIATES, LLP, a purported
16 | limited liability partnership; NAPOLI
BERN RIPKA SHKOLNIK &
17 | ASSOCIATES, LLP, a purported
limited liability partnership; NAPOLI
18 | BERN RIPKA SHKOLNIK, LLP, a
purported limited liability partnership;
19 | NAPOLI BERN RIPKA, LLP, a
purported limited liability partnership;
20 | NAPOLI KAISER BERN, LLP, a
purported limited liability partnership;
21 | MARC J. BERN, an individual; PAUL
J. NAPOLI, an individual; and DOES 1
22 | through 50,

23 | Defendants.

24

**CASE NO. 2:15-cv-00652-AB-CE**

[Assigned for to Hon. Andre Birotte, Jr.;
and Magistrate Judge Charles F. Eick]

**NOTICE OF MOTION AND
MOTION TO LIFT STAY AND
LEAVE TO AMEND TO ADD
PARTIES**

Hearing Date: March 2, 2018
Time:  10:00 a.m.
Courtroom: 7B
Judge: Honorable Andre Birotte, Jr.

Action filed:  12/12/14 (Los Angeles
County Superior Court
Trial Date:  None set

*(vertical left margin)* MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

367314.2

Case No. 2:15-cv-00652-AB-CE

NOTICE OF MOTION AND MOTION TO LIFT STAY AND LEAVE TO AMEND TO ADD PARTIES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that on Friday March 2, 2018 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the United States District Court, 350 West First Street, Los Angeles, California 90012 before the Honorable Andre Birotte, Jr., Plaintiff Marc Willick, through his counsel, will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for a temporary lifting of the stay and for leave to file a First Amended Complaint.

The stay of this case should be temporarily lifted and leave to amend under Rule 15 should be granted because the proposed amendment is timely, made in good faith, will not cause any prejudice to the Defendants.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via letter on January 17, 2018, as more fully described in the Declaration of Kelly Halford dated February 2, 2018 ("Halford Decl.").

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and exhibits thereto, the Halford Decl. and exhibits thereto, the record and pleadings on file herein, any oral argument of counsel, and such other evidence as may be presented at the time of hearing.

DATED:  February 2, 2018          Respectfully submitted,

MILLER BARONDESS, LLP

By: _____

JAMES GOLDMAN
Attorneys for Plaintiff MARC I.
WILLICK

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   PROCEDURAL HISTORY ........................................................................ 3

III.  APPLICABLE LAW ................................................................................... 5

IV.  THE COURT SHOULD TEMPORARILY LIFT THE STAY AND GRANT LEAVE TO AMEND THE COMPLAINT ...................................... 6

    A.    The Court Can Lift the Stay .............................................................. 6

    B.    The Court Should Grant Leave to Amend ......................................... 6

        1.    Willick's Motion for Leave to Amend is Timely and Made in Good Faith ........................................................................ 7

        2.    Defendants Will Not Suffer Any Prejudice ................................ 7

        3.    The Amendment Is Not Futile ................................................... 8

V.   CONCLUSION ........................................................................................... 9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009) ...................................................................... 8

*Eminence Capital, LLC v. Aspeon, Inc.,*
   316 F.3d 1048 (9th Cir. 2003) .............................................................. 8

*Estrella v. Freedom Fin. Network, LLC,*
   No. CV 09-03156 SI, 2011 WL 4595017 (N.D. Cal. Oct. 3, 2011) ................ 6

*Foman v. Davis,*
   371 U.S. 178 (1962) ............................................................................ 6

*Fraher v. Heyne,*
   No. 1:10-cv-0951-LJO-MJS (PC), 2013 WL 394050 (E.D. Cal. Jan. 30,
   2013) .................................................................................................. 8

*Sharkey v. O'Neal,*
   778 F.3d 767 (9th Cir. 2015) ................................................................ 6

*Thomas v. Home Depot USA, Inc.,*
   No. C06-02705 MJJ, 2007 WL 2140917 (N.D. Cal. July 25, 2007) .............. 6

## FEDERAL RULES

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................... 8

## OTHER AUTHORITIES

6 Charles A. Wright & Arthur R. Miller,
   Federal Practice and Procedure § 1487 .................................................. 7

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

As the Court may recall, this case concerns two contracts pursuant to which Defendant Napoli Bern Ripka & Associates, LLP ("Napoli Bern"), a New York based law firm, employed Plaintiff Marc Willick ("Willick"), a California lawyer. Willick's compensation was based, in substantial part, on fees received by Napoli Bern on cases that Willick or Willick's "Referral Sources" referred to Napoli Bern. Willick contends, among other things, that Napoli Bern and certain affiliated entities to successors-in-interest breached their obligation to Willick by collecting fees on cases referred to them by Willick and his Referral Sources and then refusing to make any payments to Willick on account of the fees that they received on those cases.

On August 20, 2015, this Court granted a motion filed by defendants to compel arbitration of Willick's claims and stayed this case pending the outcome of the arbitration.  Arbitration proceedings are currently underway.  A retired judge of the Los Angeles Superior Court, the Hon. Richard Stone, is the arbitrator.  An Interim Award has been issued that requires Napoli Bern to provide an accounting for the fees that it, any of the other defendants, or any law firm in which Defendant Marc Bern or Defendant Paul Napoli have been affiliated received on cases referred by Willick's Referral Sources.  (Declaration of Kelly Halford ("Halford Decl.") Ex. B.)

The purpose of the accounting is, obviously, to determine the amount that Defendants have received as fees from cases referred by Willick's Referral Sources and then to calculate the amount of Willick's damages for the breach of his contracts with Napoi Bern.  Willick has learned that that some of the cases referred by his Referral Sources may still be pending and are being handled, either directly or indirectly, by two new law firms created by Defendants Paul Napoli ("Napoli") and Marc Bern ("Bern").  Additionally, it has come to light that other law firms

NOTICE OF MOTION AND MOTION TO LIFT STAY AND LEAVE TO AMEND TO ADD PARTIES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  affiliated with Napoli and/or Bern may also have accepted cases from Willick's

2  referral sources, and Willick seeks to add these firms as defendants in this case:

3       • Napoli Bern, LLP;

4       • Napoli, Kaiser, Bern & Associates, LLP;

5       • Napoli, Bern & Associates, LLP;

6       • Law Offices of Napoli Bern, LLP;

7       • Law Offices of Napoli Bern Ripka & Associates LLP;

8       • Law Offices of Napoli Bern Ripka Shkolnik LLP;

9       • Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP;

10      • Pasternack Tilker Napoli Bern, LLP;

11      • Napoli Shkolnik PLLC;

12      • Napoli Law PLLC;

13      • Paul Napoli Law PLLC;

14      • Bern Ripka LLP;

15      • Marc J. Bern & Partners LLP;

16      • Napoli & Bern, LLP;

17      • Marc J. Bern PLLC;

18      • Napoli, Kaiser & Associates, LLP;

19      • Napoli, Bern, Krentsel & Guzman, LLP;

20      • Worby, Groner, Edelman & Napoli, Bern, LLP;

21      • Paul Napoli PLLC.

22          Together these firms constitute the "Proposed Defendants."  Willick believes

23  that the Proposed Defendants should be held liable to Willick for fees they received

24  from cases originating with Willick's Referral Sources.  Thus, Willick requests

25  leave of the Court to add the Proposed Defendants to this case, to ensure that he may

26  be able to recover any awards made in his favor.  This motion to add the Proposed

27  Defendants is timely, made in good-faith, would not cause any prejudice to the

28  current defendants, and is not futile.  A copy of the proposed First Amended

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1   Complaint is attached hereto as **Exhibit 1**.  A chart detailing the changes in the

2   Proposed First Amended Complaint is attached hereto as **Exhibit 2**.

3   **II.    PROCEDURAL HISTORY**

4          In May 2011, Willick, a California-based attorney who specializes in

5   representing victims of mesothelioma, entered into an employment agreement (the

6   "May Contract") with the New York-based law firm of Napoli Bern Ripka &

7   Associates, LLP.  (Halford Decl. Ex. C.)  The May Contract provides, among other

8   things, that Willick would receive a portion of the fees received by the Defendants

9   on cases originating from Willick's Referral Sources insofar as they are identified in

10  the May Contract.  (*Id.*, § 2.4.)  The May Contract also provides that Willick would

11  retain his Referral Sources even after the termination of the May Contract and

12  would be entitled to compensation if Defendants improperly usurped those sources.

13  (*Id.* § 2.4(ii).)

14         Willick's relationship with Napoli Bern did not work out.  He left the firm in

15  December 2012.  However, he has never received compensation for the literally

16  thousands of cases that he referred to the firm or that Defendants accepted from

17  Willick's Referral Sources either before or after the termination of the May

18  Contract.

19         Since then, Napoli Bern has evolved into multiple iterations of the same firm,

20  including Napoli Bern Ripka Shkolnik & Associates, LLP; Napoli Bern Ripka

21  Shkolnik, LLP; Napoli Bern Ripka, LLP; and Napoli Kaiser Bern, LLP (collectively

22  with Napoli Bern, the "Entity Defendants").  These firms are named as defendants

23  in this lawsuit, and as discussed below, they are all successors-in-interest to Napoli

24  Bern.

25         In 2014, Willick filed this lawsuit in the Los Angeles Superior Court against

26  the Entity Defendants and their two principals, Paul Napoli, and Marc Bern

27  (collectively, "Defendants"), to obtain, among other things, an accounting of the

28  fees owed by Defendants to Willick for cases originating from his Referral Sources.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

After removing this case from Superior Court, Defendants petitioned to compel arbitration.  (Dkt. ## 27, 28, 30.)  Although only Napoli Bern was a party to the contract with Willick that contained the arbitration clause, the petition was filed behalf of all of them on the grounds all of them were, in essence if not technically, parties to the contract and entitled to enforce the arbitration provision. (Halford Decl. Ex. D, at 8, (Dkt. # 38).)  "Although the alleged alter ego defendants and individual defendants named in PLAINTIFF'S complaint were not signatories of the agreement, the FIRM clearly intended the arbitration provision to cover them."  (*Id.*)  Defendants argued that

> The AGREEMENT between PLAINTIFF and the FIRM contemplates an ongoing relationship between the two sides.  The only way that the FIRM would be able to fulfill its promises under the AGREEMENT is through the acts of its employees and partners. . . .
> (*Id.* at 10.)

