1  FRASER WATSON & CROUTCH, LLP
   Todd E. Croutch, State Bar No. 143933
2    *tcroutch@fwcllp.com*
   100 West Broadway, Suite 650
3  Glendale, California 91210-1201
   Telephone: (818) 543-1380
4  Facsimile: (818) 543-1389

5  Attorneys for Defendant, PAUL J. NAPOLI

6

7              **UNITED STATES DISTRICT COURT**

8     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9

10 | MARC I. WILLICK, an individual,          | Case No.  2:15-cv-006520AB-E

11 |              Plaintiff,

12 |       vs.                               | **DEFENDANT PAUL J. NAPOLI'S**
                                              **ANSWER TO FIRST AMENDED**
                                              **COMPLAINT**
13 | NAPOLI    BERN    RIPKA    &
   ASSOCIATES, LLP, a purported limited
14 | liability partnership; NAPOLI BERN      | District Judge: Hon. Andre Birotte, Jr.
   RIPKA SHKOLNIK & ASSOCIATES,             | Magistrate Judge: Hon. Charles F.
15 | LLP, a purported limited liability      |                   Eick
   partnership; NAPOLI BERN RIPKA
16 | SHKOLNIK, LLP, a purported limited
   liability partnership; NAPOLI BERN       | Action filed: 12/12/14 (Los Angeles
17 | RIPKA, LLP, a purported limited liability|              County Superior Court
   partnership; NAPOLI KAISER BERN,         | Trial Date:   None set
18 | LLP, a purported limited liability
   partnership; MARC J. BERN, an
19 | individual; PAUL J. NAPOLI, an
   individual; and DOES 1 through 50,
20
   |              Defendants.
21

22

23        COME NOW Answering Defendant PAUL J. NAPOLI ("Answering

24 Defendant"), and for themselves only, and answer Plaintiff MARC I. WILLICK's

25 ("Plaintiff") First Amended Complaint as follows:

26                          **ANSWER**

27        1.    Answering paragraph 1 of the First Amended Complaint, Answering

28 Defendant admits that the action originally filed in the Superior Court of the State of

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

California was removed to the federal court.

2.      Answering paragraph 2 of the First Amended Complaint, Answering Defendant admits that this Court has subject-matter jurisdiction over this action. Defendant denies that this Court has personal jurisdiction over this Answering Defendant.  However, the arbitration provision of the agreements entered into between Plaintiff and Napoli Born Ripka & Associates, under the American Arbitration Association rules, requires arbitration of claims.  Except as expressly admitted, Answering Defendant denies each and every allegation contained therein.

3.      Answering paragraph 3 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

4.      Answering paragraph 4 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

5.      Answering paragraph 5 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

6.      Answering paragraph 6 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

7.      Answering paragraph 7 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

8.      Answering paragraph 8 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

9.      Answering paragraph 9 (and subparagraphs a thorough p) of the First Amended Complaint, the allegations contained therein are legal conclusions or

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

1  recitations of the law as alleged by Plaintiff, and as such, they do not require a
2  response.  To the extent that a response may be required, Answering Defendant
3  denies each and every allegation contained therein.

4      10.    Answering paragraph 10 of the First Amended Complaint, Answering
5  Defendant lacks information or belief sufficient to either admit or deny the
6  allegations and, on that basis, deny each and every allegation contained therein.

7      11.    Answering paragraph 11 of the First Amended Complaint, the
8  allegations contained therein are legal conclusions or recitations of the law as
9  alleged by Plaintiff, and as such, they do not require a response.  To the extent that a
10  response may be required, Answering Defendant denies each and every allegation
11  contained therein.

12      12.    Answering paragraph 12 of the First Amended Complaint, Answering
13  Defendant admits that on or about March 7, 2011, Defendant Napoli Bern Ripka &
14  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 1"), a
15  copy of which is attached as Exhibit 1 to Plaintiff's First Amended Complaint.
16  Answering Defendants allege that Agreement 1 is the best evidence of what it states.
17  Except as expressly admitted and with regard to any and all remaining allegations in
18  Paragraph 12, Answering Defendant denies each and every allegation contained
19  therein.

