1  STEPHEN J. ERIGERO (SBN 121616)
2  TAHEREH MAHMOUDIAN (SBN 217120)
   ROPERS, MAJESKI, KOHN & BENTLEY
   445 South Figueroa Street, Suite 3000
3  Los Angeles, CA 90071
   Telephone: (213) 312-2000
4  Facsimile: (213) 312-2001
   Email: stephen.erigero@rmkb.com
5         tahereh.mahmoudian@rmkb.com

6  Attorneys for Answering Defendants NAPOLI BERN RIPKA &
   ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES,
7  LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN, RIPKA,
   LLP; NAPOLI, KAISER, BERN, LLP

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  MARC I. WILLICK, an individual,        Case No. 2:15-cv-00652AB-E

12               Plaintiff,                 Honorable Andre Birotte, Jr.

13  v.                                      **DEFENDANTS NAPOLI BERN
                                            RIPKA SHKOLNIK &
14  NAPOLI BERN RIPKA &                     ASSOCIATES, LLP; NAPOLI BERN
    ASSOCIATES, LLP, a purported            RIPKA SHKOLNIK, LLP; NAPOLI,
15  limited liability partnership; NAPOLI   BERN, RIPKA, LLP; NAPOLI,
    BERN RIPKA SHKOLNIK &                   KAISER, BERN, LLP'S ANSWER
16  ASSOCIATES, LLP, a purported            TO FIRST AMENDED COMPLAINT**
    limited liability partnership; NAPOLI
17  BERN RIPKA SHKOLNIK, LLP, a
    purported limited liability partnership;
18  NAPOLI BERN RIPKA, LLP, a
    purported limited liability partnership;
19  NAPOLI KAISER BERN, LLP, a
    purported limited liability partnership;
20  MARC J. BERN, an individual; PAUL
    J. NAPOLI, an individual; NAPOLI
21  BERN, LLP, a limited liability
    partnership; NAPOLI, KAISER, BERN
22  & ASSOCIATES, LLP, a limited
    liability partnership; NAPOLI, BERN
23  & ASSOCIATES, LLP, a limited
    liability partnership; LAW OFFICES
24  OF NAPOLI BERN RIPKA &
    ASSOCIATES LLP, a limited liability
25  partnership; LAW OFFICES OF
    NAPOLI BERN RIPKA SHKOLNIK
26  LLP, a limited liability partnership;
    LAW OFFICES OF NAPOLI BERN
27  RIPKA SHKOLNIK & ASSOCIATES
    LLP, a limited liability partnership;
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  PASTERNACK TILKER NAPOLI
2  BERN, LLP a limited liability
   partnership; NAPOLI SHKOLNIK
3  PLLC, a professional limited liability
   company; NAPOLI LAW PLLC, a
4  professional limited liability company;
   PAUL NAPOLI LAW PLLC, a
5  professional limited liability company;
   BERN RIPKA LLP, a limited liability
6  partnership; MARC J. BERN &
   PARTNERS, LLP, a limited liability
7  partnership; NAPOLI & BERN, LLP, a
   limited liability partnership; MARC J.
8  BERN PLLC, a professional limited
   liability company, NAPOLI, KAISER
9  & ASSOCIATES, LLP, a limited
   liability partnership; NAPOLI, BERN,
10 KRENTSEL & GUZMAN, LLP a
   limited liability partnership; WORBY,
11 GRONER, EDELMAN & NAPOLI
   BERN, LLP, a limited liability
12 partnership, PAUL NAPOLI PLLC, a
   professional limited liability company,
13 and DOES 1 through 50,

14                    Defendants.

15

16       COME NOW Answering Defendants NAPOLI BERN RIPKA SHKOLNIK

17 & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI,

18 BERN, RIPKA, LLP; NAPOLI, KAISER, BERN, LLP, et al. ("Answering

19 Defendants"), and for themselves only, and answer Plaintiff MARC I. WILLICK's

20 ("Plaintiff") First Amended Complaint as follows:

21                              **ANSWER**

22       1.    Answering paragraph 1 of the First Amended Complaint, Answering

23 Defendants admit that they removed the action originally filed in the Superior Court

24 of the State of California to the federal court.

