STEPHEN J. ERIGERO (SBN 121616)
TAHEREH MAHMOUDIAN (SBN 217120)
ROPERS, MAJESKI, KOHN & BENTLEY
445 South Figueroa Street, Suite 3000
Los Angeles, CA  90071
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:       stephen.erigero@rmkb.com
             tahereh.mahmoudian@rmkb.com

Attorneys for Answering Defendants NAPOLI BERN RIPKA &
ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES,
LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN, RIPKA,
LLP; NAPOLI, KAISER, BERN, LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC I. WILLICK, an individual, | Case No. 2:15-cv-00652AB-E |
| Plaintiff, | Honorable Andre Birotte, Jr. |
| v. | **DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP'S ANSWER TO FIRST AMENDED COMPLAINT** |
| NAPOLI BERN RIPKA & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA, LLP, a purported limited liability partnership; NAPOLI KAISER BERN, LLP, a purported limited liability partnership; MARC J. BERN, an individual; PAUL J. NAPOLI, an individual; NAPOLI BERN, LLP, a limited liability partnership; NAPOLI, KAISER, BERN & ASSOCIATES, LLP, a limited liability partnership; NAPOLI, BERN & ASSOCIATES, LLP, a limited liability partnership; LAW OFFICES OF NAPOLI BERN RIPKA & ASSOCIATES LLP, a limited liability partnership; LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK LLP, a limited liability partnership; LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES LLP, a limited liability partnership; | |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

PASTERNACK TILKER NAPOLI
BERN, LLP a limited liability
partnership; NAPOLI SHKOLNIK
PLLC, a professional limited liability
company; NAPOLI LAW PLLC, a
professional limited liability company;
PAUL NAPOLI LAW PLLC, a
professional limited liability company;
BERN RIPKA LLP, a limited liability
partnership; MARC J. BERN &
PARTNERS, LLP, a limited liability
partnership; NAPOLI & BERN, LLP, a
limited liability partnership; MARC J.
BERN PLLC, a professional limited
liability company, NAPOLI, KAISER
& ASSOCIATES, LLP, a limited
liability partnership; NAPOLI, BERN,
KRENTSEL & GUZMAN, LLP a
limited liability partnership; WORBY,
GRONER, EDELMAN & NAPOLI
BERN, LLP, a limited liability
partnership, PAUL NAPOLI PLLC, a
professional limited liability company,
and DOES 1 through 50,

Defendants.

        COME NOW Answering Defendant NAPOLI BERN RIPKA &

ASSOCIATES, LLP ("Answering Defendant"), and for itself only, and answer

Plaintiff MARC I. WILLICK's ("Plaintiff") First Amended Complaint as follows:

<u>**ANSWER**</u>

        1.      Answering paragraph 1 of the First Amended Complaint, Answering

Defendant admits that it removed the action originally filed in the Superior Court of

the State of California to the federal court.

        2.      Answering paragraph 2 of the First Amended Complaint, Answering

Defendant admits that this Court has subject-matter jurisdiction over this action.

However, the arbitration provision of the agreements entered into between Plaintiff

and Napoli Bern Ripka & Associates requires arbitration of claims under the

American Arbitration Association rules.  Except as expressly admitted, Answering

Defendant denies each and every allegation contained therein.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

3.      Answering paragraph 3 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

4.      Answering paragraph 4 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

5.      Answering paragraph 5 of the First Amended Complaint, Answering Defendant admits that NAPOLI BERN RIPKA & ASSOCIATES, LLP, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, NAPOLI BERN RIPKA SFIKOLNIK, LLP, NAPOLI BERN RIPKA, LLP, and NAPOLI KAISER BERN, LLP are limited liability partnerships.  Except as expressly admitted and with regard to any and all remaining allegations in Paragraph 5, Answering Defendant denies each and every allegation contained therein.

6.      Answering paragraph 6 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

7.      Answering paragraph 7 of the First Amended Complaint, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

8.      Answering paragraph 8 of the First Amended Complaint, the allegations contained herein are legal conclusions or recitations of law and do not require a response.  If facts are alleged, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

9.      Answering paragraph 9 (and subparagraphs a through p) of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendant

- 3 -

1  denies each and every allegation contained therein or lacks information or belief.

2     10.   Answering paragraph 10 of the First Amended Complaint, Answering

3  Defendant lacks information or belief sufficient to either admit or deny the

4  allegations and, on that basis, denies each and every allegation contained therein.

