**EXHIBIT "31"**

**James Goldman**

| | |
|---|---|
| **From:** | James Goldman |
| **Sent:** | Friday, August 03, 2018 2:39 PM |
| **To:** | Hon. Richard Stone (Ret.) (judgestone@benchmarkresolution.com) |
| **Cc:** | Colin Rolfs; Traci S. Lagasse; Kelly Folger; stephen.erigero@rmkb.com; tahereh.mahmoudian@rmkb.com; Todd E. Croutch |
| **Subject:** | Willick v. Napoli Bern |
| **Attachments:** | 393034_2.docx |

Your Honor:

Per the e-mail that you circulated yesterday, attached is a proposed award in Microsoft Word format.

Please note that:

1. The proposed award that you prepared permits "other costs" to be "sought by a memorandum of costs." Willick does not want to delay the entry of a final, confirmable award; and, therefore, he is willing to waive his right to recover additional costs. The attached award includes a confirmation of this waiver and would preclude any additional amounts to be added to the award.

2. Your proposed award provides for Plaintiff to dismiss his other claims against Napoli Bern. Again, I have provided a provision that confirms that Willick has waived his remaining claims against Napoli Bern; I don't think that anything more is needed.

JLG


**James Goldman**
MILLER | BARONDESS LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7569
Main: 310-552-4400
Mobile: 818-631-0177
Fax: 310-552-8400
jgoldman@millerbarondess.com
www.millerbarondess.com

1  Honorable Richard A. Stone (Ret.)
   BENCHMARK RESOLUTION GROUP
2  633 West 5th Street, Suite 1000
   Los Angeles, California 90071
3  (213) 622-1002 PH
4  Arbitrator

BENCHMARK RESOLUTION GROUP, LLC.

| | |
|---|---|
| MARC I. WILLICK, an individual, | ADRS CASE NO. 15-6722-RAS |
| Plaintiff, | FINAL AWARD ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP |
| v. | |
| NAPOLI BERN RIPKA & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA, LLP, a purported limited liability partnership; NAPOLI KAISER BERN, LLP, a purported limited liability partnership; MARC J. BERN, an individual; PAUL J. NAPOLI, an individual; and DOES 1 through 50, | |
| Defendants. | |

393034.2

FINAL AWARD ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES, LLP

# FINAL AWARD

This Final Award is based on the following facts:

1. In 2011, Plaintiff/Claimant Marc I. Willick, a California-based attorney, entered into two contracts with Defendant Napoli Bern Ripka & Associates, LLP ("Napoli Bern"). In the first contract, Willick agreed to serve as local counsel for Napoli Bern. In the second contract, Willick agreed to join Napoli Bern as an employee, and Napoli Bern agreed to make certain payments to Willick based on fees received by Napoli Bern from cases that Willick or his "Referral Sources" (which were identified in an exhibit to the second contract) referred to Napoli Bern. The second contract effectively superseded the first contract.

2. Willick's employment with Napoli Bern terminated in or about December 2012.

3. On December 12, 2014, Willick filed a complaint in the Los Angeles Superior Court against Napoli Bern, its two equity partners – Paul Napoli ("Napoli") and Marc Bern ("Bern"), and certain other partnerships that succeeded to or were otherwise a reformulation of Napoli Bern's business and in which Napoli and Bern were the two equity partners. Willick alleged, among other things, that Napoli Bern had received fees on cases that Willick or his Referral Sources had referred to Napoli Bern but had failed and refused to make any payments to Willick on account of such fees. Willick alleged claims for an accounting and breach of contract, among other theories.

4. On January 28, 2015, all Defendants other than Napoli and Bern (the "Entity Defendants") removed the case to the United States District Court for the Central District of California.

5. Thereafter, Defendants answered Willick's complaint. They denied the material allegations in the complaint and alleged various affirmative defenses.

