Richard L. Charnley (State Bar No. 70430)
Annie Rian (State Bar No. 260960)
**CHARNLEY RIAN LLP**
12121 Wilshire Blvd. Suite 600
Los Angeles, CA 90025
Telephone:  310.321.4300
Facsimile:  310.893.0273
Email:      rlc@charnleyrian.com
            ar@charnleyrian.com
Attorneys for Defendants, PAUL NAPOLI,
PLLC, PAUL NAPOLI LAW, PLLC,
NAPOLI KAISER & ASSOCIATES, LLP,
AND NAPOLI LAW, PLLC, NAPOLI
SHKOLNIK, PLLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MARC I. WILLICK, an individual, | Case No.  2:15-cv-00652-AB-CE |
| Plaintiff, | *[Assigned to Hon. Andre Birotte, Jr.; and Magistrate Judge Charles F. Eick]* |
| v. | |
| NAPOLI BERN RIPKA & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA SHKOLNIK, LLP, a purported limited liability partnership; NAPOLI BERN RIPKA, LLP, a purported limited liability partnership; NAPOLI KAISER BERN, LLP, a purported limited liability partnership; MARC J. BERN, an individual; PAUL J. NAPOLI, an individual; NAPOLI BERN, LLP, a limited liability partnership; NAPOLI, KAISER, BERN & ASSOCIATES, LLP, a limited liability partnership; NAPOLI, BERN & ASSOCIATES, LLP, a limited Liability partnership; LAW OFFICES OF NAPOLI BERN, LLP, a limited liability partnership; LAW OFFICES OF NAPOLI BERN RIPKA & ASSOCIATES LLP, a limited liability partnership; LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK LLP, a limited liability partnership; | **NAPOLI KAISER & ASSOCIATES LLP'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>HEARING DATE: 03/01/2019<br>TIME:                  10:00 a.m.<br>COURTROOM:   Hon. Andre Birotte |

| | |
|---|---|
| 1 | LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES |
| 2 | LLP, a limited liability partnership; PASTERNACK TILKER NAPOLI |
| 3 | BERN, LLP, limited liability partnership; NAPOLI SHKOLNIK |
| 4 | PLLC, a professional limited liability company; NAPOLI LAW PLLC, a |
| 5 | professional limited liability company; PAUL NAPOLI LAW PLLC, a |
| 6 | professional limited liability company; BERN RIPKA LLP, a limited liability |
| 7 | partnership; MARC J. BERN & PARTNERS LLP, a limited liability |
| 8 | partnership; NAPOLI & BERN LLP a limited liability partnership; MARC J. |
| 9 | BERN PLLC, a professional limited liability company; NAPOLI, KAISER |
| 10 | & ASSOCIATES, LLP, a limited liability partnership; NAPOLI, BERN, |
| 11 | KRENSTEL & GUZMAN, LLP, a limited liability partnership; WORBY, |
| 12 | GRONER, EDELMAN & NAPOLI, BERN, LLP, a limited liability |
| 13 | partnership; PAUL NAPOLI PLLC, a professional limited liability company, |
| 14 | and DOES 1 through 50, |
| 15 | |
| 16 | Defendants. |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-2-

**NAPOLI KAISER & ASSOCIATES LLP'S NOTICE OF MOTION AND MOTION TO DISMISS**

1

## TABLE OF CONTENTS

2      NOTICE....................................................................................3

3

4      MEMORANDUM OF POINTS AND AUTHORITIES..............................4

5        I.   INTRODUCTION........................................................................4

6        II.  STATEMENT OF FACTS...........................................................5

7        III. LEGAL STANDARD...................................................................7

8              a.  FRCP Rule 12 (b)(2).........................................................7

9              b.  Rule 12(b)(6)..................................................................9

10

11     IV. LEGAL ARGUMENT.................................................................10

12             a.  The Court Lacks General Jurisdiction Because the Firm Is a Foreign
                   Entity With Principal Place of Business Outside California.........10

13             b.  The Court Lacks Specific Jurisdiction As to The Firm...............12

14             c.  Plaintiff Fails to Plead a Prima Facie Showing of Alter Ego to
15                 Support Personal Jurisdiction...........................................14