> If PLAINTIFF is going to claim that the ENTITIES are the alter ego of the FIRM, then all DEFENDANTS must be bound by the AGREEMENT.  Thus, because the FIRM is bound by the arbitration provision in the Agreement, all other ENTITIES should be bound as well.
> (*Id.* at 11.)

This Court granted the petition on August 20, 2015. (Dkt. # 39.)

Arbitration commenced, but little progress was made despite Willick's attempts to obtain relevant discovery from the Defendants.  In fact, Willick had to resort to seeking information from one of his referral sources, Mary Keyes, an attorney located in Maryland.

On September 29, 2016, Willick requested that this Court lift the stay to allow Willick to subpoena testimony and documents from Ms. Keyes.  (Dkt. # 44.)  This Court granted Willick's request, and Willick served a subpoena on Ms. Keyes. (Dkt. # 45.)  Ms. Keyes moved to quash the subpoena, but the United States District Court for the District of Maryland ordered her to produce a list of cases she had referred to Defendants and any fees she had received.  (Halford Decl. Ex. E.)  Ms. Keyes produced a list of client names and fees (the "Keyes List"), but refused to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 | provide any additional information, such as the dates covered by her list of referrals.
2 | The Keyes List totaled 2,521 cases.

3 | Based in part on the Keyes List, Willick requested a hearing on the merits on
4 | his first cause of action for an accounting. This request resulted in an Interim
5 | Award, issued in January 2018, ordering an accounting against Napoli Bern Ripka
6 | & Associates, LLP for the fees received on cases referred by Willick's Referral
7 | Sources. (Halford Decl. Ex. B.) All of the other defendants are obligated to
8 | cooperate with the accounting and provide any information requested by the
9 | independent accountant that is within their custody or control. (*Id.* at 6-7.)

10 | In October 2017, Ms. Keyes filed a lawsuit in the United States District Court
11 | for the District of Maryland, 1:17-cv-2972-RDB, in which she brought claims
12 | against numerous law firms operated by Defendants Napoli and Bern. Evidently,
13 | Defendants "stiffed" Ms. Keyes too. She is seeking an accounting, declaratory
14 | judgment, breach of contract, unjust enrichment, and constructive trust. (Halford
15 | Decl. Ex. F.) As part of that lawsuit, Ms. Keyes filed a declaration stating, that she
16 | had never contacted any attorney associated with any law firm operated by Napoli
17 | or Bern prior to Willick's introduction to them in 2011, and that she subsequently
18 | referred cases to other Napoli-Bern-affiliated law firms. (Halford Decl. Ex. G, ¶¶ 4,
19 | 25.) These firms are among the Proposed Defendants. The Proposed Defendants
20 | also include, in addition to the firms identified by Ms. Keyes in her lawsuit, other
21 | firms operated by Napoli and Bern during the time period in which Willick's
22 | Referral Sources referred cases—May 2011 to the present. The Proposed
23 | Defendants are liable to Willick on the grounds that they have received the benefits
24 | of the May 2011 Contract (i.e., fees on cases referred to them by Willick's Referral
25 | Sources) and are, in essence, successors-in-interest to Napoli Bern. Willick requests
26 | leave of court to add them as defendants in this case.

27 | **III.   APPLICABLE LAW**
28 | Rule 15 of the Federal Rules of Civil Procedure provides for liberal

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 amendments to pleadings. Fed. R. Civ. P. 15(a)(2) ("The court should freely give

2 leave when justice so requires.").  Courts consider four factors in determining

3 whether to grant leave to amend: (1) whether the party seeking to amend has

4 engaged in undue delay; (2) whether the amendment is motivated by bad faith or an

5 attempt to delay; (3) whether the amendment would cause undue prejudice for the

6 non-moving party; and (4) whether the proposed amendment would be futile.

7 *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774

8 (9th Cir. 2015).

9 **IV.**  **THE COURT SHOULD TEMPORARILY LIFT THE STAY AND**

10  **GRANT LEAVE TO AMEND THE COMPLAINT**

11  **A.**  **The Court Can Lift the Stay**

12  "The power to issue a stay 'is incidental to the power inherent in every court

13 to control the disposition of the cases on its docket . . . .'  The power to grant a stay

14 includes the inherent power and discretion to lift that stay." *Thomas v. Home Depot*

15 *USA, Inc.*, No. C06-02705 MJJ, 2007 WL 2140917, at *1 (N.D. Cal. July 25, 2007)

16 (granting a motion to lift a stay pending resolution of a related case for the purpose

17 of amending the complaint) (internal citations omitted).  Moreover, courts have the

18 power to lift a stay of arbitration to allow amendment of a complaint.  *Estrella v.*

19 *Freedom Fin. Network, LLC*, No. CV 09-03156 SI, 2011 WL 4595017, at *2 (N.D.

20 Cal. Oct. 3, 2011).

21  Here, the Court has the power to lift the stay and should do so.  The addition

22 of the Proposed Defendants in the First Amended Complaint will not interfere with

23 the pending arbitration.  Rather, if the Proposed Defendants choose to join in the

24 arbitration, it will allow for a more fulsome adjudication of Willick's claims.

25  **B.**  **The Court Should Grant Leave to Amend**

26  Willick's request for leave to amend meets each of the *Foman* requirements.

27 It is timely and made in good faith, will not cause any prejudice to the Defendants,

28 and is not futile.  Thus, under the liberal standard of Rule 15(a)(2), the Court should

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

1 | grant Willick leave to amend his Complaint to add the Proposed Defendants.

2 |         **1.**   **Willick's Motion for Leave to Amend is Timely and Made in**
3 |             **Good Faith**

4 |       Courts often consider the timeliness and motivation of a request for leave to
5 | amend together.  6 Charles A. Wright & Arthur R. Miller, Federal Practice and
6 | Procedure § 1487 ("When the court inquires into the good faith of the moving party,
7 | it typically will take account of the movant's delay in seeking the amendment.")

8 |       Here, Willick's motion is made in good faith and is timely.  It has only
9 | recently come to light that the Proposed Defendants may have received cases from
10 | Willick's referral sources and that there may still be pending cases for which
11 | Willick is entitled to compensation.  Previously, Willick had been unsure of how
12 | long after the termination of the May Contract Ms. Keyes continued to refer cases
13 | firms controlled by the Defendants.  However, Ms. Keyes' October 2017 lawsuit
14 | reflects that she continued to refer cases through 2014 and that the Proposed
15 | Defendants received fees for those cases.  (Halford Decl. Ex F.)  Further, Ms.
16 | Keyes' complaint indicates that upon the dissolution of the latest firm created by
17 | Paul Napoli and Marc Bern into their current separate firms of Bern Ripka and
18 | Napoli Shkolnik, the cases were split via a coin toss.  (*Id.* ¶¶ 42, 44.)  Thus, the
19 | Proposed Defendants, having been in operation and under the control of Defendants
20 | Napoli and/or Bern, are liable to Willick for any cases on which they received (or
21 | will receive) fees that originated from Willick's Referral Sources.

22 |       Given this new information, Willick now moves to amend the Complaint to
23 | include the Proposed Defendants.  As further evidence of good faith, Willick will
24 | not oppose a request by the Proposed Defendants to join in the pending arbitration,
25 | if they so choose.  Indeed, Willick would welcome them to join in the pending
26 | arbitration.

27 |         **2.**   **Defendants Will Not Suffer Any Prejudice**
28 |       The most heavily weighted factor in evaluating a request for leave to amend is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  whether the amendment will cause prejudice to the other party. *Eminence Capital,*
2  *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Moreover, the party
3  opposing the amendment bears the burden of demonstrating prejudice. *Cosmetic*
4  *Alchemy, LLC v. Herrel*, CV 10-9858 GAF (VBKx), 2011 WL 13218020, at *2
5  (C.D. Cal. May 12, 2011).

6       Here, the proposed amendment will not prejudice any of the Defendants.
7  Willick is not seeking to add additional claims against any of the existing
8  Defendants or to increase their exposure.  Similarly, there will be no delay of this
9  proceeding that could prejudice the Defendants.  At present, discovery remains
10  ongoing in the arbitration, and the additional of these defendants will help, not
11  hinder, the accounting process.

12       **3.**   **The Amendment Is Not Futile**

13       An amendment is futile if it could not withstand a motion to dismiss under
14  Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Fraher v. Heyne*, No. 1:10-
15  cv-0951-LJO-MJS (PC), 2013 WL 394050, at *1 (E.D. Cal. Jan. 30, 2013).  To be
16  viable, a pleading "must contain sufficient factual matter, accepted as true, to 'state
17  a claim for relief that is plausible on its face.'  A claim has facial  plausibility when
18  the plaintiff pleads factual content that allows the court to draw the reasonable
19  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
20  556 U.S. 662, 678 (2009) (internal citations omitted).

21       Willick's requested amendments are not futile.  Since Ms. Keyes referred
22  cases to the Proposed Defendants and Napoli and Bern controlled the Proposed
23  Defendants, these entities will be liable to Willick for any fees received from cases
24  originating from Willick's referral sources.  Both Napoli and Bern were principals
25  in Defendant Napoli Bern Ripka & Associates, LLP, which signed the May
26  Contract, and thus were well aware of the obligations to compensate Willick for any
27  usurpation of his Referral Sources.  Indeed, it was Napoli who signed the May
28  Contract on behalf of Napoli Bern Ripka & Associates, LLP.  (Halford Decl. Ex. C.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   The mere fact that Napoli and Bern have transferred those cases to different firms

2   under their control does not nullify their obligations.  Thus, Willick has, at the very

3   least, a plausible claim for relief for fees due to him from the Proposed Defendants.