20      13.    Answering paragraph 13 of the First Amended Complaint, Answering
21  Defendant admits that on or about May 20, 2011, Defendant Napoli Bern Ripka &
22  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 2"), a
23  copy of which (with the exception of Exhibit C to Second Agreement 2) is attached
24  as Exhibit 2 to Plaintiff's First Amended Complaint.  Answering Defendant alleges
25  that Agreement 2 is the best evidence of what it states.  Except as expressly admitted
26  and with regard to any and all remaining allegations in Paragraph 13, Answering
27  Defendant denies each and every allegation contained therein.

28      14.    Answering paragraph 14 of the First Amended Complaint, Answering

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

1 Defendant admits the allegations contained therein.

2     15.   Answering paragraph 15 of the First Amended Complaint, Answering
3 Defendant re-alleges and incorporate by reference paragraphs 1 through 15 of this
4 Answer as set forth above as if fully set forth hereat.

5     16.   Answering paragraph 16 of the First Amended Complaint, the
6 allegations contained therein are legal conclusions or recitations of the law as
7 alleged by Plaintiff, and as such, they do not require a response. To the extent that a
8 response may be required, Answering Defendant denies each and every allegation
9 contained therein.

10     17.   Answering paragraph 17 of the First Amended Complaint, Answering
11 Defendant re-alleges and incorporate by reference paragraphs 1 through 16 of this
12 Answer as set forth above as if fully set forth hereat.

13     18.   Answering paragraph 18 of the First Amended Complaint, Answering
14 Defendant denies each and every allegation contained therein. Further, paragraph
15 18 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as
16 such, they do not require a response. To the extent that a response may be required,
17 Answering Defendant lacks information or belief sufficient to either admit or deny
18 the allegations and, on that basis, deny each and every allegation contained therein.

19     19.   Answering paragraph 19 of the First Amended Complaint, Answering
20 Defendant alleges that Agreement 2 is the best evidence of what it states. Further,
21 paragraph 19 contains legal conclusions or recitations of the law as alleged by
22 Plaintiff, and as such, they do not require a response. To the extent that a response
23 may be required, except as expressly admitted, Answering Defendant lacks
24 information or belief sufficient to either admit or deny the allegations and, on that
25 basis, deny each and every allegation contained therein.

26     20.   Answering paragraph 20 of the First Amended Complaint, Answering
27 Defendants allege that Agreement 2 is the best evidence of what it states. Further,
28 paragraph 20 contains legal conclusions or recitations of the law as alleged by

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

-4

1  Plaintiff, and as such, they do not require a response. To the extent that a response
2  may be required, except as expressly admitted, Answering Defendant lacks
3  information or belief sufficient to either admit or deny the allegations and, on that
4  basis, deny each and every allegation contained therein.

5      21.    Answering paragraph 21 of the First Amended Complaint, Answering
6  Defendant alleges that Agreement 2 is the best evidence of what it states. Further,
7  paragraph 21 contains legal conclusions or recitations of the law as alleged by
8  Plaintiff, and as such, they do not require a response. To the extent that a response
9  may be required, except as expressly admitted, Answering Defendant lacks
10 information or belief sufficient to either admit or deny the allegations and, on that
11 basis, deny each and every allegation contained therein.

12     22.    Answering paragraph 22 of the First Amended Complaint, Answering
13 Defendant alleges that Agreement 2 is the best evidence of what it states. Further,
14 paragraph 22 contains legal conclusions or recitations of the law as alleged by
15 Plaintiff, and as such, they do not require a response. To the extent that a response
16 may be required, except as expressly admitted, Answering Defendant lacks
17 information or belief sufficient to either admit or deny the allegations and, on that
18 basis, deny each and every allegation contained therein.

19     23.    Answering paragraph 23 of the First Amended Complaint, the
20 allegations contained therein are legal conclusions or recitations of the law as
21 alleged by Plaintiff, and as such, they do not require a response. To the extent that a
22 response may be required, Answering Defendant lacks information or belief
23 sufficient to either admit or deny the allegations and, on that basis, deny each and
24 every allegation contained therein.