25       2.    Answering paragraph 2 of the First Amended Complaint, Answering

26 Defendants admit that this Court has subject-matter jurisdiction over this action.

27 However, the arbitration provision of the agreements entered into between Plaintiff

28 and Napoli Bern Ripka & Associates requires arbitration of claims under the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

American Arbitration Association rules.  Except as expressly admitted, Answering Defendants deny each and every allegation contained therein.

3.      Answering paragraph 3 of the First Amended Complaint, Answering Defendants lack information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

4.      Answering paragraph 4 of the First Amended Complaint, Answering Defendants lack information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

5.      Answering paragraph 5 of the First Amended Complaint, Answering Defendants admit that NAPOLI BERN RIPKA & ASSOCIATES, LLP, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, NAPOLI BERN RIPKA SFIKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, and NAPOLI KAISER BERN, LLP are limited liability partnerships.  Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 5, Answering Defendants deny each and every allegation contained therein.

6.      Answering paragraph 6 of the First Amended Complaint, Answering Defendants lack information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

7.      Answering paragraph 7 of the First Amended Complaint, Answering Defendants lack information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

8.      Answering paragraph 8 of the First Amended Complaint, the allegations contained herein are legal conclusions or recitations of law and do not require a response.  If facts are alleged, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

9.      Answering paragraph 9 (and subparagraphs a through p) of the First Amended Complaint, the allegations contained therein are legal conclusions or

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   recitations of the law as alleged by Plaintiff, and as such, they do not require a

2   response.  To the extent that a response may be required, Answering Defendant

3   denies each and every allegation contained therein or lacks information or belief.

4        10.    Answering paragraph 10 of the First Amended Complaint, Answering

5   Defendants lack information or belief sufficient to either admit or deny the

6   allegations and, on that basis, deny each and every allegation contained therein.

7        11.    Answering paragraph 11 of the First Amended Complaint, the

8   allegations contained therein are legal conclusions or recitations of the law as

9   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

10  a response may be required, Answering Defendants deny each and every allegation

11  contained therein.

12       12.    Answering paragraph 12 of the First Amended Complaint, Answering

13  Defendants admit that on or about March 7, 2011, Defendant Napoli Bern Ripka &

14  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 1"), a

15  copy of which is attached as Exhibit 1 to Plaintiff's First Amended Complaint.

16  Answering Defendants allege that Agreement 1 is the best evidence of what it

17  states.  Except as expressly admitted and with regard to any and all remaining

18  allegations in Paragraph 12, Answering Defendants deny each and every allegation

19  contained therein.

20       13.    Answering paragraph 13 of the First Amended Complaint, Answering

21  Defendants admit that on or about May 20, 2011, Defendant Napoli Bern Ripka &

22  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 2"), a

23  copy of which (with the exception of Exhibit C to Agreement 2) is attached as

24  Exhibit 2 to Plaintiff's First Amended Complaint.  Answering Defendants allege

25  that Agreement 2 is the best evidence of what it states.  Except as expressly

26  admitted and with regard to any and all remaining allegations in Paragraph 13,

27  Answering Defendants deny each and every allegation contained therein.

28       14.    Answering paragraph 14 of the First Amended Complaint, Answering

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    Defendants admit the allegations contained therein.

2         15.    Answering paragraph 15 of the First Amended Complaint, Answering

3    Defendants re-allege and incorporate by reference paragraphs 1 through 15 of this

4    Answer as set forth above.

5         16.    Answering paragraph 16 of the First Amended Complaint, the

6    allegations contained therein are legal conclusions or recitations of the law as

7    alleged by Plaintiff, and as such, they do not require a response.  To the extent that

8    a response may be required, Answering Defendants deny each and every allegation

9    contained therein.