5     11.   Answering paragraph 11 of the First Amended Complaint, the

6  allegations contained therein are legal conclusions or recitations of the law as

7  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

8  a response may be required, Answering Defendant denies each and every allegation

9  contained therein.

10    12.   Answering paragraph 12 of the First Amended Complaint, Answering

11  Defendant admits that on or about March 7, 2011, Defendant Napoli Bern Ripka &

12  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 1"), a

13  copy of which is attached as Exhibit 1 to Plaintiff's First Amended Complaint.

14  Answering Defendant alleges that Agreement 1 is the best evidence of what it

15  states.  Except as expressly admitted and with regard to any and all remaining

16  allegations in Paragraph 12, Answering Defendant denies each and every allegation

17  contained therein.

18    13.   Answering paragraph 13 of the First Amended Complaint, Answering

19  Defendant admits that on or about May 20, 2011, Defendant Napoli Bern Ripka &

20  Associates, LLP entered into a written agreement with Plaintiff ("Agreement 2"), a

21  copy of which (with the exception of Exhibit C to Agreement 2) is attached as

22  Exhibit 2 to Plaintiff's First Amended Complaint.  Answering Defendant alleges

23  that Agreement 2 is the best evidence of what it states.  Except as expressly

24  admitted and with regard to any and all remaining allegations in Paragraph 13,

25  Answering Defendant denies each and every allegation contained therein.

26    14.   Answering paragraph 14 of the First Amended Complaint, Answering

27  Defendant admits the allegations contained therein.

28    15.   Answering paragraph 15 of the First Amended Complaint, Answering

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Defendant re-alleges and incorporates by reference paragraphs 1 through 15 of this Answer as set forth above.

16.     Answering paragraph 16 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendant denies each and every allegation contained therein.

17.     Answering paragraph 17 of the First Amended Complaint, Answering Defendant re-alleges and incorporates by reference paragraphs 1 through 16 of this Answer as set forth above.

18.     Answering paragraph 18 of the First Amended Complaint, Answering Defendant denies each and every allegation contained therein.  Further, paragraph 18 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendant lacks information or belief sufficient to either admit or denies the allegations and, on that basis, denies each and every allegation contained therein.

19.     Answering paragraph 19 of the First Amended Complaint, Answering Defendant alleges that Agreement 2 is the best evidence of what it states.  Further, paragraph 19 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, except as expressly admitted, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

20.     Answering paragraph 20 of the First Amended Complaint, Answering Defendant alleges that Agreement 2 is the best evidence of what it states.  Further, paragraph 20 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT

may be required, except as expressly admitted, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

21.    Answering paragraph 21 of the First Amended Complaint, Answering Defendant alleges that Agreement 2 is the best evidence of what it states.  Further, paragraph 21 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, except as expressly admitted, Answering Defendant lacks information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

22.    Answering paragraph 22of the First Amended Complaint, Answering Defendant alleges that Agreement 2 is the best evidence of what it states.  Further, paragraph 22 contains legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, except as expressly admitted, Answering Defendant lack information or belief sufficient to either admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

23.    Answering paragraph 23 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendant denies each and every allegation contained therein.

24.    Answering paragraph 24 of the First Amended Complaint, the allegations contained therein are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response.  To the extent that a response may be required, Answering Defendant denies each and every allegation contained therein.

25.    Answering paragraph 25 of the First Amended Complaint, the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   allegations contained therein are legal conclusions or recitations of the law as

2   alleged by Plaintiff, and as such, they do not require a response.  To the extent a

3   response may be required, Answering Defendant denies each and every allegation

4   contained therein.

5          26.     Answering paragraph 26 of the First Amended Complaint, Answering

6   Defendant re-allege and incorporate by reference paragraphs 1 through 25 of this

7   Answer as set forth above.

8          27.     Answering paragraph 27 of the First Amended Complaint, the

9   allegations contained therein are legal conclusions or recitations of the law as

10   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

11   a response may be required, Answering Defendant denies each and every allegation

12   contained therein.

13          28.     Answering paragraph 28 of the First Amended Complaint, the

14   allegations contained therein are legal conclusions or recitations of the law as

15   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

16   a response may be required, Answering Defendant denies each and every allegation

17   contained therein.