6. On June 17, 2017, the Entity Defendants moved to compel arbitration of Willick's claims against them. Napoli and Bern joined in the motion. Willick opposed the motion.

7. On August 20, 2015, the District Court granted the motion to compel arbitration.

8. On September 15, 2015, the undersigned was appointed as the Arbitrator.

9. On September 15, 2017, Napoli Bern moved for judgment on Willick's first cause

of action for an accounting, contending that Willick was not entitled to an accounting under New York law.

10. On October 6, 2017, following hearings on October 5 and 6, 2017, the Arbitrator denied Napoli Bern's motion. In doing so, the Arbitrator found that Willick was, in fact, entitled to an accounting for purposes of compiling information concerning the cases that Willick's Referral Sources referred to the Entity Defendants, including the amount of fees received by them on such cases.

11. At the conclusion of the hearing on October 6, 2017, all parties agreed and the Arbitrator decided that a further hearing on whether Willick was entitled to an accounting was unnecessary in light of the decision made by the Arbitrator on October 7, 2017. It was further agreed by the parties and the Arbitrator that the remaining issues regarding the accounting – specifically, the information to be included in the accounting (based on the Arbitrator's interpretation of the second contract), who would conduct the accounting, and who would pay for the accounting – would be addressed in and decided based on written submissions and a hearing before the Arbitrator. The parties then provided those submissions later in October 2017.

12. On November 1, 2017, the Arbitrator issued a tentative ruling on the scope of the accounting. The Arbitrator also tentatively ruled that Napoli Bern would be obligated to pay for the cost of the accounting. Further hearings were conducted on November 5 and 11, 2017. At the conclusion of the hearing on November 11, 2017, the Arbitrator adopted the tentative rulings issued on November 1, 2017 as his final rulings, and appointed the accountant proposed by Napoli Bern—Bjorn Malmlund of Ernst & Young—to conduct the accounting.

13. On January 11, 2018, the Arbitrator issued an Interim Award, confirming the tentative rulings made in November 2017. The Interim Award thus: (a) confirmed that Willick is entitled to an award in his favor of his first cause of action and, in particular, to an accounting; (b) identified the information to be included in the accounting; (c) determined the scope of the accounting, including the cases to be included in the accounting; (d) construed the contracts between Willick and Napoli Bern; (e) directed Napoli Bern to pay for the cost of the accounting; (f) confirmed the appointment of Mr. Malmlund as the accountant; and (g) required all Defendants

to cooperate with the Accountant. There was a further hearing before the Arbitrator on January 27, 2018; and on the same day, the Arbitrator issued a revised version of the Interim Award dated January 11, 2018. Insofar as Napoli Bern's liability to Willick (as determined in this Award) is concerned, the revisions are immaterial.[1]

14. Napoli Bern did not provide the $100,000 retainer required by the Accountant or execute an engagement agreement with the Accountant, as the Accountant had requested. Therefore, work on the accounting did not commence, and Napoli Bern did not comply with its obligations under the Interim Award.

15. On March 9, 2018, Willick submitted and served a motion for terminating and monetary sanctions against Napoli Bern ("Sanctions Motion"). Willick sought to have Napoli Bern's answer to Willick's causes of action for an accounting and breach of contract stricken and to have monetary sanctions imposed on Napoli Bern on the grounds that Napoli Bern had failed to comply with the Interim Award.

16. On April 28, 2018, the Arbitrator issued a tentative ruling to grant the Sanctions Motion. Shortly thereafter, counsel for the parties requested the Arbitrator to defer issuing a final ruling on the Sanctions Motion pending the completion of a mediation, although they agreed that the hearing on the Sanctions Motion would proceed on May 1, 2018, as scheduled.

17. The hearing on the sanctions motion took place before the Arbitrator on May 1, 2018. All parties appeared through their respective counsel of record. The Arbitrator stated that he intended to grant the Sanctions Motion, but, as requested, would defer issuing a formal ruling. The Arbitrator also set June 16, 2018 as a date for conducting a prove-up hearing.