16             d.  Plaintiff Has Failed to State a Claim Against Napoli Kaiser &
                   Associates LLP...............................................................17

17

18     V. CONCLUSION.........................................................................18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*ADO Finance, AG v. McDonnell Douglas Corp.*, 931 F.Supp. 711 (C.D. Cal. 1996)..............................................................................................9,14

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784 (9th Cir. 1977) ............... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................ 9

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir.1988)........................ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 9

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)..................................... 7

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, (2017)...........................................................11-13

*Britton v.. Co-op Banking Group*, 4 F.3d 742 (9th Cir.1993) ............................ 17

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................. 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)...............................7,8,10,11,12

*Egan v. Mutual of Omaha Insurance Company*, 24 Cal.3d 809 (1979)............... 17

*Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) . 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)............ 8

*Gruenberg v. Aetna Ins.* Co., 9 Cal.3d 566 (1973)....................................... 17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ......... 12

*Henry v. Assoc. Indem. Corp.*, 217 Cal.App.3d 1405 (1990)............................ 17

*Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636 (C.D.Cal.1983) ............... 16

*In re Western States Wholesale Natural Gas Antitrust Litig. V. Oneok, Inc.*, 715 F.3d 716, (9th Cir. 2013) .................................................................... 7

*In re: Packaged Seafood Products Antitrust Litigation*, 2018 WL 4222506 (U.S.D.C. 2018)................................................................................ 8

*International Shoe Co. v. State of Washington*, 326 U.S. 310, (1945)................... 8

*Intl. Union of Operating Engineers, Loc. 3 v. Zurich N.A.*, S06-0957 WBSKJM, 2006 WL 2791156, at *3 (E.D. Cal. Sept. 27, 2006) ........................ 17

*J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).............................. 8

*Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y. 2 135 (1993)17

*NuCal Foods, Inc. v. Quality Egg LLC, 887 F.Supp.2d 977* (E.D. Cal. 2012) 9, 14

*Pebble Beach Company v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ......................... 7

*Ranza v. Nike (2015)* 793 F.3d 1059 (9th Cir.) ........................................... 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)......... 12

*Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986)........................................... 9

*Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d 1060, (C.D.Cal. 2002)...........................................................................14,16

*Walden v. Fiore*, 134 S. Ct. 1115 (2014)..................................................... 8

*Zoran Corp. v. Chen*, 185 Cal.App.4th 799 (2010)....................................... 15

-ii-

**Statutes**

Cal. Civ. Proc. Code § 410.10.................................................................... 12

**Rules**

Fed. R. Civ. Pro. 12(b)(2)..............................................................3,4
Fed. R. Civ. Pro. 12(b)(6)..............................................................3,4,9,14
Fed. Rule Civ. Proc. 4(k)(1)(A)........................................................3,12

NAPOLI KAISER & ASSOCIATES LLP'S NOTICE OF MOTION AND MOTION TO DISMISS

1 TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on March 1, 2019 at 10:00 a.m. in the

3 Courtroom of the Honorable Andre Birotte, Jr. of the above referenced court,

4 located at 255 East Temple Street, Los Angeles CA 90012, Defendant Napoli

5 Kaiser & Associates LLP will move to dismiss the First Amended Complaint

6 pursuant to Fed. R. Civ. P. 12(b)(2) and (6) on the ground that the court lacks

7 personal jurisdiction and failure to state a claim.

8      This motion will be based upon this Notice, the attached Memorandum of

9 Points and Authorities, the Declarations of Paul Napoli and Annie Rian, the files

10 and records in this action, argument of counsel, and upon such other and further

11 matter adduced at the hearing or of which the court takes judicial notice.

12      This Motion is made following the conference of counsel pursuant to L.R.

13 Rule 7-3 which took place on January 3, 2019-January 4, 2019. (Declaration of

14 Annie Rian, ¶ 2.)

15

16

17

18

19 Dated: January 11, 2019           CHARNLEY RIAN LLP

20                        By: _____

21                            RICHARD L. CHARNLEY

                           ANNIE RIAN

22                        Attorneys for Defendants, PAUL

                       NAPOLI, PLLC, PAUL NAPOLI

23                        LAW, PLLC, NAPOLI KAISER &

                       ASSOCIATES, LLP, AND NAPOLI

24                        LAW, PLLC, NAPOLI SHKOLNIK,

                       PLLC

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The instant matter was commenced in California Superior Court and removed to this Court.  The case was stayed until March 23, 2018, when the Court granted plaintiff Marc Willick's ("Willick") motion to amend and plead a First Amended Complaint (the "FAC").