4   **V.**    **CONCLUSION**

5       For the reasons stated above, Plaintiff Marc Willick respectfully requests that

6   the Court temporarily lift the stay of proceedings to allow Willick to amend his

7   Complaint to add the Proposed Defendants as parties.

8

9   DATED:  February 2, 2018       Respectfully submitted,

10

11                   MILLER BARONDESS, LLP

12

13                   By: _____

14                       JAMES GOLDMAN

15                       Attorneys for Plaintiff MARC I.
                            WILLICK

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# EXHIBIT 1

1  JAMES GOLDMAN (State Bar No. 57127)
   jgoldman@millerbarondess.com
2  KELLY E. HALFORD (State Bar No. 312251)
   khalford@millerbarondess.com
3  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
4  Los Angeles, California 90067
   Telephone:  (310) 552-4400
5  Facsimile:   (310) 552-8400

6  Attorneys for Plaintiff MARC I. WILLICK

7

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  MARC I. WILLICK, an individual,          CASE NO. 2:15-cv-00652-AB-CE

13              Plaintiff,                    [Assigned for to Hon. Andre Birotte, Jr.;
                                              and Magistrate Judge Charles F. Eick]
14       v.
                                             FIRST AMENDED COMPLAINT
15  NAPOLI BERN RIPKA &                       FOR:
    ASSOCIATES, LLP, a purported             (1)  AN ACCOUNTING;
16  limited liability partnership; NAPOLI    (2)  BREACH OF CONTRACT;
    BERN RIPKA SHKOLNIK &                    (3)  FRAUD;
17  ASSOCIATES, LLP, a purported             (4)  VIOLATION OF CAL. BUS. &
    limited liability partnership; NAPOLI         PROF.  CODE § 17200; AND
18  BERN RIPKA SHKOLNIK, LLP, a             (5)  NEGLIGENT
    purported limited liability partnership;      MISREPRESENTATION
19  NAPOLI BERN RIPKA, LLP, a
    purported limited liability partnership;
20  NAPOLI KAISER BERN, LLP, a
    purported limited liability partnership;
21  MARC J. BERN, an individual; PAUL       Action filed:   12/12/14 (Los Angeles
    J. NAPOLI, an individual; NAPOLI                        County Superior Court
22  BERN, LLP, a limited liability          Trial Date:     None set
    partnership; NAPOLI, KAISER, BERN
23  & ASSOCIATES, LLP, a limited
    liability partnership; NAPOLI, BERN
24  & ASSOCIATES, LLP, a limited
    liability partnership; LAW OFFICES
25  OF NAPOLI BERN, LLP, a limited
    liability partnership; LAW OFFICES
26  OF NAPOLI BERN RIPKA &
    ASSOCIATES LLP, a limited liability
27  partnership; LAW OFFICES OF
    NAPOLI BERN RIPKA SHKOLNIK
28  LLP, a limited liability partnership;

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

370210.1

1   LAW OFFICES OF NAPOLI BERN
    RIPKA SHKOLNIK & ASSOCIATES
2   LLP, a limited liability partnership;
    PASTERNACK TILKER NAPOLI
3   BERN, LLP, a limited liability
    partnership; NAPOLI SHKOLNIK
4   PLLC, a professional limited liability
    company; NAPOLI LAW PLLC, a
5   professional limited liability company;
    PAUL NAPOLI LAW PLLC, a
6   professional limited liability company;
    BERN RIPKA LLP, a limited liability
7   partnership; MARC J. BERN &
    PARTNERS LLP, a limited liability
8   partnership; NAPOLI & BERN, LLP, a
    limited liability partnership; MARC J.
9   BERN PLLC, a professional limited
    liability company; NAPOLI, KAISER
10  & ASSOCIATES, LLP, a limited
    liability partnership;  NAPOLI, BERN,
11  KRENTSEL & GUZMAN, LLP, a
    limited liability partnership; WORBY,
12  GRONER, EDELMAN & NAPOLI,
    BERN, LLP, a limited liability
13  partnership; PAUL NAPOLI PLLC, a
    professional limited liability company,
14  and DOES 1 through 50,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

370210.1

2

Case No. 2:15-cv-00652-AB-CE

FIRST AMENDED COMPLAINT

**JURISDICTION**

1.     This case was originally filed in the Superior Court of the State of California for the County of Los Angeles.  Defendants Paul Napoli, Marc Bern, Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka Shkolnik, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; and Napoli Kaiser Bern, LLP removed this case to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.

2.     This Court has jurisdiction over this action under the diversity of citizenship statute, 28 U.S.C. § 1332(a).  This action is between citizens of different states for an amount that exceeds the sum value of $75,000, exclusive of interest and costs.

**ALLEGATIONS OF FACT**

Plaintiff Marc I. Willick ("PLAINTIFF") alleges:

3.     Plaintiff is, and at all times relevant to this case has been, a resident of Los Angeles County and duly licensed to practice law in the State of California.

4.     Defendants Marc J. Bern ("**Bern**") and Paul J. Napoli ("**Napoli**") are lawyers residing New York, and doing business throughout the United States, including in California in Los Angeles, San Francisco and Orange County.  Defendant Bern appeared as counsel at settlement conferences in Los Angeles County Superior Court in lawsuits relevant to this Complaint.  Defendant Napoli appeared as counsel in Los Angeles Superior Court in at least one coordinated status conference.  Both Defendants Bern and Napoli have signed multiple contracts doing business in California including multiple employment contracts, local counsel agreements and a lease agreement in Los Angeles.  DEFENDANTS and each of them repeatedly told their clients and the public that they were "California Injury Attorneys" and "California Mesothelioma Attorneys" with "California law offices."  In or about 2011, PLAINTIFF delivered to DEFENDANTS registration documentation for defendant Napoli Bern Ripka & Associates LLP with the California Secretary of State and forms

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    from the State Bar of California for their completion.

2       5.     Defendants Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka
3    Shkolnik, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates,
4    LLP; Napoli Kaiser Bern, LLP; Napoli Bern, LLP; Napoli, Kaiser, Bern & Associates,
5    LLP; Napoli, Bern & Associates, LLP; Law Offices of Napoli Bern, LLP; Law Offices
6    of Napoli Bern Ripka & Associates LLP; Law Offices of Napoli Bern Ripka Shkolnik
7    LLP; Law Offices of Napoli Bern Ripka Shkolnik & Associates, LLP; Pasternack
8    Tilker Napoli Bern LLP; Napoli & Bern, LLP; Napoli Bern Krentsel & Guzman, LLP;
9    Worby, Groner, Edelman & Napoli, Bern, LLP (collectively, the "**Napoli Bern**
10   **Entities**") are purportedly limited liability partnerships, but, in reality, are names used
11   by Napoli and Bern to conduct their personal business.

12       6.     Defendants Napoli Shkolnik PLLC; Napoli Law PLLC; Paul Napoli Law
13   PLLC; Napoli Kaiser & Associates, LLP, and Paul Napoli PLLC (collectively, the
14   "**Napoli Entities**") are purportedly limited liability partnerships and companies, but, in
15   reality, are names used by Napoli to conduct his personal business.

16       7.     Defendants Bern Ripka LLP; Marc J. Bern & Partners LLP; Marc J Bern,
17   PLLC (collectively, the "**Bern Entities**") are purportedly limited liability partnerships
18   and companies, but in reality, are names used by Bern to conduct his personal business.

19       8.     All of the Napoli Bern Entities, except Napoli Bern Ripka & Associates,
20   LLP, and all of the Napoli Entities and Bern Entities are successors in interest to Napoli
21   Bern Ripka & Associates, LLP.

22       9.     Plaintiff is informed, believes, and based thereon alleges that adherence to
23   the fiction of the separate existence of Napoli Bern Ripka & Associates, LLP or any of
24   the Napoli Bern Entities, Napoli Entities, or Bern Entities as separate from either of
25   defendants Bern or Napoli would permit an abuse of the Limited Liability Partnership
26   and company privilege and would sanction fraud and/or promise injustice by virtue of the
27   facts set forth herein. As a result of these, the following listed, and other factors, the
28   Napoli Bern Entities are the "alter egos" of each of defendants Napoli and Bern and it

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  would be inequitable not to treat, for purposes of this case, the actions of the Napoli

2  Bern Entities as the actions of Napoli and Bern:  Similarly, the Napoli Entities are

3  "alter egos" of Napoli and the Bern Entities are "alter egos" of Bern, and it would be

4  inequitable not to treat, for the purposes of this case, the actions of the Bern Entities as

5  the actions of Bern and the actions of the Napoli Entities as the actions of Napoli.