25     24.    Answering paragraph 24 of the First Amended Complaint, the
26 allegations contained therein are legal conclusions or recitations of the law as
27 alleged by Plaintiff, and as such, they do not require a response. To the extent that a
28 response may be required, Answering Defendant denies each and every allegation

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

1   contained therein.

2        25.    Answering paragraph 25 of the First Amended Complaint, the

3   allegations contained therein are legal conclusions or recitations of the law as

4   alleged by Plaintiff, and as such, they do not require a response.  Answering

5   Defendant lacks information or belief sufficient to either admit or deny the

6   allegations and, on that basis, deny each and every allegation contained therein.

7        26.    Answering paragraph 26 of the First Amended Complaint, Answering

8   Defendant re-alleges and incorporate by reference paragraphs 1 through 25 of this

9   Answer as set forth above.

10        27.    Answering paragraph 27 of the First Amended Complaint, the

11   allegations contained therein are legal conclusions or recitations of the law as

12   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a

13   response may be required, Answering Defendant denies each and every allegation

14   contained therein.

15        28.    Answering paragraph 28 of the First Amended Complaint, the

16   allegations contained therein are legal conclusions or recitations of the law as

17   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a

18   response may be required, Answering Defendant denies each and every allegation

19   contained therein.

20        29.    Answering paragraph 29 of the First Amended Complaint, Answering

21   Defendant denies each and every allegation contained therein.

22        30.    Answering paragraph 30 of the First Amended Complaint, the

23   allegations contained therein are legal conclusions or recitations of the law as

24   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a

25   response may be required, Answering Defendant denies each and every allegation

26   contained therein.

27        31.    Answering paragraph 31 of the First Amended Complaint, Answering

28   Defendant denies each and every allegation contained therein.

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

DEFENDANT PAUL J. NAPOLI'S ANSWER TO FIRST AMENDED COMPLAINT

1        32.    Answering paragraph 32 of the First Amended Complaint, Answering
2    Defendant denies each and every allegation contained therein.

3        33.    Answering paragraph 33 of the First Amended Complaint, Answering
4    Defendant re-alleges and incorporate by reference paragraphs 1 through 32 of this
5    Answer as set forth above.

6        34.    Answering paragraph 34 of the First Amended Complaint, Answering
7    Defendant denies each and every allegation contained therein.

8        35.    Answering paragraph 35 of the First Amended Complaint, the
9    allegations contained therein are legal conclusions or recitations of the law as
10   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a
11   response may be required, Answering Defendant denies each and every allegation
12   contained therein.

13       36.    Answering paragraph 36 of the First Amended Complaint, Answering
14   Defendant re-alleges and incorporate by reference paragraphs 1 through 35 of this
15   Answer as set forth above.

16       37.    Answering paragraph 37 of the First Amended Complaint, the
17   allegations contained therein are legal conclusions or recitations of the law as
18   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a
19   response may be required, Answering Defendant denies each and every allegation
20   contained therein.

21       38.    Answering paragraph 38 of the First Amended Complaint, the
22   allegations contained therein are legal conclusions or recitations of the law as
23   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a
24   response may be required, Answering Defendant denies each and every allegation
25   contained therein.

26       39.    Answering paragraph 39 of the First Amended Complaint, the
27   allegations contained therein are legal conclusions or recitations of the law as
28   alleged by Plaintiff, and as such, they do not require a response.  To the extent that a

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

1  response may be required, Answering Defendant denies each and every allegation
2  contained therein.

3      40.    Answering paragraph 40 of the First Amended Complaint, at this time
4  Answering Defendant lacks information or belief sufficient to either admit or deny
5  the allegations and, on that basis, deny each and every allegation contained therein.

6      41.    Answering paragraph 41 of the First Amended Complaint, at this time
7  Answering Defendant lacks information or belief sufficient to either admit or deny
8  the allegations and; on that basis, deny each and every allegation contained therein.

9      42.    Answering paragraph 42 of the First Amended Complaint, at this time
10  Answering Defendant lacks information or belief sufficient to either admit or deny
11  the allegations and, on that basis, deny each and every allegation contained therein.

12      43.    Answering paragraph 43 of the First Amended Complaint, at this time
13  Answering Defendant lacks information or belief sufficient to either admit or deny
14  the allegations and, on that basis, deny each and every allegation contained therein.