10        17.    Answering paragraph 17 of the First Amended Complaint, Answering

11   Defendants re-allege and incorporate by reference paragraphs 1 through 16 of this

12   Answer as set forth above.

13        18.    Answering paragraph 18 of the First Amended Complaint, Answering

14   Defendants deny each and every allegation contained therein.  Further, paragraph

15   18 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as

16   such, they do not require a response.  To the extent that a response may be required,

17   Answering Defendants lack information or belief sufficient to either admit or deny

18   the allegations and, on that basis, deny each and every allegation contained therein.

19        19.    Answering paragraph 19 of the First Amended Complaint, Answering

20   Defendants allege that Agreement 2 is the best evidence of what it states.  Further,

21   paragraph 19 contains legal conclusions or recitations of the law as alleged by

22   Plaintiff, and as such, they do not require a response.  To the extent that a response

23   may be required, except as expressly admitted, Answering Defendants lack

24   information or belief sufficient to either admit or deny the allegations and, on that

25   basis, deny each and every allegation contained therein.

26        20.    Answering paragraph 20 of the First Amended Complaint, Answering

27   Defendants allege that Agreement 2 is the best evidence of what it states.  Further,

28   paragraph 20 contains legal conclusions or recitations of the law as alleged by

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Plaintiff, and as such, they do not require a response.  To the extent that a response

2   may be required, except as expressly admitted, Answering Defendants lack

3   information or belief sufficient to either admit or deny the allegations and, on that

4   basis, deny each and every allegation contained therein.

5        21.    Answering paragraph 21 of the First Amended Complaint, Answering

6   Defendants allege that Agreement 2 is the best evidence of what it states.  Further,

7   paragraph 21 contains legal conclusions or recitations of the law as alleged by

8   Plaintiff, and as such, they do not require a response.  To the extent that a response

9   may be required, except as expressly admitted, Answering Defendants lack

10  information or belief sufficient to either admit or deny the allegations and, on that

11  basis, deny each and every allegation contained therein.

12       22.    Answering paragraph 22of the First Amended Complaint, Answering

13  Defendants allege that Agreement 2 is the best evidence of what it states.  Further,

14  paragraph 22 contains legal conclusions or recitations of the law as alleged by

15  Plaintiff, and as such, they do not require a response.  To the extent that a response

16  may be required, except as expressly admitted, Answering Defendants lack

17  information or belief sufficient to either admit or deny the allegations and, on that

18  basis, deny each and every allegation contained therein.

19       23.    Answering paragraph 23 of the First Amended Complaint, the

20  allegations contained therein are legal conclusions or recitations of the law as

21  alleged by Plaintiff, and as such, they do not require a response. To the extent that a

22  response may be required, Answering Defendants lack information or belief

23  sufficient to either admit or deny the allegations and, on that basis, deny each and

24  every allegation contained therein.

25       24.    Answering paragraph 24 of the First Amended Complaint, the

26  allegations contained therein are legal conclusions or recitations of the law as

27  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

28  a response may be required, Answering Defendants deny each and every allegation

contained therein.

25.     Answering paragraph 25 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  Answering Defendants lack information or belief sufficient to either admit or deny the allegations and, on that basis, deny each and every allegation contained therein.

26.     Answering paragraph 26 of the First Amended Complaint, Answering Defendants re-allege and incorporate by reference paragraphs 1 through 25 of this Answer as set forth above.

27.     Answering paragraph 27 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendants deny each and every allegation contained therein.

28.     Answering paragraph 28 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendants deny each and every allegation contained therein.

29.     Answering paragraph 29 of the First Amended Complaint, Answering Defendants deny each and every allegation contained therein.

30.     Answering paragraph 30 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendants deny each and every allegation contained therein.

31.     Answering paragraph 31 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

2   a response may be required, Answering Defendants deny each and every allegation

3   contained therein.

4        32.     Answering paragraph 32 of the First Amended Complaint, the

5   allegations contained therein are legal conclusions or recitations of the law as

6   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

7   a response may be required, Answering Defendants deny each and every allegation

8   contained therein.