18          29.     Answering paragraph 29 of the First Amended Complaint, Answering

19   Defendant denies each and every allegation contained therein.

20          30.     Answering paragraph 30 of the First Amended Complaint, the

21   allegations contained therein are legal conclusions or recitations of the law as

22   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

23   a response may be required, Answering Defendant denies each and every allegation

24   contained therein.

25          31.     Answering paragraph 31 of the First Amended Complaint, the

26   allegations contained therein are legal conclusions or recitations of the law as

27   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

28   a response may be required, Answering Defendant denies each and every allegation

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT

1  contained therein.

2      32.    Answering paragraph 32 of the First Amended Complaint, the

3  allegations contained therein are legal conclusions or recitations of the law as

4  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

5  a response may be required, Answering Defendant denies each and every allegation

6  contained therein.

7      33.    Answering paragraph 33 of the First Amended Complaint, Answering

8  Defendant re-alleges and incorporates by reference paragraphs 1 through 32 of this

9  Answer as set forth above.

10     34.    Answering paragraph 34 of the First Amended Complaint, Answering

11  Defendant denies each and every allegation contained therein.

12     35.    Answering paragraph 35 of the First Amended Complaint, the

13  allegations contained therein are legal conclusions or recitations of the law as

14  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

15  a response may be required, Answering Defendant denies each and every allegation

16  contained therein.

17     36.    Answering paragraph 36 of the First Amended Complaint, Answering

18  Defendant re-alleges and incorporates by reference paragraphs 1 through 35 of this

19  Answer as set forth above.

20     37.    Answering paragraph 37 of the First Amended Complaint, the

21  allegations contained therein are legal conclusions or recitations of the law as

22  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

23  a response may be required, Answering Defendant denies each and every allegation

24  contained therein.

25     38.    Answering paragraph 38 of the First Amended Complaint, the

26  allegations contained therein are legal conclusions or recitations of the law as

27  alleged by Plaintiff, and as such, they do not require a response.  To the extent that

28  a response may be required, Answering Defendant denies each and every allegation

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT

1   contained therein.

2       39.    Answering paragraph 39 of the First Amended Complaint, the

3   allegations contained therein are legal conclusions or recitations of the law as

4   alleged by Plaintiff, and as such, they do not require a response.  To the extent that

5   a response may be required, Answering Defendant denies each and every allegation

6   contained therein.

7       40.    Answering paragraph 40 of the First Amended Complaint, at this time

8   Answering Defendant lacks information or belief sufficient to either admit or deny

9   the allegations and, on that basis, denies each and every allegation contained

10  therein.

11      41.    Answering paragraph 41 of the First Amended Complaint, at this time

12  Answering Defendant lacks information or belief sufficient to either admit or deny

13  the allegations and on that basis, deny each and every allegation contained therein.

14      42.    Answering paragraph 42 of the First Amended Complaint, at this time

15  Answering Defendant lacks information or belief sufficient to either admit or deny

16  the allegations and, on that basis, denies each and every allegation contained

17  therein.

18      43.    Answering paragraph 43 of the First Amended Complaint, at this time

19  Answering Defendant lacks information or belief sufficient to either admit or deny

20  the allegations and, on that basis, denies each and every allegation contained

21  therein.

22      44.    Answering paragraph 44 of the First Amended Complaint, at this time

23  Answering Defendant lacks information or belief sufficient to either admit or deny

24  the allegations and, on that basis, denies each and every allegation contained

25  therein.

26      45.    Answering paragraph 45 of the First Amended Complaint, the

27  allegations contained therein are legal conclusions or recitations of the law as

28  alleged by Plaintiff, and as such, they do not require a response.  To the extent a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  response may be required, Answering Defendant denies each and every allegation

2  contained therein.

3      **Prayer**:  In response to Plaintiff's Prayer for Relief contained in his First

4  Amended Complaint, Answering Defendant denies that Plaintiff is entitled to any

5  type of relief requested, including but not limited to compensatory damages,

6  punitive damages, restitution, injunctive relief, or costs and expenses of this action,

7  or any relief whatsoever.

8                    **AFFIRMATIVE DEFENSES**

9      Answering Defendant further asserts the following affirmative defenses.  By

10 asserting these defenses, Answering Defendant does not concede that it has the

11 burden of production or proof as to any affirmative defense asserted below.

12 Further, Answering Defendant does not presently know all of the facts concerning

13 the conduct of Plaintiff sufficient to state all affirmative defenses at this time.