18. The mediation was not successful. Thereafter, Napoli Bern tendered a payment to Ernst & Young in the amount of $110,000.

---

[1] The purposes of the Interim Award of January 27, 2018 were to make it clear that the Interim Award concerned only Napoli Bern's liability to Willick, and not the liability of the other defendants; to confirm that the accounting was granted in response to Willick's contention that Napoli Bern violated an employment-related law, rule or regulation; and to order Napoli and Bern to cooperate with the accountant and direct the employees at the current laws firms to provide such cooperation.

393034.2

4

**FINAL AWARD ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT NAPOLI BERN RIPKA & ASSOCIATES. LLP**

19. A hearing was conducted on June 30, 2018 (after the parties requested a continuance of the hearing that had been scheduled for June 16, 2018). All parties appeared through their counsel. The Arbitrator denied a request by Napoli Bern to reconsider and deny the Sanctions Motion on the basis of the payment tendered to Ernst & Young, granted the Sanctions Motion, and conducted a prove-up hearing.

20. On July 3, 2018, after considering the briefs, declarations, evidence, and argument of counsel submitted in support of and in opposition to the Sanctions Motion, the Arbitrator issued an "Order re: Claimant's Motion for Terminating and Monetary Sanctions," confirming its decision to grant the Sanctions Motion in full, strike Napoli Bern's answer to Willick's causes of action for an accounting and breach of contract, enter a default against Napoli Bern on those two causes of action, and grant Willick's request for monetary sanctions. The Order also confirms that a prove-up hearing had been conducted on June 30, 2018.

21. On August 2, 2018, the Arbitrator issued a "[Tentative] Order re: Plaintiff's Motion for Entry of Default Award; Award" dated August 2, 2018, stating that Willick quantified the amounts to which Willick is entitled as damages and monetary sanctions.

22. Willick has advised the Arbitrator that, as to Napoli Bern only, Willick is willing to waive his right to recover costs except to the extent that they are included in the award of monetary sanctions in his favor, and that he is willing to waive his right to seek any recovery against Napoli Bern on any of his causes of action other than his First and Second Causes of Action (for an accounting and for breach of contract).

23. The findings stated above are intended to supersede any inconsistent statements or findings in any prior orders, rulings or awards issued by the Arbitrator in this matter.

**NOW, THEREFORE, THE ARBITRATOR HEREBY MAKES THE FOLLOWING AWARD:**

A. With respect to Willick's Complaint filed on December 12, 2014 and Napoli Bern's Answer to the Complaint, Napoli Bern's right to contest Willick's First Cause of Action for an Accounting and/or Willick's Second Cause of Action for Breach of Contract is hereby terminated,

its Answer to those Causes of Action is hereby stricken, and those Causes of Action are hereby decided in favor of Willick and against Napoli Bern by way of default;

  B. On Willick's First Cause of Action, the Arbitrator finds that Willick is entitled to $3,355,260.00 for his share of the fees received by Napoli Bern on cases referred to Napoli Bern by Willick's Referral Sources.

  C. On Willick's Second Cause of Action, Willick is entitled to damages against Napoli Bern in the amount of 3,355,260.00 and to prejudgment interest in the amount of $724,198.53, for a total award of $4,079,458.53.

  D. Willick is also awarded monetary sanctions against Napoli Bern in the amount of $44,198.00.

  E. Based on the waivers referenced in paragraph 22 above, the relief granted in paragraphs A-D above is and will be the only relief granted to Willick against Napoli Bern. However, nothing contained in this Final Award shall impair Willick's rights with respect to, or any of his claims against, any Defendant other than Napoli Bern. Therefore, the Arbitrator reserves jurisdiction over Willick's claims against all Defendants other than Napoli Bern.

DATED: August ___, 2018

              _____
              Hon. Richard A. Stone (Ret.)
              Arbitrator