One of the defendants added by way of the FAC, Napoli Kaiser & Associates LLP (herein "the Firm") respectfully moves for an order dismissing this action on the basis of lack of personal jurisdiction and for failure of the First Amended Complaint (the "FAC") to state a claim, pursuant to Fed. R. Civ. Pro. 12(b)(2) and (6).

As discussed below:

1.  The FAC alleges only that the Firm is purportedly a limited liability partnership and company, but otherwise fails to allege the location of the Firm's "charter" and its principal place of business.  The firm was registered with the State of New York, and its principal place of business when it was operating was in that state.  (Declaration of Paul Napoli ("Paul Dec.") ¶¶ 2, 6, 7.).  Hence, the California courts, including the U.S. District Court for Central California, have no general jurisdiction over the Firm.

2.  The FAC omits any allegation of a direct connection of any type between Willick and the Firm, including any actions of the Firm in the State of California; therefore, specific jurisdiction cannot exist on this ground.

-4-

3.  The Firm had stopped operating on or about 2003, long before any agreement with Willick existed.  The Firm was not a contracting party to the agreements with Willick and thus, Plaintiff has failed to state a claim against The Firm upon which relief can be granted.

By naming the Firm, Willick is obviously overreaching, but the attempt fails. The Court has no personal jurisdiction over the Firm for the claims made in the FAC, and thus the Firm should be dismissed with prejudice from further proceedings.

## II. STATEMENT OF FACTS

On December 12, 2014, Willick filed his Complaint against a number of individuals and entities ("Original Defendants") for claims arising from two contracts Willick signed with a different firm named Napoli Bern Ripka & Associates, LLP (not the Firm here).  The agreements were signed on March 7, 2011 ("March Agreement") and May 20, 2011 ("May Agreement").  "FAC" ¶¶ 12, 13.)  In the March Agreement, Willick agreed that his law office would act as local counsel for Original Defendants in asbestos cases that the Original Defendants referred to Willick, and in return Willick would receive 10% of the fees that these cases generated and the Original Defendants would receive 90%.  (*Id.* at ¶12.)  In the May Agreement, Original Defendants agreed to employ Willick.  (*Id.* ¶ 13.)  On or about December 14, 2012, Willick terminated his employment with the Original Defendants.  (*Id.* at ¶ 14.)  The FAC contains no new allegations regarding the March and May Agreements.  The FAC does not allege that the Firm was a party to either of these Agreements.

In his FAC, Willick alleged that Original Defendants filed and litigated many cases in Willick's name without his knowledge or consent.  (*Id.* ¶ 18.)  Willick further alleges that those cases generated fees, the Original Defendants received

-5-

1  those fees, and Willick is entitled to compensation in connection with those cases.

2  (*Id.* ¶ 19.)  The FAC contains no new allegations regarding Willick's entitlement to

3  a portion of the "fees."  The FAC does not allege that the Firm litigated these cases

4  or received the fees.

5      The FAC contains only conclusory allegations of alter ego as to the Firm,

6  failing to plead any facts that are particular to the Firm, its business in California,

7  its formation, this case, or the Firm's relationship to Willick.  Instead, Willick

8  clumps the Firm with four other entities, calls them all the "Napoli Entities" and

9  then alleges that they are all somehow Paul's "alter egos".  Willick then plods

10  through a boilerplate list of generic alter ego factors, attributing each factor to all of

11  the Napoli Entities, including the Firm, without discretion and without any specific

12  factual allegations.  As part of this alter ego theory of liability, Willick alleges in

13  the same boiler plate fashion that the "Napoli Entities" are also successor in interest

14  of Napoli Bern Ripka & Associates, LLP.

15      In other words, when Willick included the Firm as an alter ego defendant in

16  the FAC, he was just guessing, and he guessed wrong.

17      In truth:

18      The Firm was registered with the New York State Division of Corporations

19  on March 12, 1997. Marie left the firm on or about February 2, 2000. The firm

20  began to wind down after this time.   The firm stopped operating sometime in 2003.