6          a.      Napoli Bern Ripka & Associates LLP and each of the Napoli Bern

7  Entities, the Napoli Entities, and the Bern Entities have always been inadequately

8  capitalized;

9          b.      there is unity of interest, ownership and operation between the

10  Napoli Bern Entities and Napoli and Bern;

11          c.      there is a unity of interest, ownership and operation between the

12  Napoli Entities and Napoli;

13          d.      there is a unity of interest, ownership and operation between the

14  Bern Entities and Bern;

15          e.      Napoli and Bern have caused the Napoli Bern Entities not to

16  observe appropriate entity formalities;

17          f.      Napoli has caused the Napoli Entities not to observe the appropriate

18  entity formalities;

19          g.      Bern has cause the Bern Entities not to observe the appropriate

20  entity formalities;

21          h.      Napoli and Bern have used assets of each of the Napoli Bern Entities

22  for their personal use and caused assets of each of them to be transferred to them or to

23  entities under their control without adequate consideration, withdrew funds from the bank

24  accounts of them for their own and unrelated use of other entities or persons under their

25  domination and control, and caused the business and monies that should have been

26  accounted pursuant to the contracts herein to be co-mingled and transferred by and

27  between the bank accounts of the respective business entities;

28          i.      Napoli has used assets of each of the Napoli Entities for his personal

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

370210.1                                        5                      Case No. 2:15-cv-00652-AB-CE

FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552 4400  FAX: (310) 552 8400

1 use and caused assets of each of them to be transferred to them or to entities under his

2 control without adequate consideration, withdrew funds from the bank accounts of them

3 for his own and unrelated use of other entities or persons under his domination and

4 control, and caused the business and monies that should have been accounted pursuant to

5 the contracts herein to be co-mingled and transferred by and between the bank accounts of

6 the respective business entities;

7         j.     Bern has used assets of each of the Bern Entities for his personal use

8 and caused assets of each of them to be transferred to them or to entities under his control

9 without adequate consideration, withdrew funds from the bank accounts of them for his

10 own and unrelated use of other entities or persons under his domination and control, and

11 caused the business and monies that should have been accounted pursuant to the contracts

12 herein to be co-mingled and transferred by and between the bank accounts of the

13 respective business entities;

14         k.     Defendants Bern and Napoli each exercised such complete control

15 and dominance of the business assets of the Napoli Entities and used and mingled the

16 assets and monies of them such that an individuality or separateness of Napoli Bern Ripka

17 & Associates, LLP, the Napoli Bern Entities and defendants Bern and Napoli does not,

18 and at all times herein mentioned did not, exist.

19         l.     Defendant Napoli  exercised such complete control and dominance of

20 the business assets of the Napoli Entities and used and mingled the assets and monies of

21 them such that an individuality or separateness of the Napoli Entities and Napoli does not,

22 and at all times herein mentioned did not, exist.

23         m.     Defendant Bern  exercised such complete control and dominance of

24 the business assets of the Bern Entities and used and mingled the assets and monies of

25 them such that an individuality or separateness of the Bern Entities and Bern does not, and

26 at all times herein mentioned did not, exist.

27         n.     The activities and business of Napoli Bern Ripka & Associates and

28 the Napoli Bern Entities was carried out without maintaining adequate records,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

accounting or minutes of any corporate proceedings, and defendants entered into personal transactions and transactions on behalf of other entities contracted by them, on their own behalf, without the approval or knowledge of other partners, joint venturers, and/or clients whose lawsuit proceeds should have been held in trust.

o. The activities and business of the Napoli Entities was carried out without maintaining adequate records, accounting or minutes of any corporate proceedings, and defendants entered into personal transactions and transactions on behalf of other entities contracted by them, on their own behalf, without the approval or knowledge of other partners, joint venturers, and/or clients whose lawsuit proceeds should have been held in trust.

p. The activities and business of the Bern Entities was carried out without maintaining adequate records, accounting or minutes of any corporate proceedings, and defendants entered into personal transactions and transactions on behalf of other entities contracted by them, on their own behalf, without the approval or knowledge of other partners, joint venturers, and/or clients whose lawsuit proceeds should have been held in trust.

10. PLAINTIFF is unaware of the true names and capacities of Defendants Does 1 through 50 and, for that reason, said Defendants have been named herein by their fictitious names. PLAINTIFF will, if necessary, amend this Complaint to allege the true names and capacities of Defendants Does 1 through 50 when he ascertains that information. PLAINTIFF alleges that Defendants Does 1 through 50 are liable for the acts and omissions of the other Defendants, as alleged herein.

11. Each of the Defendants was acting, with respect to the matters that are the subject of this action, as the agent co-conspirator of each of the other Defendants, and each of the Defendants was acting within the course and scope of such agency and conspiracy in connection with said matters.

12. On or about March 7, 2011, PLAINTIFF and Defendants entered into a written agreement (the "**First Agreement**"), a copy of which is attached hereto as

370210.1

7

Case No. 2:15-cv-00652-AB-CE

FIRST AMENDED COMPLAINT

1 | **Exhibit 1** and incorporated herein by reference, pursuant to which PLAINTIFF agreed

2 | that his law office, the Law Office of Marc I. Willick, would act as local counsel for

3 | Defendants in asbestos related cases referred by Defendants to PLAINTIFF.

4 | PLAINTIFF and Defendants agreed that the fees generated from these cases would be

5 | divided 10% to PLAINTIFF and 90% to Defendants.

6 |       13.    On or about May 20, 2011, PLAINTIFF and Defendants entered another

7 | written agreement (the "**Second Agreement**"), a copy of which (except for Exhibit C

8 | thereto, which contains confidential information) is attached hereto as **Exhibit 2** and

9 | incorporated herein by reference, pursuant to which Defendants agreed to employ

10 | PLAINTIFF under the terms contained in the Second Agreement.

11 |       14.    PLAINTIFF ended his employment with Defendants on or about

12 | December 14, 2012.

13 | **FIRST CAUSE OF ACTION**

14 | (For An Accounting Against All Defendants)

15 |       15.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 -

16 | 14 of this Complaint.

17 |       16.    Based on the foregoing allegations, PLAINTIFF is entitled to an

18 | accounting reflecting the fees received by Defendants on cases filed or prosecuted by

19 | Defendants in PLAINTIFF's name, cases brought to them by PLAINTIFF, and cases

20 | referred to Defendants by PLAINTIFF's referral sources.

21 | **SECOND CAUSE OF ACTION**

22 | (For Breach of Contract Against All Defendants)

23 |       17.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 -

24 | 16 of this Complaint.

25 |       18.    Defendants filed and prosecuted multiple cases in PLAINTIFF's name

26 | without PLAINTIFF's knowledge or consent including by affixing an electronic image

27 | of PLAINTIFF's signature on pleadings, use of the designation "/s/" on a signature

28 | line indicating PLAINTIFF, and by filing pleadings and/or failing to update pleadings

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

370210.1 | 8 | Case No. 2:15-cv-00652-AB-CE

FIRST AMENDED COMPLAINT

1    that indicated to the Court, counsel or clients that PLAINTIFF was counsel on the

2    case.  PLAINTIFF is informed and believes, and on that basis alleges, that fees were

3    generated and received in those cases by the DEFENDANTS herein.  Under the First

4    Agreement, PLAINTIFF is entitled to a portion of the fees received by Defendants on

5    account of such cases.  PLAINTIFF is presently unaware of the details regarding the

6    cases in question, including the amount of the fees received by Defendants, because

7    Defendants have refused to provide him with the details or otherwise provide an

8    accounting with respect to any cases.  However, PLAINTIFF is informed and believes,

9    and on that basis alleges, that he is entitled to substantial compensation from

10   Defendants with respect to such cases.  Furthermore, PLAINTIFF learned that months

11   after PLAINTIFF's departure, DEFENDANTS told the Veterans Administration that

12   PLAINTIFF was counsel of record when the VA gave DEFENDANTS notice of lien

13   on settlements of over one million dollars from which DEFENDANTS took and kept a

14   fee after PLAINTIFF's last day of employment.

15        19.    Pursuant to the Second Agreement, for asbestos cases that PLAINTIFF

16   brought to Defendants, PLAINTIFF is entitled to a portion of the fees received by

17   Defendants.  PLAINTIFF is presently unaware of the details regarding the cases in

18   question, including the amount of the fees received by Defendants, because

19   Defendants have refused to provide him with the details or otherwise provide an

20   accounting with respect to such cases.  However, PLAINTIFF is informed and

21   believes, and on that basis alleges, that he is entitled to substantial compensation from

22   Defendants with respect to such cases.

23        20.    Pursuant to the Second Agreement, PLAINTIFF and Defendants agreed

24   that the referral sources existing at the time the Second Agreement was made would

25   remain PLAINTIFF's in the event that the parties decided to terminate the Second

26   Agreement for any reason, and that in the event of a breach of the PLAINTIFF's rights

27   with respect to his referral sources, PLAINTIFF would be entitled to certain

28   compensation based on the amount of fees that Defendants received from cases

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES  CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

referred to them by PLAINTIFF's sources. PLAINTIFF is informed and believes, and on that basis alleges, that subsequent to his termination, Defendants received substantial fees on cases referred to Defendants by PLAINTIFF's referral sources. PLAINTIFF is presently unaware of the details regarding the cases in question, including the amounts of the fees received by Defendants, because Defendants have refused to provide him with the details or otherwise provide an accounting with respect to such cases. However, PLAINTIFF is informed and believes, and on that basis alleges, that he is entitled to substantial compensation from Defendants with respect to such cases.

21. Pursuant to the Second Agreement, for cases assigned to PLAINTIFF, PLAINTIFF is entitled to a portion of the fees received by Defendants. PLAINTIFF is presently unaware of the details regarding the cases in question, including the amount of the fees received by Defendants, because Defendants have refused to provide him with the details or otherwise provide an accounting with respect to such cases. However, PLAINTIFF is informed and believes, and on that basis alleges, that he is entitled to substantial compensation from Defendants with respect to such cases.

22. Pursuant to the Second Agreement, DEFENDANTS were designated as PLAINTIFF's representative to communicate that PLAINTIFF left employment with DEFENDANTS and agreed to promptly give such notice to all persons (clients and Courts) and provide copies of such notices to PLAINTIFF. DEFENDANTS breached this duty completely and as set forth above, all to PLAINTIFF's damage.

23. PLAINTIFF has complied with all of his contractual obligations to Defendants except to the extent that compliance has been excused.

24. Defendants breached their obligations to PLAINTIFF, as alleged above, as a result of which PLAINTIFF is entitled to, among other things: (a) an accounting to determine the extent of compensation to which PLAINTIFF is entitled; and (b) damages based on the results of the accounting and/or according to proof at trial.

25. The amount of damages to which PLAINTIFF is entitled is substantially in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   excess of the jurisdiction limit of this Court.

2   **THIRD CAUSE OF ACTION**

3   (For Fraud Against All Defendants)

4   26.   PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 -

5   25 of this Complaint.