15      44.    Answering paragraph 44 of the First Amended Complaint, at this time
16  Answering Defendant lacks information or belief sufficient to either admit or deny
17  the allegations and, on that basis, deny each and every allegation contained therein.

18      45.    Answering paragraph 45 of the First Amended Complaint, the
19  allegations contained therein are legal conclusions or recitations of the law as
20  alleged by Plaintiff, and as such, they do not require a response. To the extent a
21  response may be required, Answering Defendant denies each and every allegation
22  contained therein.

23      **Prayer**: In response to Plaintiff's Prayer for Relief contained in his First
24  Amended Complaint, Answering Defendant denies that Plaintiff is entitled to any
25  type of relief requested, including but not limited to compensatory damages,
26  punitive damages, restitution, injunctive relief, or costs and expenses of this action,
27  or any relief whatsoever.
28  / / /

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

**AFFIRMATIVE DEFENSES**

Answering Defendant further asserts the following affirmative defenses.  By asserting these defenses, Answering Defendant does not concede that he has the burden of production or proof as to any affirmative defense asserted below.  Further, Answering Defendant does not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Answering Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal facts in support of the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction - Binding Arbitration)**

2.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the Court lacks subject matter jurisdiction over the First Amended Complaint and each cause of action therein, or some of them, to the extent that Plaintiff is subject to an agreement requiring him to submit his claims against Defendant Napoli Bern Ripka & Associates to binding arbitration under American Arbitration Association rules.

**THIRD AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

3.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each claim set forth therein, or some of them, are barred by the equitable doctrines of unclean hands, estoppel, laches, and unjust enrichment.

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Consent)

3      4.   As a separate and distinct affirmative defense to the First Amended

4  Complaint, Answering Defendant alleges that the First Amended Complaint and

5  each claim set forth therein against Answering Defendants is and are barred by the

6  doctrine of consent.

7

## FIFTH AFFIRMATIVE DEFENSE

8

### (Accord and Satisfaction)

9      5.   As a separate and distinct affirmative defense to the First Amended

10  Complaint, Answering Defendant alleges that that any monies owed to Plaintiff

11  have been paid in full and any obligations he may have owed to Plaintiff has been

12  paid or otherwise satisfied in full.

13

## SIXTH AFFIRMATIVE DEFENSE

14

### (Contract Too Vague, Uncertain, Indefinite to be Enforced)

15      6.   As a separate and distinct affirmative defense to the First Amended

16  Complaint, Answering Defendant alleges that the First Amended Complaint and any

17  claim for breach of contract is barred, in whole or in part, because the purported

18  contract and/or agreement upon which the claim is based is too vague, uncertain,

19  and indefinite to be enforced.

20

## SEVENTH AFFIRMATIVE DEFENSE

21

### (Answering Defendants Fully Performed Duties)

22      7.   As a separate and distinct affirmative defense to the First Amended

23  Complaint, Answering Defendant alleges that to the extent that any agreements,

24  promises and/or covenants were made by Answering Defendant (and Answering

25  Defendant denies that any was made), Answering Defendant fully performed the

26  duties under any and all agreements between him and Plaintiff, and/or factors

27  extraneous to the alleged contract(s) made performance impossible and, therefore,

28  Answering Defendant did not breach or intend to breach any contract(s) between

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

1 | Plaintiff and Answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Mutuality of Agreement)

8.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that any purported contract is unenforceable for lack of mutuality of agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Impossibility)

9.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

## TENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

10.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because Answering Defendant's obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff was not able or willing to perform according to any offer by Answering Defendant under the alleged contract, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reformation)

11.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred due to reformation.

/ / /

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

-11-

12969456.1

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

## TWELFTH AFFIRMATIVE DEFENSE

### (Modification)

12.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because of modification of the alleged contract by written or oral agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rescission)

13.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred due to rescission.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mistake of Fact/Law)

14.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because, without admitting that any contract has been formed, of the parties' mistake of fact and/or law in connection with the formation of any contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breaches of Good Faith and Fair Dealing)

15.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because any breaches of the alleged contract, which Answering Defendant denies, were excused by Plaintiff's prior material breaches of the covenant of good faith and fair dealing.