9        33.     Answering paragraph 33 of the First Amended Complaint, Answering

10  Defendants re-allege and incorporate by reference paragraphs 1 through 32 of this

11  Answer as set forth above.

12       34.     Answering paragraph 34 of the First Amended Complaint, Answering

13  Defendants deny each and every allegation contained therein.

14       35.     Answering paragraph 35 of the First Amended Complaint, the

15  allegations contained therein are legal conclusions or recitations of the law as

16  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

17  a response may be required, Answering Defendants deny each and every allegation

18  contained therein.

19       36.     Answering paragraph 36 of the First Amended Complaint, Answering

20  Defendants re-allege and incorporate by reference paragraphs 1 through 35 of this

21  Answer as set forth above.

22       37.     Answering paragraph 37 of the First Amended Complaint, the

23  allegations contained therein are legal conclusions or recitations of the law as

24  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

25  a response may be required, Answering Defendants deny each and every allegation

26  contained therein.

27       38.     Answering paragraph 38 of the First Amended Complaint, the

28  allegations contained therein are legal conclusions or recitations of the law as

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  alleged by Plaintiff, and as such, they do not require a response.  To the extent that
2  a response may be required, Answering Defendants deny each and every allegation
3  contained therein.

4        39.    Answering paragraph 39 of the First Amended Complaint, the
5  allegations contained therein are legal conclusions or recitations of the law as
6  alleged by Plaintiff, and as such, they do not require a response.  To the extent that
7  a response may be required, Answering Defendants deny each and every allegation
8  contained therein.

9        40.    Answering paragraph 40 of the First Amended Complaint, at this time
10  Answering Defendants lack information or belief sufficient to either admit or deny
11  the allegations and, on that basis, deny each and every allegation contained therein.

12        41.    Answering paragraph 41 of the First Amended Complaint, at this time
13  Answering Defendants lack information or belief sufficient to either admit or deny
14  the allegations and; on that basis, deny each and every allegation contained therein.

15        42.    Answering paragraph 42 of the First Amended Complaint, at this time
16  Answering Defendants lack information or belief sufficient to either admit or deny
17  the allegations and, on that basis, deny each and every allegation contained therein.

18        43.    Answering paragraph 43 of the First Amended Complaint, at this time
19  Answering Defendants lack information or belief sufficient to either admit or deny
20  the allegations and, on that basis, deny each and every allegation contained therein.

21        44.    Answering paragraph 44 of the First Amended Complaint, at this time
22  Answering Defendants lack information or belief sufficient to either admit or deny
23  the allegations and, on that basis, deny each and every allegation contained therein.

24        45.    Answering paragraph 45 of the First Amended Complaint, the
25  allegations contained therein are legal conclusions or recitations of the law as
26  alleged by Plaintiff, and as such, they do not require a response.  To the extent a
27  response may be required, Answering Defendants deny each and every a1legation
28  contained therein.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**Prayer**:  In response to Plaintiff's Prayer for Relief contained in his First Amended Complaint, Answering Defendants deny that Plaintiff is entitled to any type of relief requested, including but not limited to compensatory damages, punitive damages, restitution, injunctive relief, or costs and expenses of this action, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Answering Defendants further assert the following affirmative defenses.  By asserting these defenses, Answering Defendants do not concede that they have the burden of production or proof as to any affirmative defense asserted below. Further, Answering Defendants do not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Answering Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal facts in support of the following affirmative defenses.

## FIRST AFFIRMATIVE DEF'ENSE
### (Failure to State a Claim)

1.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction - Binding Arbitration)

2.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the Court lacks subject matter jurisdiction over the First Amended Complaint and each cause of action therein, or some of them, to the extent that Plaintiff is subject to an agreement requiring him to submit his claims against Defendants to binding arbitration under American Arbitration Association rules.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

3.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each claim set forth therein, or some of them, are barred by the equitable doctrines of unclean hands, estoppel, laches, and unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each claim set forth therein against Answering Defendants are barred by the doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that that any monies owed to Plaintiff have been paid in full and any obligations they may have owed to Plaintiff have been paid or otherwise satisfied in full.