14 Answering Defendant is informed and believes that a reasonable opportunity for

15 investigation and discovery will reveal facts in support of the following affirmative

16 defenses.

17                **FIRST AFFIRMATIVE DEF'ENSE**

18                  **(Failure to State a Claim)**

19     1.     As a separate and distinct affirmative defense to the First Amended

20 Complaint, Answering Defendant alleges that the First Amended Complaint fails to

21 state facts sufficient to constitute a claim upon which relief may be granted.

22              **SECOND AFFIRMATIVE DEFENSE**

23       **(Lack of Subject Matter Jurisdiction - Binding Arbitration)**

24     2.     As a separate and distinct affirmative defense to the First Amended

25 Complaint, Answering Defendant alleges that the Court lacks subject matter

26 jurisdiction over the First Amended Complaint and each cause of action therein, or

27 some of them, to the extent that Plaintiff is subject to an agreement requiring him to

28 submit his claims against Defendant Napoli Bern Ripka & Associates to binding

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT

arbitration under American Arbitration Association rules.

### THIRD AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

3.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each claim set forth therein, or some of them, are barred by the equitable doctrines of unclean hands, estoppel, laches, and unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each claim set forth therein against Answering Defendant are barred by the doctrine of consent.

### FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that that any monies owed to Plaintiff have been paid in full and any obligations they may have owed to Plaintiff have been paid or otherwise satisfied in full.

### SIXTH AFFIRMATIVE DEFENSE

### (Contract Too Vague, Uncertain, Indefinite to be Enforced)

6.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and any claim for breach of contract is barred, in whole or in part, because the purported contract and/or agreement upon which the claim is based is too vague, uncertain, and indefinite to be enforced.

### SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants Fully Performed Duties)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

7.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that to the extent that any agreements, promises and/or covenants were made by Answering Defendant (and Answering Defendant denies that any was made), Answering Defendant fully performed its duties under any and all agreements between it and Plaintiff, and/or factors extraneous to the alleged contract(s) made performance impossible and, therefore, Answering Defendant did not breach or intend to breach any contract(s) between Plaintiff and Answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Mutuality of Agreement)

8.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that any purported contract is unenforceable for lack of mutuality of agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Impossibility)

9.      As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

## TENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

10.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that the First Amended Complaint and each cause of action set forth therein, or some of them, are barred because Answering Defendant's obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff was not able or willing to perform according to any offer by Answering Defendant under the alleged contract, if any.

DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP'S ANSWER TO FIRST AMENDED COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1 | **ELEVENTH AFFIRMATIVE DEFENSE**

2 | **(Reformation)**

3 |     11.    As a separate and distinct affirmative defense to the First Amended

4 | Complaint, Answering Defendant alleges that the First Amended Complaint and

5 | each cause of action set forth therein, or some of them, are barred due to

6 | reformation.

7 | **TWELFTH AFFIRMATIVE DEFENSE**

8 | **(Modification)**

9 |     12.    As a separate and distinct affirmative defense to the First Amended

10 | Complaint, Answering Defendant alleges that the First Amended Complaint and

11 | each cause of action set forth therein, or some of them, are barred because of

12 | modification of the alleged contract by written or oral agreement.

13 | **THIRTEENTH AFFIRMATIVE DEFENSE**

14 | **(Rescission)**

15 |     13.    As a separate and distinct affirmative defense to the First Amended

16 | Complaint, Answering Defendant alleges that the First Amended Complaint and

17 | each cause of action set forth therein, or some of them, are barred due to rescission.

18 | **FOURTEENTH AFFIRMATIVE DEFENSE**

19 | **(Mistake of Fact/Law)**

20 |     14.    As a separate and distinct affirmative defense to the First Amended

21 | Complaint, Answering Defendant alleges that the First Amended Complaint and

22 | each cause of action set forth therein, or some of them, are barred because, without

23 | admitting that any contract has been formed, of the parties' mistake of fact and/or

24 | law in connection with the formation of any contract.

25 | **FIFTEENTH AFFIRMATIVE DEFENSE**

26 | **(Plaintiff's Breaches of Good Faith and Fair Dealing)**

27 |     15.    As a separate and distinct affirmative defense to the First Amended

28 | Complaint, Answering Defendant alleges that the First Amended Complaint and

1   each cause of action set forth therein, or some of them, are barred because any

2   breaches of the alleged contract, which Answering Defendant deny, were excused

3   by Plaintiff's prior material breaches of the covenant of good faith and fair dealing.