21  The Firm's registration was revoked on July 25, 2012. (Paul Dec. ¶ 3.)  The Firm

22  only conducted business in the state of New York and New Jersey when it was

23  operating.  It never had any California cases, offices, or employees. (Paul Dec. ¶ 4.)

24      The Firm is not handling, nor has it ever handled, any cases allegedly

25  referred by Willick. (Paul Dec. ¶ 5.)   The Firm never entered into any agreements

26  with Willick. (Paul Dec. ¶ 6.)

27      The Firm has a single office in the state of New York, located at 115

28  Broadway, 12th Floor, New York, New York 10006.  The Firm maintained this

office since March 12, 1997 until approximately 2003 when it stopped operating. (Paul Dec. ¶ 7.)

The Firm has never assumed the liability of Napoli Bern Ripka & Associates, LLP. (Paul Dec. ¶ 8.) The Firm has never received any transfer of assets from Napoli Bern Ripka & Associates, LLP. (Paul Dec. ¶ 9.)

## III.   LEGAL STANDARD

### a. FRCP Rule 12 (b)(2)

FRCP Rule 12(b)(2) authorizes a district court to dismiss an action for lack of personal jurisdiction. The party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating jurisdiction. *Pebble Beach Company v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re Western States Wholesale Natural Gas Antitrust Litig. V. Oneok, Inc.*, 715 F.3d 716, 741 (9th Cir. 2013); see also *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Personal jurisdiction comes in two forms: general and specific. A court having general or "all-purpose" jurisdiction over an out-of-state defendant can "hear any and all claims against" that defendant, but only if the defendant's affiliations with the forum state "are so constant and pervasive as to render it essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal quotation marks and brackets omitted). A corporate defendant that operates in many places can scarcely be deemed at home in all of them. *Id. at* 139, FN 20. By extension this concept applies to other business entities such as LLC's. In practice, this means that such defendants will be subject to general personal jurisdiction only in their state of incorporation/formation and/or principal place of business. *Id.* General jurisdiction is not limited to these forums but will only be

-7-

1   available elsewhere in the exceptional case where its affiliations with a forum are so

2   substantial and of such nature as to render the corporation at home. *In re:*

3   *Packaged Seafood Products Antitrust Litigation,* 2018 WL 4222506 (U.S.D.C.

4   2018). As *International Shoe* itself teaches, a corporation's continuous activity of

5   some sorts within a state is not enough to support the demand that the corporation

6   be amenable to suits unrelated to that activity." *Daimler AG, supra,* 571 U.S. at

7   132 quoting *International Shoe v. State of Washington,* 326 U.S. 310, 318 (1945).

8          Absent general personal jurisdiction, specific jurisdiction may be established,

9   but only if due process requirements are met. Here, "due process" requires that a

10  defendant must have certain minimum contacts with the forum state "such that the

11  maintenance of the suit does not offend traditional notions of fair play and

12  substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310,

13  316 (1945). It follows, thus, that courts may exercise specific or "case-linked"

14  jurisdiction over an out-of-state defendant **only** when the claims at issue "arise out

15  of or relate to" the "defendant's suit-related conduct," and only when such conduct

16  creates "a substantial connection with the forum state." *Walden v. Fiore,* 134 S. Ct.

17  1115, 1121-22 & n.6 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown,*

18  564 U.S. 915 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 881

19  (2011) (plurality opinion).

20         As the Supreme Court has explained, the "substantial connection" element,

21  or "minimum contacts" inquiry, asks whether the defendant has intentionally acted

22  within the forum state to such a degree that it would have fair notice of being

23  subject to suit in that jurisdiction. *Walden,* 134 S. Ct. at 1121-23.

24         When, as in Willick's case, jurisdiction is predicated solely on alter ego (i.e.

25  because liability allegedly flows from Paul to the Firm as one of his many alter

26  egos), the rules change, but not to a great extent.