6   27.   Defendants, and each of them, entered into the First Agreement without

7   having any intention of complying with the promises that they made to PLAINTIFF in

8   the First Agreement, with the purpose of deceiving PLAINTIFF into providing the

9   services required of him under the First Agreement, and in wanton disregard for

10   PLAINTIFF's rights and well-being.  In particular, Defendants, and each of them, had

11   no intention of paying PLAINTIFF the amount to which he was or would be entitled

12   under the First Agreement.  None of the Defendants disclosed their true intent to

13   PLAINTIFF, and PLAINTIFF did not discover Defendants' true intention until after

14   the Second Agreement was terminated.

15   28.   Defendants entered into the Second Agreement without having any

16   intention of complying with the promises that they made to PLAINTIFF in the Second

17   Agreement, with the purpose of deceiving PLAINTIFF into providing the services

18   required of him under the Second Agreement, and in wanton disregard for

19   PLAINTIFF's rights and well-being.  In particular, Defendants had no intention of

20   paying PLAINTIFF the amount to which he was or would be entitled under the Second

21   Agreement.  Defendants did not disclose their true intent to PLAINTIFF, and

22   PLAINTIFF did not discover Defendants' true intention until after the Second

23   Agreement was terminated.

24   29.   Prior to the time when PLAINTIFF signed the Second Agreement, and

25   during the course of the oral negotiations that led to the execution of that agreement,

26   and even after PLAINTIFF signed that agreement, Defendants Napoli and Bern orally

27   represented to PLAINTIFF that they had the ability to, and would, provide

28   PLAINTIFF with full and timely accountings reflecting the compensation to which

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  PLAINTIFF was and would be entitled. These representations were knowingly false
2  and were made with the intent of deceiving PLAINTIFF into executing the Second
3  Agreement, providing services pursuant to the Second Agreement and introducing
4  Defendants to PLAINTIFF's referral sources.  PLAINTIFF believed Defendants'
5  representations and relied on them in entering into the Second Agreement, thereafter
6  providing services thereunder, and introducing his referral sources to Defendants.

7       30.   PLAINTIFF relied on Defendants' promises by, among other things,
8  executing the First Agreement and Second Agreement, doing what was required of
9  him under the First Agreement and Second Agreement, joining Defendants as their
10 employee, and introducing Defendants to his referral sources.  PLAINTIFF would not
11 have done any of those things if he had known what Defendants' true intentions were.

12      31.   As a result of the foregoing, PLAINTIFF suffered damages in an amount
13 to be established at trial.

14      32.   Further, as a result of Defendants' conduct, PLAINTIFF is entitled to
15 recover punitive damages in an amount sufficient to serve as an appropriate
16 punishment in light of all of the facts and circumstances, including Defendants'
17 financial conditions.

18                    **FOURTH CAUSE OF ACTION**

19      (For Violation of Cal. Bus. & Prof. Code § 17200 Against All Defendants)

20      33.   PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 -
21 32 of this Complaint.

22      34.   PLAINTIFF is informed and believes, and on that basis alleges, that
23 Defendants' misconduct, as alleged herein, is part and parcel of a pervasive scheme in
24 which Defendants underpaid, refused to account to, and have otherwise mistreated
25 their employees and similarly situated attorneys who entered into similar agreements
26 with DEFENDANTS and each of them.

27      35.   Defendants' misconduct constitutes a violation of Cal. Bus. & Prof. Code
28 § 17200.

370210.1                          12                   Case No. 2:15-cv-00652-AB-CE
                          FIRST AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**FIFTH CAUSE OF ACTION**

(For Negligent Misrepresentation Against All Defendants)

36.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 - 35 of this Complaint.

37.    Defendants, and each of them, had a duty of care to make accurate representations to plaintiff concerning their ability to account for settlements and fees in cases as described above.

38.    Defendants, and each of them, breached their duty of care to plaintiff by carelessly and negligently making false representations to plaintiff that they were so able and as further alleged as follows.

39.    Plaintiff justifiably and detrimentally relied on the false and negligent representations of Defendants, and each of them, by, among other things, delaying the filing of this lawsuit in anticipation of a reasonable mutual resolution of the outstanding obligations of the DEFENDANTS under the contracts.  During that delay, Defendants have taken various actions causing their assets to dissipate and for the purpose of hiding their assets.

40.    Starting in December of 2012 Defendant Napoli began a cooperative and conciliatory dialog with PLAINTIFF about accounting for the fees and percentage owed PLAINTIFF, and told PLAINTIFF in telephone conversations, "you [PLAINTIFF] have nothing but friends here," and that DEFENDANTS providing an accounting and paying referral fees rather than litigating over it is the way he preferred to handle it.  Over the course of many months until shortly before PLAINTIFF understood that Defendant Napoli suffered a personal health setback, Defendant Napoli emailed that DEFENDANTS would provide an accounting of the fees earned and percentages under the contracts.  Defendant Napoli generally wrote that he was "working on it," but had not completed it for various reasons, including personal hardship.  He sent such emails on, among other dates, July 5, 2013, July 25, 2013, August 22, 2013, September 26, 2013, November 15, 2013 and November 19, 2013.

41.     In truth, DEFENDANTS were unable to provide such an accounting. Defendant Napoli was in a broader dispute with Defendant Bern about accounting for fees owed on cases referred to DEFENDANTS in general and the amounts owed by DEFENDANTS on the DEFENDANTS' referred business.  DEFENDANTS were engaged in arbitration and litigation with numerous other referring law firms for unpaid attorney fees.

42.     Defendants Napoli and Bern ultimately sued each other in November 2014 over their disagreements on how to handle DEFENDANTS' accounting and accused each other under penalty of perjury of invading DEFENDANTS' funds for inappropriate personal use.  A receiver was appointed in their lawsuit for the limited purpose of handling the DEFENDANTS' accounting functions without Defendants Bern or Napoli gaining, as the each alleged against each other, improper access to the accounting and funds for improper personal purposes.  The law firms continue to conduct business, including on cases subject to the accounting sought in the instant lawsuit.

43.     Additionally, PLAINTIFF learned in November 2014 that millions of dollars in judgments were entered against DEFENDANTS for the percentage of attorney fees owed by DEFENDANTS to lawyers other than PLAINTIFF pursuant to separate contracts in cases other than those subject to the instant lawsuit that those lawyers referred and/or jointly advocacy with DEFENDANTS herein.

44.     Last week, the receiver asked for appointment of his own lawyer, alleging that Defendants Bern and Napoli do business as no less than eleven LLPs that have a combined one hundred bank accounts.

45.     Thus, as a direct and proximate result of the conduct of Defendants, and each of their negligent misrepresentations as alleged above, Plaintiff has sustained significant damages because, among other things, he is in a worse position than if they had filed suit before Defendants made their misrepresentations.

WHEREFORE, PLAINTIFF prays that judgment be entered as follows:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    A.    That Defendants be ordered to provide an accounting that reflects all fees
2    and costs received by them for:  (i) matters in which PLAINTIFF or the Law Office of
3    Marc I. Willick or any substantially similar name was counsel of record; (ii) asbestos
4    cases that PLAINTIFF brought to Defendants; and (iii) cases that came to Defendants
5    through PLAINTIFF's referral sources, as identified in Schedule C to the Second
6    Agreement.

7    B.    That PLAINTIFF be awarded his actual damages, according to proof;

8    C.    That PLAINTIFF be awarded prejudgment interest;

9    D.    That PLAINTIFF be awarded punitive damages in an amount sufficient to
10   serve as an appropriate punishment to Defendants, according to proof;

11   E.    That PLAINTIFF be awarded his costs of suit; and

12   F.    That PLAINTIFF be awarded such further relief as the Court deems just
13         and proper.

14   DATED:  February 2, 2018          Respectfully submitted,

15                                     MILLER BARONDESS, LLP
16
17
18                                     By: _____
19                                           JAMES GOLDMAN
20                                           Attorneys for Plaintiff MARC I.
                                             WILLICK
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# EXHIBIT 1

# NAPOLI BERN RIPKA
### Attorneys · At · Law

Marc J. Bern
Senior Partner
mbern@nbrlawfirm.com

March 7, 2011

VIA E-MAIL & FIRST CLASS MAIL
Marc I. Willick, Esq.
The Law Office of Marc I. Willick
2361 Rosecrans Ave., Suite 450
El Segundo, CA 90245

RE: Co-Counsel Agreement for California Asbestos Personal Injury Claims

Dear Mr. Willick:

This letter will confirm our mutual agreement related to our respective firms' representation of mesothelioma and lung cancer victims.

We agree that the Law Office of Marc I. Willick will act as local counsel for asbestos related claims that Napoli Bern Ripka & Associates LLP refers to you. We will be responsible for the costs associated with each client's case and reimburse you for your case related costs.

Any and all fees generated by these civil cases will be divided as follows: 10% to the Law Office of Marc I. Willick ("LOMIW") and 90% to Napoli Bern Ripka & Associates LLP. The underlying client contract authorizes an attorney's fee of 40% of the gross recovery in the lawsuit, unless specifically noted to the contrary. NBR will obtain its clients' signatures on a letter pursuant to Rule 2-200 of the California Rules of Professional Conduct consenting and agreeing to this association and fee division.

The Law Office of Marc I. Willick will be responsible for the following tasks:

a. Filing all pleadings and/or motions, where electroNic filing by Napoli Bern Ripka & Associates LLP is not possible

b. All court appearances excluding being a trial attorney at trial

c. Providing any practice forms and templates for the associated pleadings, motions, notices, etc., where appropriate (e.g. pro hac vice applications, oppositions to motions for summary judgment from cases other than those covered by this letter agreement).

d. Appear at depositions for direct examination of plaintiffs when available and assist in expert depositions when available. (This agreement does not obligate LOMIW to defend plaintiff product identification deposition cross examination which can go on for weeks, often out of state. It also presumes that counsel from NBR will be able to participate in depositions without the presence of LOMIW.)