/ / /

/ / /

/ / /

-12

12969456.1

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Performance Frustrated)

16.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because answering Defendant's obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff prevented or frustrated Answering Defendant's performance under the alleged contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead with Specificity)

17.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's fraud claim is barred because the pleading is vague and uncertain, is not pled with particularity, fails to properly plead any damages resulting from the alleged fraud, and fails to demonstrate the specificity required for pleading of intentional torts.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Reasonable Reliance)

18.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff did not reasonably rely upon any allegedly fraudulent statements or any promises or other statements allegedly made by Answering Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Detrimental Reliance)

19.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff did not substantially change his position to his detriment in reliance upon any promises allegedly made to Plaintiff by Answering Defendant.

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

DEFENDANT PAUL J. NAPOLI'S ANSWER TO FIRST AMENDED COMPLAINT

12969456.1

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Alleged Representations Were True, Not Knowingly

3

### False, Opinion, and Based On Reasonable Ground)

4    20.    Answering Defendant alleges that Answering Defendant's alleged

5  representations were true, or not knowingly false when made, or were merely

6  statements of opinion, or Answering Defendant had a reasonable ground for such

7  belief.

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

### (Uncertainty of Alleged Misrepresentations)

10    21.    As a separate and distinct affirmative defense to the First Amended

11  Complaint, Answering Defendant alleges that Plaintiff's misrepresentation claims

12  are unenforceable because the alleged misrepresentations by Answering Defendant

13  was too uncertain and indefinite to be enforced.

14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

15

### (Breach of Duty)

16    22.    As a separate and distinct affirmative defense to the First Amended

17  Complaint, Answering Defendant is informed and believes that a reasonable

18  opportunity for investigation and discovery will reveal and, on that basis, allege

19  Plaintiff's claims are barred by his own breach of the duties owed to Answering

20  Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or

21  2859.

22

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23

### (After-Acquired Evidence)

24    23.    As a separate and distinct affirmative defense to the First Amended

25  Complaint, Answering Defendant alleges that, to the extent during the course of this

26  litigation Answering Defendant acquire any evidence of wrongdoing of Plaintiff,

27  which wrongdoing would have materially affected the terms and conditions of

28  Plaintiff's employment, or would have resulted in Plaintiff being either demoted,

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

1 disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on
2 liability or damages and shall reduce such claim as provided by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

24. Answering Defendant alleges that each purported cause of action set forth in the First Amended Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the four-year limitations period contained in California Code of Civil Procedure section 337, the three-year limitations period contained in California Code of Civil Procedure section 338(d); the four-year limitations period contained in California Code of Civil Procedure section 343; and/or the four year limitations period contained in Business and Professions Code section 17208.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (No Vicarious Liability)

25. As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that he is not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency, or otherwise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Comparative Fault/Contributory Negligence)

26. As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory fault and/or comparative negligence.

/ / /

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

27.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28.     As a separate and distinct affirmative defense, Answering Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege that, without admitting that Plaintiff is entitled to any recovery, Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Set Off and/or Offset)

29.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant contends that Plaintiff is not entitled to recover anything in this action, and were Plaintiff to obtain any monetary relief, any such recovery must be offset and/or set off by all damages and losses proximately caused by Plaintiff's conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

30.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the imposition of such damages constitutes a violation of Answering Defendant's rights under the United States and/or California Constitutions, including but not limited to, Answering Defendant's rights to due process and/or equal protection under the law, and the right to protection from "excessive fines."

/ / /

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

31.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's claims against Answering Defendant PAUL J. NAPOLI are barred, in whole or in part, because PAUL J. NAPOLI was not Plaintiff's employer and was not party to any employment agreement with Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

32.     This Court lacks personal jurisdiction over Answering Defendant PAUL J. NAPOLI.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Alter Ego Liability)

33.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Answering Defendant is not the alter ego of any other defendant or entity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Estoppel on Alter Ego Liability)

34.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff is estopped from relying on the equitable alter ego doctrine because Plaintiff at all times knew and agreed that Defendants NAPOLI BERN RIPKA & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN, RIPKA, LLP; NAPOLI, KAISER, BERN, LLP (the Entity Defendants) were entities separate from Answering Defendant, that Answering Defendant was not a party to the alleged contracts with Plaintiff, and that Answering Defendant had no personal liability to Plaintiff.