## SIXTH AFFIRMATIVE DEFENSE

### (Contract Too Vague, Uncertain, Indefinite to be Enforced)

6.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and any claim for breach of contract is barred, in whole or in part, because the purported contract and/or agreement upon which the claim is based is too vague, uncertain, and indefinite to be enforced.

## SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants Fully Performed Duties)

7.     As a separate and distinct affirmative defense to the First Amended

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Complaint, Answering Defendants allege that to the extent that any agreements, promises and/or covenants were made by Answering Defendants (and Answering Defendants deny that any was made), Answering Defendants fully performed their duties under any and all agreements between them and Plaintiff, and/or factors extraneous to the alleged contract(s) made performance impossible and, therefore, Answering Defendants did not breach or intend to breach any contract(s) between Plaintiff and Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Mutuality of Agreement)

8.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that any purported contract is unenforceable for lack of mutuality of agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Impossibility)

9.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

## TENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

10.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because Answering Defendants' obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff was not able or willing to perform according to any offer by Answering Defendants under the alleged contract, if any.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reformation)

11.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred due to reformation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Modification)

12.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because of modification of the alleged contract by written or oral agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rescission)

13.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred due to rescission.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mistake of Fact/Law)

14.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because, without admitting that any contract has been formed, of the parties' mistake of fact and/or law in connection with the formation of any contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breaches of Good Faith and Fair Dealing)

15.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and

each cause of action set forth therein, or some of them, are barred because any breaches of the alleged contract, which Answering Defendants deny, were excused by Plaintiff's prior material breaches of the covenant of good faith and fair dealing.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Performance Frustrated)

16.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because Answering Defendants' obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff prevented or frustrated Answering Defendants' performance under the alleged contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Specificity)

17.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that Plaintiff's fraud claim is barred because the pleading is vague and uncertain, is not pled with particularity, fails to properly plead any damages resulting from the alleged fraud, and fails to demonstrate the specificity required for pleading of intentional torts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

18.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that Plaintiff did not reasonably rely upon any allegedly fraudulent statements or any promises or other statements allegedly made by Answering Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

19.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendants allege that Plaintiff did not substantially change

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

his position to his detriment in reliance upon any promises allegedly made to
Plaintiff by Answering Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Alleged Representations Were True, Not Knowingly**
**False, Opinion, and Based On Reasonable Ground)**

20.   Answering Defendants allege that Answering Defendants' alleged
representations were true, or not knowingly false when made, or were merely
statements of opinion, or Answering Defendants had a reasonable ground for such
belief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Uncertainty of Alleged Misrepresentations)**

21.   As a separate and distinct affirmative defense to the First Amended
Complaint, Answering Defendants allege that Plaintiff's misrepresentation claims
are unenforceable because the alleged misrepresentations by Answering Defendants
were too uncertain and indefinite to be enforced.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Breach of Duty)**

22.   As a separate and distinct affirmative defense to the First Amended
Complaint, Answering Defendants are informed and believe that a reasonable
opportunity for investigation and discovery will reveal and, on that basis, allege
Plaintiff's claims are barred by his own breach of the duties owed to Answering
Defendants under California Labor Code sections 2854, 2856, 2857, 2858 and/or
2859.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(After-Acquired Evidence)**

23.   As a separate and distinct affirmative defense to the First Amended
Complaint, Answering Defendants allege that, to the extent during the course of
this litigation Answering Defendants acquire any evidence of wrongdoing of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Plaintiff, which wrongdoing would have materially affected the terms and
conditions of Plaintiff's employment, or would have resulted in Plaintiff being
either demoted, disciplined, or terminated, such after-acquired evidence shall bar
Plaintiff's claim on liability or damages and shall reduce such claim as provided by
law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

24.     Answering Defendants allege that each purported cause of action set
forth in the First Amended Complaint is barred in whole or in part by the applicable
statute(s) of limitation, including without limitation, the four-year limitations period
contained in California Code of Civil Procedure section 337, the three-year
limitations period contained in California Code of Civil Procedure section 338(d);
the four-year limitations period contained in California Code of Civil Procedure
section 343; and/or the four year limitations period contained in Business and
Professions Code section 17208.