4   ### SIXTEENTH AFFIRMATIVE DEFENSE

5   ### (Performance Frustrated)

6   16.   As a separate and distinct affirmative defense to the First Amended

7   Complaint, Answering Defendant alleges that the First Amended Complaint and

8   each cause of action set forth therein, or some of them, are barred because

9   Answering Defendant's obligations, if any, have been extinguished pursuant to

10  section 1495 of the Civil Code because Plaintiff prevented or frustrated Answering

11  Defendant's performance under the alleged contract.

12  ### SEVENTEENTH AFFIRMATIVE DEFENSE

13  ### (Failure to Plead with Specificity)

14  17.   As a separate and distinct affirmative defense to the First Amended

15  Complaint, Answering Defendant alleges that Plaintiff's fraud claim is barred

16  because the pleading is vague and uncertain, is not pled with particularity, fails to

17  properly plead any damages resulting from the alleged fraud, and fails to

18  demonstrate the specificity required for pleading of intentional torts.

19  ### EIGHTEENTH AFFIRMATIVE DEFENSE

20  ### (No Reasonable Reliance)

21  18.   As a separate and distinct affirmative defense to the First Amended

22  Complaint, Answering Defendant alleges that Plaintiff did not reasonably rely upon

23  any allegedly fraudulent statements or any promises or other statements allegedly

24  made by Answering Defendant.

25  ### NINETEENTH AFFIRMATIVE DEFENSE

26  ### (No Detrimental Reliance)

27  19.   As a separate and distinct affirmative defense to the First Amended

28  Complaint, Answering Defendant alleges that Plaintiff did not substantially change

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT

his position to his detriment in reliance upon any promises allegedly made to Plaintiff by Answering Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Alleged Representations Were True, Not Knowingly

### False, Opinion, and Based On Reasonable Ground)

20.     Answering Defendant alleges that Answering Defendant's alleged representations were true, or not knowingly false when made, or were merely statements of opinion, or Answering Defendant had a reasonable ground for such belief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty of Alleged Misrepresentations)

21.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's misrepresentation claims are unenforceable because the alleged misrepresentations by Answering Defendant were too uncertain and indefinite to be enforced.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Breach of Duty)

22.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant are informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, allege Plaintiff's claims are barred by his own breach of the duties owed to Answering Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

23.     As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that, to the extent during the course of this litigation Answering Defendant acquire any evidence of wrongdoing of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall reduce such claim as provided by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

24.    Answering Defendant alleges that each purported cause of action set forth in the First Amended Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the four-year limitations period contained in California Code of Civil Procedure section 337, the three-year limitations period contained in California Code of Civil Procedure section 338(d); the four-year limitations period contained in California Code of Civil Procedure section 343; and/or the four year limitations period contained in Business and Professions Code section 17208.

### TWENTY-FIFTH AFFIRMAT IVE DEFENSE

**(No Vicarious Liability)**

25.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that it is not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency, or otherwise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Comparative Fault/Contributory Negligence)**

26.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   entitled must be reduced by reason of Plaintiff's contributory fault and/or

2   comparative negligence.

3   ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4   ### (Doctrine of Avoidable Consequences)

5   27.   As a separate and distinct affirmative defense to the First Amended

6   Complaint, Answering Defendant alleges that Plaintiff's causes of action, and each

7   of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

8   ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9   ### (Failure to Mitigate)

10   28.   As a separate and distinct affirmative defense, Answering Defendant is

11   informed and believes that further investigation and discovery will reveal, and on

12   that basis allege that, without admitting that Plaintiff is entitled to any recovery,

13   Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

14   ## TWENTY-NINTH AFFIRMATIVE DEFENSE

15   ### (Set Off and/or Offset)

16   29.   As a separate and distinct affirmative defense to the First Amended

17   Complaint, Answering Defendant contend that Plaintiff is not entitled to recover

18   anything in this action, and were Plaintiff to obtain any monetary relief, any such

19   recovery must be offset and/or set off by all damages and losses proximately caused

20   by Plaintiff's conduct.