27         Certainly, upon a proper showing of alter ego liability, "the court may pierce

28  the corporate veil jurisdictionally and attribute contacts accordingly." *NuCal*

-8-

1   *Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 992 (E.D. Cal. 2012) (internal

2   quotations omitted) *citing ADO Finance, AG v. McDonnell Douglas Corp.*, 931

3   F.Supp. 711, 715 (C.D. Cal. 1996).

4         But when it comes to a "proper showing," a plaintiff cannot establish

5   jurisdiction based on an alter ego theory by alleging bare jurisdictionally-triggering

6   facts (i.e. the conclusory allegations of the FAC) without providing some evidence

7   of their existence. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th

8   Cir. 1977).  Indeed, when, as here, a defendant moves to dismiss for lack of

9   personal jurisdiction, the plaintiff is "obligated to come forward with facts, by

10  affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792

11  F.2d 925, 927 (9th Cir. 1986).

12        **b.  Rule 12(b)(6)**

13        A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

14  the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack

15  of a cognizable legal theory," or "the absence of sufficient facts alleged under a

16  cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

17  Cir.1988).

18        A plaintiff's complaint must "contain sufficient factual matter, accepted as

19  true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial

20  plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."

22  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see *also Bell Atlantic Corp. v.*

23  *Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise

24  the right to relief above the speculative level, on the assumption that all the

25  allegations in the complaint are true (even if doubtful in fact)" (citations omitted).

26

27

28

## IV.   LEGAL ARGUMENT

### a. The Court Lacks General Jurisdiction Because the Firm Is a Foreign Entity With Principal Place of Business Outside California

The Supreme Court's rationale for the basis of general jurisdiction for corporations applies to other artificial entities such as partnerships, limited liability companies and limited liability partnerships and unincorporated associations. (See *Daimler, supra*, 571 U.S. 117, applying the same analysis to Mercedes-Benz USA, LLC).

Under this rationale, a plaintiff must meet an "exacting standard" to exercise general jurisdiction over a defendant.

> "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required… General jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State… Such contacts must be so 'constant and pervasive.'  The paradigmatic locations where general jurisdiction are appropriate are its place of incorporation and its principal place of business… Only in an 'exceptional case' will general jurisdiction be available anywhere else."

*Ranza v. Nike* (2015) 793 F.3d 1059, 1069 (9th Cir.)(internal quotations and citations omitted).

The Supreme Court decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) ("Daimler") is particularly useful in this case.  In *Daimler*, the Court held that DaimlerChrysler Aktiengesellshaft ("DaimlerChrysler") was not subject to general jurisdiction in California based on contacts of its subsidiary Mercedes-Benz USA ("MBUSA").  *Id.* at 750-51.  MBUSA is a Delaware Corporation with its principal place of business in New Jersey. *Id.* at 752.  While having multiple facilities in California and MBUSA being the largest supplier of luxury vehicles to

-10-

1  the California market… MBUSA's California sales account for 2.4 % of

2  DaimlerChrysler's worldwide sales. *Id.* at 752. The Supreme Court found this

3  California presence was insufficient to establish general jurisdiction. *Id.* at 760-

4  761.

5       Likewise, in *Bristol Meyers*, defendant Bristol Meyers Squibb Co. ("BMS")

6  was incorporated in Delaware and headquartered in New York. *Bristol Myers,*

7  *supra*, 137 S.Ct. at 1778. BMS engaged in business in California, including five of

8  the company's research facilities, employing a total of 160 employees, were in

9  California. *Id.* BMS also employed about 250 sales representatives in California

10  and maintained a small state-government advocacy office in Sacramento. *Id.*

11       The underlying lawsuit in Bristol Myers arose from claims that Plavix, a

12  drug that BMS manufactures and sells, caused damage to the plaintiffs' health.

13  Plavix was not developed in California, the marketing strategy for Plavix was not

14  created in California, and it was not manufactured, labeled, or packaged in

15  California, and the regulatory work to receive approval was not done in California.

16  However, BMS did sell Plavix in California.

17       The Court of Appeal changed its initial decision on the question of general

18  jurisdiction based upon *Daimler, supra*, it held, general jurisdiction was clearly

19  lacking. *Id.*

20       Here, the Firm was registered in the state of New York and had its principal

21  place of business in New York. (Paul Dec, ¶ 3.)  The Firm only conducted

22  business in the state of New York and New Jersey when it was operating. (Paul

23  Dec, ¶ 4.)  It never had any California cases, offices, or employees. (Paul Dec,

24  ¶4.)