NAPOLI BERN RIPKA & ASSOCIATES LLP

3500 Sunrise Highway, Suite T-207, Great River, NY 11739 | 1-888-LAW-IN-NY | www.nbrlawfirm.com

e.   Forwarding all correspondence and conformed copies of pleadings regarding each case to Napoli Bern Ripka & Associates LLP in a timely fashion

f.   Meet with local clients to the extent you are available

Napoli Bern Ripka & Associates LLP will be responsible for all other aspects of the litigation.

In the event that LOMIW is asked or required to do additional work or provide additional legal services beyond those provided for pursuant to this letter agreement (e.g. opposing motions for summary judgment or trying the underlying case), LOMIW shall have the right and obligation to bring that fact to NBR's attention.  LOMIW's right to re-negotiate the agreement and local counsel fee would then be triggered.

This agreement shall be terminable at will by either party.

We look forward to working with you.

Agreed:                                          Agreed:

_____                          _____
Mark I. Willick, Esq.                            Marc J. Bern, Esq.
The Law Office of Mark I. Willick                Napoli Bern Ripka & Associates, LLP

# EXHIBIT 2

## EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT ("Agreement") is entered into this _20th__ day of May, 2011 between **NAPOLI BERN RIPKA & ASSOCIATES, LLP.**, a New York Registered Limited Liability Partnership (the "Law Firm") and *Marc Willick* (the "Attorney").

### ARTICLE ONE:    PRELIMINARY STATEMENTS

1.1  The Law Firm is a New York Registered Limited Liability Partnership currently engaged in the practice of law at 3500 Sunrise Highway Suite T207, Great River, NY Suffolk County, in the State of New York.

1.2  Attorney is an attorney licensed to practice law in the State of California.

1.3  The Law Firm and Attorney (the "parties") desire to enter and/or continue an employment agreement under the terms and conditions set forth herein.

### ARTICLE TWO: GENERAL AGREEMENT

The Law Firm and Attorney hereby agree to commence and/or continue Attorney's employment with the Law Firm as provided in this agreement.

2.1  **Term**. .    The term of this agreement shall begin on June 1, 2011, and shall continue until terminated as provided in Article Three.  Attorney's primary place of employment will be in Los Angeles, CA, although it is understood that he will travel from time to time as required in the course of his employment.  Marc Willick will be known as a Non-equity California "Partner" to the Law Firm.

2.2  **Responsibilities**. Attorney, subject to the direction and control of the Law Firm shall devote his full time, attention and energies to the business and affairs of the Law Firm. The Attorney shall perform to the best of his abilities such duties and responsibilities as may from time to time be specified by the Law Firm and will promptly comply with all applicable rules, regulations and orders that may from time to time be issued.  Attorney shall perform his responsibilities with the Law Firm in a professional and competent manner. Attorney shall maintain a fully effective license to practice law in the jurisdiction(s) in which he is practicing as of the date of this Agreement.

2.3  **Compensation**.   As his entire compensation for all services rendered to the Law Firm as an employee during the term of this Agreement, the Law Firm shall pay Attorney a non refundable draw of Fifteen Thousand Dollars ($15,000.00) Dollars per month during his employment hereunder to be paid by the Law Firm not less frequently than semi-monthly in accordance with the regular procedures from time to time adopted by the Law Firm.  The draw will be repaid as cases settle from the monies due to the Attorney under the "Bonus" provision of this agreement Section 2.6, herein.  Notwithstanding any other provision of this Agreement, Attorney shall not have to repay any portion of the draw if the Bonus amounts to which Attorney

W-06799

is entitled under this Agreement are less than the draw. Attorney shall be entitled to any Bonus amounts pursuant to this Agreement which exceed the compensation provided in this section 2.3.

In addition to the draw above, the Law Firm shall be responsible for the office overhead for the Los Angeles office, including rent, telephone, malpractice insurance, and other Law Firm approved office expenses. The Law Firm will also provide an associate and secretary/paralegal for the LA office. The Law Firm will pay all necessary disbursements and expenses on all cases the LA office handles. Attorney shall be responsible for managing the Law Firm's Los Angeles, California office and shall be responsible for supervising all attorneys and staff in said office.

2.4  **Cases brought to the firm by Attorney**. Any and all cases brought into the Law Firm by the Attorney during the attorney's term of employment herein, including all cases referred to said attorney personally, are deemed to be "Attorney Cases" for the purposes of this agreement as defined by Section 3.3 of this Agreement. At the time the Attorney brings in a personal referral case to the Law Firm, he must notify a Partner ("Paul J. Napoli, or Marc Jay Bern") immediately in writing and obtain a Partner's signature verifying acceptance of the case. It is then the responsibility of the Attorney to place a copy of the letter in the file. Attorney will not have the right to be assigned to the case or to perform work on any Attorney case without the express written permission of a Partner of the Law Firm. **Attorney must have a letter which is acknowledged by a Senior Partner indicating in detail the case referral, to wit, relationship between attorney and client; whether this is a referring attorney - if so, the relationship between referring attorney and staff attorney; date retained. Attached is a list of cases the Attorney is bringing to the firm which are from Attorney's personal referral sources and are not from Law Firm advertising or referral sources. See Schedule "C". A case originated from Law Firm advertising or referral sources is not a case brought to the firm by the Attorney. See Schedule C which also lists Attorney's advertising or referral sources which are not Law Firm advertising or referral sources.**

(i) Referral of Individual Cases:

(a) Medical Malpractice Cases: The referring fee to the Attorney, whether with or without any other attorneys shall be based on the medical malpractice contingent fee sliding scale retainer, e.g. the Attorney shall be entitled to 30% of 30% of the net attorneys fees on the first $250,000.00 of settlement, 25% of 25% of the next $250,000.00 and so on; or whatever fee agreement is applicable to the respective State, e.g. California, where the case is venued. In no event shall the Law Firm pay more than the sliding scale percentage whether there is one or more referring attorneys (subject to Schedule A.)

(b) On General liability (e.g. trip and fall, automobile, etc.) cases the Attorney shall be entitled to thirty-three and one-third (33 1/3%) of the net attorneys' fees received by the Firm if there is no other referring attorney. If there is a referring attorney, the referral fee to the Attorney and any other attorney/attorneys shall not exceed thirty-three and one-third (33 1/3%) percent of the net attorneys fees received by the Law

W-06800

Firm.  In no event shall the Law Firm receive less than sixty-six and two-thirds (66 2/3%) percent of the net attorneys' fees (subject to Schedule A.)

(c)  On Asbestos Cases brought to the Law Firm by the Attorney, the Attorney shall be entitled to fifty percent (50%) of the net attorneys' fees received by the Firm if there is no other referring attorney.  If there is a referring attorney, the Law Firm receives no less than fifty percent (50%) percent of the net attorneys' fees.

(ii) <u>Referral Attorneys and/or Referral Sources</u>: Each party agrees that the referral sources existing at the time of this arrangement are their own and shall be maintained as their own by the respective parties in the event the parties decide to terminate this agreement for any reason.  The parties agree to the extent there is any breach of this section of the agreement damages shall be measured in accordance with Section 3.5, herein.

2.5  **Vacations/fringe Benefits/ Policies**.    Attorney shall have the right to receive or participate in any "fringe benefits" subject to the prerequisites which from time to time may be made generally available to the Law Firm's employees.  Attorney shall also be entitled to the benefit of and shall comply with all written Law Firm policies and procedures generally applicable to employees of the Law Firm at the same or comparable level as Attorney in the Law Firm as such policies and procedures may from time to time exist.  Attorney shall be entitled to vacation in such amounts as set forth in the Personnel Handbook of the Law Firm.

2.6    **Bonuses**. Attorney shall have the right to receive or participate in a "bonus" on any case that he is "assigned". "Assigned" shall mean any case which Attorney is given by Marc Bern or Paul Napoli, for purposes of handling out of the LA office, settling and/or obtaining a verdict. The bonus shall be a percent of the Law Firm's net attorneys' fees received on the assigned case, in accordance with attached Schedule "A", to be paid at the first pay period after all draft(s) are received and cleared at Law Firm's bank (which is to be determined by any Senior Partner) and after all Law Firm policies regarding such case are complied with to any Senior Partner's satisfaction. Any assigned case may be unassigned and/or reassigned by any Senior Partner of Law Firm at any time. This paragraph is not to be construed as an obligation of Law Firm to render any "bonus". This paragraph will not survive termination of Attorney and is not to be construed as additional compensation upon termination (Subject to Schedule B.) This provision shall not diminish any rights to payments or benefits attorney possesses pursuant to sections 2.4, 2.5, 3.3, 3.4, 3.5, and Schedules A or B of this Agreement.

## ARTICLE THREE: <u>TERMINATION</u>

3.1    This Agreement and all rights and obligations of the parties hereunder (except as set forth in Sections 3.2, 3.3, 3.4, 3.5, and 4.1, which shall survive any termination of this Agreement) shall terminate immediately upon the occurrence of any of the following events:

(a)    Upon the death of Attorney.

W-06801

       (b)    Mental incompetence continuing for a period of two months or more, as determined by written consent of his legal representative, independent medical examination (which Attorney agrees to submit to whenever reasonably requested by the Law Firm); or by judicial determination.

       (c)    Subject upon the "permanent disability" excluding pregnancy of Attorney. As used herein, the term "permanent disability" shall mean physical or mental disability due to illness, accident or otherwise, which results in Attorney's absence from work for sixty (60) or more working days within a twelve (12) month period.

       (d)    Upon immediate notice from the Law Firm for "good cause".  As used herein the term "good cause" shall mean

            (i)    the termination or suspension of Attorney's right to practice law in the State of California, or any other jurisdiction the attorney may be licensed in; or

            (ii)    good cause, defined as any willful breach of duty by the employee in the course of his employment, or in case of his habitual neglect of his duty or continued  incapacity to perform it; or

            (iii)    if Attorney at any time, except during the time provided in Sections 3.1(e) and (f) of this Agreement, accepts employment as a lawyer, employee, consultant or in any other capacity with a law firm, personal injury related business, or any other person, firm or corporation: or (iv) any breach by Attorney of this Agreement or any provision hereof, such breach not having been cured within fifteen (15) days after notice specifying such breach shall have been delivered to Attorney.