12969456.1

1

### THIRTY-FIVE AFFIRMATIVE DEFENSE

2

#### (Lack of Liability, New York law)

3       35.    As a separate and distinct affirmative defense to the First Amended

4 Complaint, Answering Defendant alleges that this Answering Defendant PAUL J.

5 NAPOLI has no liability for the debts of any firm under New York law.

6

### THIRTY-SIX AFFIRMATIVE DEFENSE

7

#### (Not party to an Agreement)

8       36.    As a separate and distinct affirmative defense to the First Amended

9 Complaint, Answering Defendant alleges that this Answering Defendant PAUL J.

10 NAPOLI was not a party to any contract with plaintiff and did not consent to

11 Benchmark or ADR or arbitration.

12

### ADDITIONAL AFFIRMATIVE DEFENSES

13     Answering Defendant states that they do not presently know all facts

14 concerning Plaintiff's claims sufficient to state all affirmative defenses at this time.

15 Answering Defendant will seek leave of this Court to amend this Answer should

16 they later discover facts demonstrating the existence of additional affirmative

17 defenses.

18

### PRAYER FOR RELIEF

19     WHEREFORE, Answering Defendant prays for relief as follows:

20     1.    That Plaintiff takes nothing and that the First Amended Complaint be

21 dismissed in its entirety with prejudice;

22     2.    That judgment be entered in Answering Defendant's favor;

23     3.    That Answering Defendant be awarded their attorneys' fees and costs

24 of suit herein, to the extent permitted under applicable law; and

25 ///

26 ///

27 ///

28 ///

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

1    4.    That Answering Defendant be awarded such other, further relief as the
2  Court deems just and proper.

3

4  Dated:  April 16, 2018                    FRASER WATSON & CROUTCH, LLP

5

6

7                                           By: _____
8                                                TODD E. CROUTCH
                                                 Attorneys for Defendant, PAUL J. NAPOLI
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

DEFENDANT PAUL J. NAPOLI'S ANSWER TO FIRST AMENDED COMPLAINT

12969456.1

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
4

    At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California.  My business address is 100 West Broadway, Suite 650, Glendale, CA 91210-1201.

5
6

    On April 16, 2018, I served true copies of the following document(s) described as **DEFENDANT PAUL J. NAPOLI'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

7

## SEE ATTACHED SERVICE LIST

8
9
10

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

11
12

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

    Executed on April 16, 2018, at Glendale, California.

14

15

16

            Marina Hagopian

17

18

19

20

21

22

23

24

25

26

27

28

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1

DEFENDANT PAUL J. NAPOLI'S ANSWER TO FIRST AMENDED COMPLAINT

**SERVICE LIST**
**MARC I. WILLICK vs. NAPOLI BERN RIPKA & ASSOCIATES, LLP**
**MIC292**

| | |
|---|---|
| James L. Goldman<br>Miller Barondess, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>Tel: (310) 552-4400<br>Fax: 310-552-8400 | Plaintiff's Counsel |
| Traci Lagasse<br>Kelly Drew Folger, Esq.<br>Andrews, Lagasse, Branch & Bell LLP<br>4365 Executive Drive, Suite 950<br>San Diego, CA 9212<br>Tel: (858) 345-5080<br>Fax: (858) 345-5025 | Attorney For Marc Bern |
| Stephen J. Erigero<br>Tahereh "Tara" Mahmoudian<br>Ropers Majeski Kohn & Bentley PC<br>445 South Figueroa Street, Suite 3000 •<br>Los Angeles • CA • 90071-1608<br>Tel: (213) 312-2000<br>Fax: (213) 312-2001 | Attorney for Defendants, Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; Napoli Bern Ripka Shkolnik, LLP, Napoli Bern Rika LLP; Napoli Kaiser Bern LLP |

FRASER WATSON & CROUTCH, LLP
Attorneys at Law

12969456.1