**TWENTY-FIFTH AFFIRMAT IVE DEFENSE**

**(No Vicarious Liability)**

25.     As a separate and distinct affirmative defense to the First Amended
Complaint, Answering Defendants allege that they are not vicariously liable for any
act or omission of any other person, by way of *respondeat superior*, agency, or
otherwise.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Fault/Contributory Negligence)**

26.     As a separate and distinct affirmative defense to the First Amended
Complaint, Answering Defendants allege that Plaintiff failed to exercise reasonable
and ordinary care, caution and/or prudence and the alleged injuries and damages, if
any were suffered, were proximately caused and/or contributed to by Plaintiff's own
negligent and/or intentional conduct and any recovery to which Plaintiff might be

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  entitled must be reduced by reason of Plaintiff's contributory fault and/or

2  comparative negligence.

3  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4  **(Doctrine of Avoidable Consequences)**

5  27.    As a separate and distinct affirmative defense to the First Amended

6  Complaint, Answering Defendants allege that Plaintiff's causes of action, and each

7  of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

8  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

9  **(Failure to Mitigate)**

10  28.    As a separate and distinct affirmative defense, Answering Defendants

11  are informed and believe that further investigation and discovery will reveal, and on

12  that basis allege that, without admitting that Plaintiff is entitled to any recovery,

13  Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

14  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

15  **(Set Off and/or Offset)**

16  29.    As a separate and distinct affirmative defense to the First Amended

17  Complaint, Answering Defendants contend that Plaintiff is not entitled to recover

18  anything in this action, and were Plaintiff to obtain any monetary relief, any such

19  recovery must be offset and/or set off by all damages and losses proximately caused

20  by Plaintiff's conduct.

21  **THIRTIETH AFFIRMATIVE DEFENSE**

22  **(Punitive Damages Unconstitutional)**

23  30.    As a separate and distinct affirmative defense to the First Amended

24  Complaint, Answering Defendants allege that Plaintiff is not entitled to recover any

25  punitive damages because the imposition of such damages constitutes a violation of

26  Answering Defendants' rights under the United States and/or California

27  Constitutions, including but not limited to, Answering Defendants' rights to due

28  process and/or equal protection under the law, and their right to protection from

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  "excessive fines."

2  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

3  ### (Not Plaintiff's Employer)

4    31. As a separate and distinct affirmative defense to the First Amended

5  Complaint, Answering Defendants allege that Plaintiff's claims against Answering

6  Defendants NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP,

7  NAPOLI BERN RIPKA SHKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, and

8  NAPOLI KAISER BERN, LLP are barred, in whole or in part, because NAPOLI

9  BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, NAPOLI BERN RIPKA

10  SHKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, and NAPOLI KAISER BERN,

11  LLP were not Plaintiff's employer and were not parties to any employment

12  agreement with Plaintiff.

13  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

14  ### (Lack of Personal Jurisdiction)

15    32. This Court lacks personal jurisdiction over Answering Defendants

16  NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, NAPOLI BERN

17  RIPKA SHKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, and NAPOLI KAISER

18  BERN, LLP.

19  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

20  ### (No Alter Ego Liability)

21    33. As a separate and distinct affirmative defense to the First Amended

22  Complaint, Answering Defendant alleges that Plaintiff's claims are barred, in whole

23  or in part, because Answering Defendant is not the alter ego of any other defendant

24  or entity.

25  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

26  ### (Estoppel on Alter Ego Liability)

27    34. As a separate and distinct affirmative defense to the First Amended

28  Complaint, Answering Defendant alleges that Plaintiff is estopped from relying on

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

1  the equitable alter ego doctrine because Plaintiff at all times knew and agreed that

2  Defendants NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP;

3  NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN RIPKA, LLP;

4  NAPOLI, KAISER, BERN, LLP (the Entity Defendants) were entities separate

5  from Answering Defendant.