21   ## THIRTIETH AFFIRMATIVE DEFENSE

22   ### (Punitive Damages Unconstitutional)

23   30.   As a separate and distinct affirmative defense to the First Amended

24   Complaint, Answering Defendant alleges that Plaintiff is not entitled to recover any

25   punitive damages because the imposition of such damages constitutes a violation of

26   Answering Defendant's rights under the United States and/or California

27   Constitutions, including but not limited to, Answering Defendant's rights to due

28   process and/or equal protection under the law, and their right to protection from

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

"excessive fines."

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Alter Ego Liability)

31.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Answering Defendant is not the alter ego of any other defendant or entity.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Estoppel on Alter Ego Liability)

32.    As a separate and distinct affirmative defense to the First Amended Complaint, Answering Defendant alleges that Plaintiff is estopped from relying on the equitable alter ego doctrine because Plaintiff at all times knew and agreed that Defendants NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP; NAPOLI BERN RIPKA SHKOLNIK, LLP; NAPOLI, BERN RIPKA, LLP; NAPOLI, KAISER, BERN, LLP (the Entity Defendants) were entities separate from Answering Defendant.

## ADDITIONAL AFFIRMATIVE DEFENSES

Answering Defendant states that they do not presently know all facts concerning Plaintiff's claims sufficient to state all affirmative defenses at this time. Answering Defendant will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendant prays for relief as follows:

1.    That Plaintiff takes nothing and that the First Amended Complaint be dismissed in its entirety with prejudice;

2.    That judgment be entered in Answering Defendant's favor;

3.    That Answering Defendant be awarded its attorney's fees and costs of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    suit herein, to the extent permitted under applicable law; and

2           4.      That Answering Defendant be awarded such other, further relief as the

3    Court deems just and proper.

4

5    Dated:  April 16, 2018                    ROPERS, MAJESKI, KOHN &
                                               BENTLEY
6

7

8                                              By: ./s/ Stephen J. Erigero
                                               STEPHEN J. ERIGERO
9                                              TAHEREH MAHMOUDIAN
                                               Attorneys for Answering Defendants
10                                             NAPOLI BERN RIPKA &
                                               ASSOCIATES, LLP; NAPOLI
11                                             BERN RIPKA SHKOLNIK &
                                               ASSOCIATES, LLP; NAPOLI
12                                             BERN RIPKA SHKOLNIK, LLP;
                                               NAPOLI, BERN, RIPKA, LLP;
13                                             NAPOLI, KAISER, BERN, LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**CASE NAME:**   **WILLICK v. NAPOLI BERN RIPKA & ASSOCIATES, et al.**

**ACTION NO.:**   **2:15cv652**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document:

**DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP'S ANSWER TO FIRST AMENDED COMPLAINT**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☒   **Electronically Serviced Through ECF to:**

| | |
|---|---|
| James Lewis Goldman, Esq.<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA  90067<br>Email:  Jgoldman@millerbarondess.com<br>Phone:  (310) 552-4400<br>Fax:  (310) 552-8400 | Attorneys for Plaintiff Marc I. Willick, an individual |
| Kelly Drew Folger, Esq.<br>ANDREWS LAGASSE BRANCH AND BELL LLP<br>4365 Executive Drive, Suite 950<br>San Diego, CA  92121<br>Email:  Kfolger@albblaw.com<br>Phone: (858) 461-6606<br>Fax:  (858) 461-6608 | Attorneys for Defendant Marc J. Bern, an individual |
| Traci S. Lagasse, Esq.<br>ANDREWS LAGASSE BRANCH AND BELL LLP<br>4365 Executive Drive, Suite 950<br>San Diego, CA  92121<br>Email:  Tlagasse@albblaw.com<br>Phone:  (858) 345-5080<br>Fax:  (858) 345-5025 | |
| Todd E. Croutch, Esq.<br>FRASER WATSON AND CROUTCH<br>100 West Broadway, Suite 650<br>Glendale, CA  91210<br>Email:  Tcroutch@fwcllp.com<br>Phone:  (818) 543-1380<br>Fax:  (818) 543-1389 | Attorneys for Defendant Paul J. Napoli, an individual |

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

4832-4507-6066.1

DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP'S ANSWER TO FIRST AMENDED COMPLAINT

1        I declare under penalty of perjury under the laws of the State of California

2   that the foregoing is true and correct.

3   Dated:  April 16, 2018                    /s/ Kimberly Cederquist

4                                         Kim Cederquist

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

- 21 -

DEFENDANT NAPOLI BERN RIPKA &
ASSOCIATES, LLP'S ANSWER TO FIRST
AMENDED COMPLAINT