25       For these reasons, the Firm is not subject to general personal jurisdiction in

26  California.

27  ///

28  ///

NAPOLI KAISER & ASSOCIATES LLP'S NOTICE OF MOTION AND MOTION TO DISMISS

### b.   The Court Lacks Specific Jurisdiction As to The Firm

Federal Courts ordinarily follow state law in determining the bounds of their jurisdictions over persons. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); see Fed. Rule Civ. Proc. 4(k)(1)(A). "Under California's long-arm statute, California state courts may exercise personal jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." *Daimler, supra,* 157 U.S. at 125, Cal. Civ. Proc. Code § 410.10.

As stated above order for a state court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *quoting Daimler, supra*, 134 S.Ct., at 754 (internal quotation marks omitted; emphasis added); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The Ninth Circuit applies a three-pronged test to determine if specific jurisdiction exists:

> (1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)   the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)   the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
>
> *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

/ / /

/ / /

1   In this case the Firm, has not been operating for approximately 15 years and

2   when it did operate it handled cases exclusively in New York and New Jersey.

3   Absent a connection to the state of California there is no jurisdiction.

4   The claims alleged do cannot possibly arise out of or relate to the "forum

5   related activities" of the Firm as the Firm stopped operating in 2003 and never did

6   business in California.  The claims relate to two contracts Willick signed with

7   Napoli Bern Ripka & Associates, LLP. --- not the Firm.  The Firm was not even in

8   operating when Willick entered into the agreements with the Original Defendants or

9   when he filed his Superior Court Complaint.  Moreover, the absence of any

10  legitimate "activity based" specific jurisdiction is clearly demonstrated by Willick's

11  choice to rely solely upon alter ego allegations for his claims against the Firm.

12  The Supreme Court emphasized the necessity for a connection between the

13  forum and the specific claim at issue in *Bristol-Myer Squibb Co., supra*, 137 S. Ct. at

14  1781, and criticized the California Supreme Court's "sliding scale approach" which

15  previously allowed for claims to the defendant's contact with the forum state the

16  more extensive the defendant's contacts were with the forum state.  "For specific

17  jurisdiction, a defendant's general connections with the forum are not enough. As we

18  have said, a corporation's continuous activity of some sorts within a state ... is not

19  enough to support the demand that the corporation be amenable to suits unrelated to

20  that activity." *Id.* (internal quotations and citations omitted.)  Thus, in order for a

21  court to exercise specific jurisdiction over a claim, there must be an affiliation

22  between the forum and the underlying controversy, principally, an activity or

23  occurrence that takes place in the forum state which serves as the basis of that claim.

24  *Id.*

25  In this case there is no connection between the Firm's contact with the state of

26  California and Willick's claims.

27  Accordingly, the third prong of the Ninth Circuit analysis is not met as the

28  exercise of jurisdiction cannot be said to comport with fair play and substantial

-13-

1   justice where there is no connection between the Firm's contact with the state and
2   the claims upon which the suit are based.

3          Thus, Plaintiff has not met his burden under the Ninth Circuit's three prong
4   test and specific jurisdiction does not exist.

### c.  Plaintiff Fails to Plead a Prima Facie Showing of Alter Ego to Support Personal Jurisdiction

7          Plaintiff may attempt to argue an alternative means in establishing personal
8   jurisdiction via its alter ego theory.

9          "[T]he corporate form is disregarded only in narrowly defined situations
10  where the ends of justice so require." *NuCal Foods, Inc. v. Quality Egg LLC,* 887
11  F. Supp.2d 977, 992. "To avail itself of the doctrine, plaintiff must allege two
12  elements:  First, there must be such a unity of interest and ownership that the
13  separate personalities of the corporation and the shareholder do not in reality exist.
14  Second, there must be an inequitable result if the acts in question are treated as
15  those of the corporation alone." *Id.* (internal citations and quotations omitted.)
16  Only when the plaintiff makes a *prima facie* showing of alter ego liability, should a
17  court may pierce the corporate veil jurisdictionally and attribute contacts
18  accordingly." *NuCal Foods, Inc. v. Quality Egg LLC, 887 F.Supp.2d 977, 992*
19  (E.D. Cal. 2012) (internal quotations omitted) *citing ADO Finance, AG v.*
20  *McDonnell Douglas Corp.*, 931 F.Supp. 711, 715 (C.D. Cal. 1996).