       (e)    Upon two (2) weeks' or more prior written notice by attorney to the Law Firm at anytime for any reason or no reason whatsoever.

       (f)    Upon two (2) weeks' or more prior written notice by the Law Firm to Attorney at any time for any reason or for no reason whatsoever, or upon the payment by the Law Firm to Attorney of two weeks severance pay at any time for any reason or no reason whatsoever.

       (g)    Upon the termination of the business operations.

    3.2    If this Agreement is terminated for any reason the parties agree that, except as permitted by Section 3.3:

       (a)    Attorney will not remove any existing case files from the premises without the prior written consent of the Law Firm.  Violation by the Attorney of this provision shall

constitute a theft warranting criminal prosecution and disciplinary action by the State Bar of New York.

       (b)    Attorney will not encourage any clients of the Law Firm to transfer their files from the Law Firm to Attorney or anyone else.

       (c)    The Law Firm is hereby designated and appointed the party to notify clients that the Attorney has left the employment of the Law Firm. Such notice shall contain the information required by the Rules of Professional Conduct of the State Bar of New York. Attorney shall not personally, or through another party, notify the aforesaid clients of the termination of his relationship with the Law Firm. Law Firm shall provide copies of any such notice to Attorney.

    3.3    Notwithstanding anything to the contrary contained in this agreement, the parties agree that upon the termination of this agreement for any reason whatsoever, Attorney may become the attorney of record on and be responsible for any personal injury cases that were referrals to him/her personally. Referrals are considered to be those cases referred directly to Attorney, due to Attorney's personal or business contacts that either verifiably pre-exist Attorney's employment with the Law Firm, or that Attorney verifiably developed independently of his employment with the Law Firm and his efforts associated with his employment. For example, referrals within the meaning of this Agreement should not, however, include referrals resulting from contact with the Law Firm clients, or business associates of clients, even though the referrals arise as a result of the quality of Attorney's efforts for the Law Firm. All cases which become the responsibility of Attorney after termination in accordance with this paragraph only shall be known as "Attorney Cases".

    3.4    Should Attorney, his successor employer, his heirs, assignor or designees become attorney of record on any Attorney Cases following termination of this Agreement, the parties herein, agree to waive their respective claims on a quantum meruit basis and bind themselves to the division of legal fees in accordance with the following schedule:

       (a)    Attorney will advance any costs incurred after Attorneys termination.

       (b)    Attorney will reimburse Law Firm at the time that he, his successor employer, his heirs, assigns or designees becomes attorney of record for all costs previously advanced by Law Firm on behalf of each case.

       (c)    The Law firm shall receive fifty percent (50%) of the net legal fees on any case, irrespective of whether an action was or was not commenced at the time of the Attorney's termination. That the Attorney, his successor employer, his heirs, assignor or designees will notify the Law Firm within seven (7) days of the settlement, verdict or otherwise of any case which Attorney becomes the attorney of record. That the Attorney will notify the Law Firm the insurance carrier(s) and counsel for defendants upon settlement, verdict or otherwise that any drafts shall include Law Firm as a Payee.

(d)    Attorney will be limited to Thirty Three and One Third Percent (33 1/3%) of the net legal fees on any Attorney Case for which the Attorney does not assume representation following termination of his employment with the Law Firm.

3.5    The parties acknowledge and agree that, with respect to cases for which responsibility is assumed by Attorney after termination other than "Attorney Cases" as defined in paragraph 3.3, it would be extremely difficult and impracticable if not impossible to determine the fair compensation payable to the Law Firm and to Attorney or such other law firm that Attorney may become associated with, for the reasonable value of the services performed by the Law Firm prior to the attorney's termination as compared with the reasonable value of the services rendered by Attorney or any such other law firm subsequent to the Attorney's termination. Accordingly, the parties agree that the law Firm shall receive the fees from all of such cases to secure such fees and costs advanced, and that, for the purposes of this Section 3.5, Attorney shall be entitled to receive Five (5%) of the Net Fees generated by all the cases, other than "Attorney Cases" as defined in paragraph 3.3, for which Attorney assumes responsibility after termination, subject to the following adjustments:

(a)    Attorney shall be entitled to receive an additional percentage of the Net Fees actually received from each case for overhead and additional legal services in accordance with the following schedule:

(i)    Five percent (5%) of the Net Fees with respect to any such case that is settled after completion of the opening statement at trial by the plaintiff's attorney provided that such opening statement takes place thirty (30) or more days subsequent to Attorney's termination; provided further, that payment to Attorney under this provision shall preclude payment to Attorney under any of the following provisions for that case.

(ii)    Four percent (4%) of the Net Fees respect to any such case that is settled and for which the net fee is received 181 or more days subsequent to attorney's termination.

(iii)    Three percent (3%) of the Net Fees respect to any such case that is settled and for which the net fee is received 121 to 181 days subsequent to attorney's termination.

(iv)    Two percent (2%) of the Net Fees respect to any such case that is settled and for which the net fee is received 61 to 120 days subsequent to attorney's termination.

(v)    One percent (1%) of the Net Fees respect to any such case that is settled and for which the net fee is received 60 days subsequent to attorney's termination.

"Settled" shall also include resolution by judgment or otherwise.

Other than the compensation that Attorney is entitled to as amounts under Sections 2.3, 2.4, 2.5, 3.3, 3.4, 3.5, and Schedules A and B Attorney shall have no right to receive any other compensation from the Law Firm after the effective date of the termination of this Agreement, even though the Law Firm may, after the termination date, receive fees on cases that Attorney worked on during his employment.

However, in the event that Attorney continues to represent clients of the Law Firm after Attorney's termination date, Attorney shall be entitled to no portion of the fees generated by those cases in the event the Attorney has failed to comply with the provision of this Article three (including paragraphs 3.1 through 3.5, inclusive), shall be reasonable penalty imposed for such violation of the provisions of this paragraph.

## ARTICLE FOUR:   GENERAL PROVISIONS

     4.1   **Confidential information and trade secrets**.  During the term of this Agreement and thereafter, Attorney and Law Firm agree that each will treat as confidential and secret all information, trade secrets and other proprietary information and data made available to him/her during the course of Attorney's employment hereunder and that he/she will not directly or indirectly, make known or divulge any such information or data or the names or addresses of any of the clients of the Law Firm or Attorney, and that he/she will not, subject to the terms of Article Three of this Agreement, directly or indirectly, either for himself/herself or for any other person, firm or company, call upon, solicit, divert or take away, any of the customers, business, patrons, clientele or employees of the Law Firm or Attorney. Attorney recognizes and acknowledges that all files, records, documents, forms and manuals as may exist from time to time are valuable, special and unique assets of the Law Firm business.  Attorney will not during or after the term of his employment, disclose and/or use such assets or take any part thereof.  In the event of a breach or threatened breach by Attorney of the provisions of this section, the Law Firm shall be entitled to an injunction restraining Attorney from disclosing and/or using, in whole or in part, such assets of the law firm.

     4.2.   **Exclusivity**.   Attorney shall only perform services for the Law Firm and agrees that during the term of this Agreement, will not directly or indirectly render any services of a business, commercial or professional nature to any other person or organization, whether for compensation or otherwise, without the prior written consent of the Law Firm.   This does not apply to Attorney's limited work as a recurrent ocean lifeguard for Los Angeles County or as a swim coach which occasional work is in the nature of a hobby and does not interfere with Attorney's lawyer duties.

     4.3   **Malpractice Representation and Insurance Provisions**. The Law Firm agrees that Attorney shall be covered as an employee of the Law Firm under the Law Firm's malpractice liability insurance policies while in the course and scope of their employment with *NAPOLI BERN RIPKA & ASSOCIATES, LLP*.  Said coverage includes both defense costs and claims liability. Attorney agrees to provide the firm with a letter of representation indicating that he knows of no pending or potential malpractice claims.  Said letter shall become a part of this agreement as Exhibit C.

4.4 **Relationship Between the Parties**.  The relationship between the parties to this agreement is that of an employer and employee.

4.5 **Headings**. Headings in this Agreement are provided for organizational purposes only and shall not control interpretation of this Agreement.

4.6 **Governing Law**.  This Agreement is drawn to be effective in and shall be construed in accordance with the Laws of the State of New York.

4.7 **Entire Agreement**.  This Agreement sets forth the entire understanding between the parties with respect to the subject matter hereof and no amendment nor variation of the terms of this agreement shall be valid unless made in writing and signed by Attorney and a duly authorized representative of the Law Firm.

4.8 **Severability**.  If any provision of this Agreement is declared invalid by any tribunal, the remaining provisions of the Agreement shall not be effected thereby.

4.9 **Non-waiver**.  No waiver of any right or obligation under this Agreement shall act as a continuing waiver of that right or obligation unless agreed in writing between the parties thereto.

5.0 **Notices**.  All notices permitted or required pursuant to this Agreement shall be personally delivered or mailed certified or registered mail, return receipt requested, as follows:

(I)     to the Law Firm at the actual place of business; and

(II)    to Attorney at his last known residence.

5.1 **Arbitration**.  Any and all disputes arising from or under this Agreement or breach thereof including termination and/or discrimination, shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect. Judgment upon the award rendered may be entered in any Court having jurisdiction thereof.  Both parties waive any and all rights to bring a case in Court and waive any and all right to a jury trial.  The attorney has no right to assign any rights, title or interest to arbitrate this agreement to any other person, corporation or other party. Any and all arbitration benefits herein are limited to the attorney and law firm.