6  ## ADDITIONAL AFFIRMATIVE DEFENSES

7  Answering Defendants state that they do not presently know all facts

8  concerning Plaintiff's claims sufficient to state all affirmative defenses at this time.

9  Answering Defendants will seek leave of this Court to amend this Answer should

10  they later discover facts demonstrating the existence of additional affirmative

11  defenses.

12  ## PRAYER FOR RELIEF

13  WHEREFORE, Answering Defendants pray for relief as follows:

14  1.    That Plaintiff takes nothing and that the First Amended Complaint be

15  dismissed in its entirety with prejudice;

16  2.    That judgment be entered in Answering Defendants' favor;

17  3.    That Answering Defendants be awarded their attorneys' fees and costs

18  of suit herein, to the extent permitted under applicable law; and

19  4.    That Answering Defendants be awarded such other, further relief as

20  the Court deems just and proper.

21

22

23

24

25

26

27

28

- 19 -

**DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Dated:  April 16, 2018

ROPERS, MAJESKI, KOHN & BENTLEY


By:*/s/ Stephen J. Erigero*
STEPHEN J. ERIGERO
TAHEREH MAHMOUDIAN
Attorneys for Answering Defendants
NAPOLI BERN RIPKA &
ASSOCIATES, LLP; NAPOLI
BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP; NAPOLI
BERN RIPKA SHKOLNIK, LLP;
NAPOLI, BERN, RIPKA, LLP;
NAPOLI, KAISER, BERN, LLP

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  **CASE NAME:**     **WILLICK v. NAPOLI BERN RIPKA & ASSOCIATES, et al.**

2  **ACTION NO.:**     **2:15cv652**

3                  <u>**CERTIFICATE OF SERVICE**</u>

4
   The undersigned certifies that the foregoing document:
5
   **DEFENDANTS NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP; NAPOLI**
6  **BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN, RIPKA, LLP; NAPOLI, KAISER,**
   **BERN, LLP'S ANSWER TO FIRST AMENDED COMPLAINT**
7
   was filed with the Court's ECF system, which, in turn, served a true and accurate
8  copy on the following listed counsel:

9        ☒      **Electronically Serviced Through ECF to:**

10

11  James Lewis Goldman, Esq.                    Attorneys for Plaintiff Marc I.
    MILLER BARONDESS, LLP                        Willick, an individual
12  1999 Avenue of the Stars, Suite 1000
    Los Angeles, CA  90067
13  Email:  Jgoldman@millerbarondess.com
    Phone:  (310) 552-4400
14  Fax:  (310) 552-8400

15  Kelly Drew Folger, Esq.                      Attorneys for Defendant Marc J.
    ANDREWS LAGASSE BRANCH AND BELL LLP          Bern, an individual
16  4365 Executive Drive, Suite 950
    San Diego, CA  92121
17  Email:  Kfolger@albblaw.com
    Phone: (858) 461-6606
18  Fax:  (858) 461-6608

19
    Traci S. Lagasse, Esq.
20  ANDREWS LAGASSE BRANCH AND BELL LLP
    4365 Executive Drive, Suite 950
21  San Diego, CA  92121
    Email:  Tlagasse@albblaw.com
22  Phone:  (858) 345-5080
    Fax:  (858) 345-5025
23

24  Todd E. Crouch, Esq.                         Attorneys for Defendant Paul J.
25  FRASER WATSON AND CROUTCH                    Napoli, an individual
    100 West Broadway, Suite 650
26  Glendale, CA  91210
    Email:  Tcroutch@fwcllp.com
27  Phone:  (818) 543-1380
    Fax:  (818) 543-1389
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

4852-6220-8610.1                                       **DEFENDANTS' ANSWER TO FIRST**
                                                          **AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated:  April 16, 2018                    /s/ Kimberly Cederquist
                                                        Kim Cederquist

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**