21         A plaintiff can plead a number of different factors to show unity of interest.
22  "Among the factors to be considered in applying the doctrine are commingling of
23  funds and other assets of the two entities, the holding out by one entity that it is
24  liable for the debts of the other, identical equitable ownership in the two entities, use
25  of the same offices and employees, and use of one as a mere shell or conduit for the
26  affairs of the other." *Wady,* 216 F.Supp.2d at 1066 *(quoting Roman Catholic*
27  *Archbishop* (1971) 15 Cal.App.3d 405, 411). This list is non-exclusive, and

28

1   California courts have relied on a host of other factors in finding alter ego liability as

2   well. *See Zoran Corp. v. Chen*, 185 Cal.App.4th 799, 811–12 (2010).

3          Willick clearly "read the list" before pleading the FAC to include a menu of

4   boiler plate of allegations as to all of the defendants without particularity as to the

5   Firm.  See FAC ¶¶ 9.  Willick's allegations are flatly devoid of any factual support

6   for the allegation as to the Firm.  For example, Willick alleges "Napoli has used

7   assets of each of the Napoli Entities [which is defined to include the Firm] for his

8   personal use and caused assets of each of them to be transferred to them or to entities

9   under his control without adequate consideration, withdrew funds from bank

10  accounts of them for his own and unrelated use of other entities or persons under his

11  domination and control, and caused the business and monies that should have been

12  accounted pursuant to the contracts herein to be co-mingled and transferred by and

13  between the bank accounts of the respective business entities..." FAC ¶ 9 (i).  Yet

14  Willick never explains how the Firm, which stopped operating 15 years ago, has no

15  assets and has no relationship with the Original Defendants, can be said to be the

16  alter ego of Paul Napoli.  Even if the Court is inclined to find a unity of interest

17  exists as to the Firm and Paul Napoli, Plaintiff cannot establish the second necessary

18  prong to apply the doctrine of alter ego: an inequitable result if the acts in question

19  are treated as those of the corporation alone.  Alter ego is a doctrine designed to

20  allow a plaintiff to seek relief from a defendant it might not otherwise have a claim

21  against and obtain relief that it cannot satisfy absent a judgment against the alter ego

22  defendant.  Here, the Firm has not been operation for approximately 15 years.

23  Plaintiff cannot show an inequitable result.

24         Further, Plaintiff makes a conclusory statement that the "Napoli Entities" are

25  the successors in interest to Napoli Bern Ripka & Associates, LLP, with no factual

26  allegation to support this allegation.  Under California law, "a successor company

27  has liability for a predecessor's actions if: (1) the successor expressly or impliedly

28  agrees to assume the subject liabilities (2) the transaction amounts to a consolidation

1    or merger of the successor and the predecessor (3) the successor is a mere

2    continuation of the predecessor or (4) the transfer of assets to the successor is for the

3    fraudulent purpose of escaping liability for the predecessor's debts." *Gerritsen v.*

4    *Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1036–37 (C.D. Cal. 2015) (internal

5    quotations and citations omitted).  There are no factual allegations to show any of

6    these to support a claims of successor liability and no such facts exists.  (See Paul

7    Dec.  ¶¶ 3-7.)

8         Conclusory allegations of "alter ego" status are insufficient to state a claim as

9    a matter of law. Rather, a plaintiff must allege specific facts supporting all of the

10   necessary elements.  *Wady v. Provident Life and Accident Ins. Co. of America*, 216

11   F.Supp.2d 1060, 1067 (C.D.Cal. 2002) ("More pertinent for purposes of the current

12   discussion, none [of the allegations] contains any reference to UnumProvident being

13   the alter ego of Provident. None alleges that UnumProvident treats the assets of

14   Provident as its own, that it commingles funds with Provident, that it controls the

15   finances of Provident, that it shares officers or directors with Provident, that

16   Provident is undercapitalized, or that the separateness of the subsidiary has ceased;

17   *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 647 (C.D.Cal.1983)

18   ("Defendants further argue that plaintiffs cannot circumvent the requirements for

19   secondary liability by blandly alleging that Madgett, Consolidated, and Frane are

20   'alter egos' of other defendants accused of committing primary violations. This point

21   is well taken.... If plaintiffs wish to pursue such a theory of liability, they must allege

22   the elements of the doctrine. Conclusory allegations of alter ego status such as those

23   made in the present complaint are not sufficient").