5.2 **Indemnification**.     Attorney agrees to fully indemnify and hold harmless Law Firm for any liabilities, debts, expenses, loans, disbursements, bills and/or costs of any prior law firm Attorney may have been associated with.  Indemnification shall include the payment of reasonable attorney fees in defending any action which may be brought against the Law Firm and/or any Partners. Attorney shall apply for and Law Firm shall reimburse the premium for tail insurance on Attorney's existing malpractice and office policies and indemnification for malpractice or liability coverage shall be limited to the limits of that insurance and not be borne personally by Attorney.

W-06806

In Witness Whereof, the parties have executed this Agreement this _20th_ day of May, 2011.

By:
*NAPOLI BERN RIPKA & ASSOCIATES, LLP*
"Law Firm"

Marc Willick
"Attorney"

## SCHEDULE "A"

This schedule applies to all "Attorney Cases" a/k/a "Referred Cases" retained after June 1, 2011:

1. Personal Injury Files (including auto, premises, city, mass tort, and product liability)

a)   On cases which settles and/or is resolved by suit settlement or otherwise for $1.00 to $74,999.99 the attorney shall receive ten (10%) percent of the net attorneys' fees received by NBRAA;

b)   On cases which settle and/or resolve by suit settlement or otherwise for $75,000.00 plus the attorney shall receive one-third (33.3%) percent of the net attorneys' fees received by NBRA.

2. Medical Malpractice Files

a)   On cases which settles and/or is resolved by suit settlement or otherwise for $1.00 to $100,000.00 the attorney shall receive ten (10%) percent of the net attorneys' fees received by NBRAA;

b)   On cases which settles and/or is resolved by suit settlement or otherwise for $100,000.00 plus the attorney shall receive a fee in the same percent of the same sliding scale that NBRAA receives a fee of the net attorneys' fees received by NBRAA (i.e. a sliding scale of our sliding scale);

3. Referrals and/or substitutions of other lawyers to the Law Firm originated by Attorney (subject to Partners discretion):
   15% of the net attorneys fees to NBRA.

4. Asbestos Cases; As to an Attorney Case which may also be an assigned case, Attorney will be entitled to Fifty percent (50%) of the net attorneys' fees to the Law Firm NBRA as described above.

In Witness Whereof, the parties have executed this Schedule to the Agreement this day 20th of May, 2011.

------------------------------------
By: Paul J. Napoli
NAPOLI BERN RIPKA & ASSOC, LLP
"Law Firm"

------------------------------------
By: Marc Willick
"Attorney"

## SCHEDULE "B"

This schedule applies to all **Non-Asbestos** "Assigned Cases" settled and/or resolved after May 31, 2011 which are not Attorney Cases:

    a)    On cases which settles and/or is resolved by suit settlement or otherwise for $1.00 to $74,999.99 the Attorney shall received zero (0%) percent of the net attorney's fees received by the Firm;

    b)    On cases which settles and/or is resolved by suit settlement or otherwise for $75,000.00 to $249,999.99 the Attorney shall received three and one-half (3.5%) percent of the net attorneys' fees received by the Firm;

    c)    On cases which settles and/or is resolved by suit settlement or otherwise over $250,000.00 the Attorney shall receive five (5%) percent of the net attorney's fees received by the Firm;

    d)    On cases which there is a verdict and recovery of $500,000.00 + the Attorney shall receive seven and one-half (7.5%) percent of the net attorneys' fees received by the Firm.

As for all **Asbestos** "Assigned Cases" settled and/or resolved after May 31, 2011 that are not Attorney Cases:  On cases which settles and/or is resolved by suit settlement or otherwise for $1.00 or more the Attorney shall received ten (10%) percent of the net attorney's fees received by the Firm, subject to the draw provision above:

In witness whereof, the parties have executed this Schedule "B" to the Agreement this  20th day of May, 2011.

By: _____

Napoli Bern Ripka & Associates, LLP.
"Law Firm"

_____

Marc Willick
Attorney

# EXHIBIT 2

| Page | Lines | Nature | Change |
|------|-------|--------|--------|
| 3 | 1-13 | Addition | **JURISDICTION**<br>1.      This case was originally filed in the Superior Court of the State of California for the County of Los Angeles.  Defendants Paul Napoli, Marc Bern, Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka Shkolnik, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; and Napoli Kaiser Bern, LLP removed this case to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.<br><br>2.      This Court has jurisdiction over this action under the diversity of citizenship statute, 28 U.S.C. § 1332(a).  This action is between citizens of different states for an amount that exceeds the sum value of $75,000, exclusive of interest and costs.<br><br>**ALLEGATIONS OF FACT**<br>Plaintiff Marc I. Willick ("PLAINTIFF") alleges: |
| 4 | 4-9 | Addition | Napoli Bern, LLP; Napoli, Kaiser, Bern & Associates, LLP; Napoli, Bern & Associates, LLP; Law Offices of Napoli Bern, LLP; Law Offices of Napoli Bern Ripka & Associates LLP; Law Offices of Napoli Bern Ripka Shkolnik LLP; Law Offices of Napoli Bern Ripka Shkolnik & Associates, LLP; Pasternack Tilker Napoli Bern LLP; Napoli & Bern, LLP; Napoli Bern Krentsel & Guzman, LLP; Worby, Groner, Edelman & Napoli, Bern, LLP |
| 4 | 12-21 | Addition | 6.      Defendants Napoli Shkolnik PLLC; Napoli Law PLLC; Paul Napoli Law PLLC; Napoli Kaiser & Associates, LLP, and Paul Napoli PLLC (collectively, the "Napoli Entities") are purportedly limited liability partnerships and companies, but, in reality, are names used by Napoli to conduct his personal business.<br><br>7.      Defendants Bern Ripka LLP; Marc J. Bern & Partners LLP; Marc J Bern, PLLC (collectively, the "Bern Entities") are purportedly limited liability partnerships and companies, but in reality, are names |

| | | | used by Bern to conduct his personal business. |
|---|---|---|---|
| | | | 8.      All of the Napoli Bern Entities, except Napoli Bern Ripka & Associates, LLP, and all of the Napoli Entities and Bern Entities are successors in interest to Napoli Bern Ripka & Associates, LLP. |
| 4 | 23 | Addition | LLP |
| 4 | 24 | Addition | Napoli Bern Entities |
| 4 | 24 | Addition | or Bern Entities |
| 4 | 26 | Addition | and company |
| 5 | 2-5 | Addition | Similarly, the Napoli Entities are "alter egos" of Napoli and the Bern Entities are "alter egos" of Bern, and it would be inequitable not to treat, for the purposes of this case, the actions of the Bern Entities as the actions of Bern and the actions of the Napoli Entities as the actions of Napoli. |
| 5 | 6 | Addition | the |
| 5 | 7 | Addition | Napoli Entities, and the Bern Entities |
| 5 | 11-14 | Addition | c.      there is a unity of interest, ownership and operation between the Napoli Entities and Napoli;<br><br>d.      there is a unity of interest, ownership and operation between the Bern Entities and Bern; |
| 5 | 17-20 | Addition | f.      Napoli has caused the Napoli Entities not to observe the appropriate entity formalities;<br><br>g.      Bern has cause the Bern Entities not to observe the appropriate entity formalities; |
| 5 | 21 | Addition | Bern |
| 5 | 28 | Addition | i.      Napoli has used assets of each of the Napoli Entities for his personal |
| 6 | 1-13 | Addition | use and caused assets of each of them to be transferred to them or to entities under his control without adequate consideration, withdrew funds from the bank accounts of them for his own and unrelated use of other entities or persons under his domination and control, and caused the business and monies that should have been accounted pursuant to the contracts herein to be co-mingled and transferred by and |

| | | | between the bank accounts of the respective business entities;<br><br>j.    Bern has used assets of each of the Bern Entities for his personal use and caused assets of each of them to be transferred to them or to entities under his control without adequate consideration, withdrew funds from the bank accounts of them for his own and unrelated use of other entities or persons under his domination and control, and caused the business and monies that should have been accounted pursuant to the contracts herein to be co-mingled and transferred by and between the bank accounts of the respective business entities; |
|---|---|---|---|
| 6 | 17 | Addition | LLP |
| 6 | 17 | Addition | Bern |
| 6 | 19-26 | Addition | l.    Defendant Napoli exercised such complete control and dominance of the business assets of the Napoli Entities and used and mingled the assets and monies of them such that an individuality or separateness of the Napoli Entities and Napoli does not, and at all times herein mentioned did not, exist.<br><br>m.    Defendant Bern exercised such complete control and dominance of the business assets of the Bern Entities and used and mingled the assets and monies of them such that an individuality or separateness of the Bern Entities and Bern does not, and at all times herein mentioned did not, exist. |
| 6 | 28 | Addition | Bern |
| 6 | 28 | Change | "Entitities" to "Entities" |
| 7 | 5-16 | Addition | o.    The activities and business of the Napoli Entities was carried out without maintaining adequate records, accounting or minutes of any corporate proceedings, and defendants entered into personal transactions and transactions on behalf of other entities contracted by them, on their own behalf, without the approval or knowledge of other partners, joint venturers, and/or clients whose lawsuit proceeds should have been held in trust. |

370061.1

|   |    |        | p.      The activities and business of the Bern Entities was carried out without maintaining adequate records, accounting or minutes of any corporate proceedings, and defendants entered into personal transactions and transactions on behalf of other entities contracted by them, on their own behalf, without the approval or knowledge of other partners, joint venturers, and/or clients whose lawsuit proceeds should have been held in trust. |
|---|----|--------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 8 | 16 | Change | "9" to "14" |
| 8 | 24 | Change | "11" to "16" |
| 11 | 5 | Change | "20" to "25" |
| 12 | 21 | Change | "27" to "32" |
| 13 | 4 | Change | "30" to "35" |
| 13 | 24 | Change | "DEFEDANTS" to "DEFENDANTS" |
| 14 | 24 | Change | "defendants" to "Defendants" |
| 14 | 25 | Change | "plaintiff" to "Plaintiff" |

370061.1