24        Application of the alter ego doctrine in New York, where the Firm is

25   registered and principal place of business is located, is even more restrictive.

26   "[P]iercing the corporate veil requires a showing that: (1) the owners exercised

27   complete dominion of the corporation in respect to the transaction attacked; and (2)

28   that such dominion was used to commit a fraud or wrong against the plaintiff which

-16-

1   resulted in plaintiff's injury." *Morris v. New York State Dept. of Taxation and*
2   *Finance*, 82 N.Y. 2 135, 141 (1993).

3        Willick has not and cannot establish any of the facts necessary to plead a
4   *prima facie* case for alter ego liability against the Firm under California or New
5   York law.  The Firm has stopped operating for over 15 years.  (See Paul Dec. ¶¶ 3-
6   7.)

7        Thus, there is no basis for this Court to exercise personal jurisdiction over the
8   Firm.

9

10        **d. Plaintiff Has Failed to State a Claim Against Napoli Kaiser &**
11          **Associates LLP**

12        Likewise, Willick has failed to state a claim against the Firm for which relief
13   may be granted.   Willick's claims arise from the March Agreement and May
14   Agreement.  "As a general matter, a non-party, or non-signatory, to a contract is not
15   liable for a breach of that contract. *See, e.g., Britton v.. Co-op Banking Group*, 4
16   F.3d 742, 744 (9th Cir.1993) (noting that a "contractual right may not be invoked by
17   one who is not a party to the agreement"); *Henry v. Assoc. Indem. Corp.*, 217
18   Cal.App.3d 1405, 1416-17 (1990) (determining that where "[t]here was no direct
19   contractual relationship between [the parties]," there was no basis from which "a
20   breach of contract action could properly spring ..." (*citing Gruenberg v. Aetna Ins.*
21   *Co.*, 9 Cal.3d 566 (1973))); *Egan v. Mutual of Omaha Insurance Company*, 24
22   Cal.3d 809, 824 (1979) (concluding that, when two insurance agents who were not
23   parties to an insurance contract were sued for a breach of the covenant of good faith
24   and fair dealing on that contract, "[b]ecause the only ground for imposing liability
25   on either [agent] is breach of that promise, the judgments against them as individuals
26   cannot stand ...")." *Intl. Union of Operating Engineers, Loc. 3 v. Zurich N.A.*, S06-
27   0957 WBSKJM, 2006 WL 2791156, at *3 (E.D. Cal. Sept. 27, 2006).

28

-17-

1    The Firm is not a party to the March Agreement or the May Agreement and

2  thus the Firm is not bound by the Agreement. The only parties to the employment

3  agreement are Napoli Bern Ripka & Associates, LLP and Plaintiff.

4    Willick never entered into an any agreement with the Firm nor does the FAC

5  allege this, and Willick does not allege the Firm is handling any of the cases that

6  Willick alleges he referred to Napoli Bern Ripka & Associates, LLP.  Willick relies

7  solely on an alter ego theory of liability against the Firm.

8    As detailed above, Willick has failed to state a claim for a finding of alter ego

9  and thus Willick has failed to state a claim upon which relief may be granted.

10

11   **V.    Conclusion**

12   For the reasons stated herein, Defendant Paul Napoli PLLC respectfully

13  requests that this Court dismiss Willick's First Amended Complaint as to Defendant

14  Napoli Kaiser & Associates LLP.

15

16

17

18  Dated: January 11, 2019                    CHARNLEY RIAN LLP

19                                             By: *Annik*
                                               _____
20                                             RICHARD L. CHARNLEY
                                               ANNIE RIAN
21                                             Attorneys for Defendants, PAUL
                                               NAPOLI, PLLC, PAUL NAPOLI
22                                             LAW, PLLC, NAPOLI KAISER &
                                               ASSOCIATES, LLP, AND
23                                             NAPOLI LAW, PLLC, NAPOLI
                                               SHKOLNIK, PLLC
24

25

26

27

28

-18-