UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WILLICK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NAPOLI BERN RIPKA & ASSOCIATES, LLP, *et al.*,<br><br>　　　　Defendants. | Case No. 2:15-cv-00652-AB (Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

Pending before the Court are Defendants Napoli Bern Ripka & Associates, et al.'s ("Defendants") Motions to Dismiss Plaintiff Marc Willick's ("Plaintiff") First Amended Complaint. Dkt. Nos. 177, 179, 180, 181, 182, 186, 187, 188. Plaintiff opposes the Motions. The Court heard oral argument on March 1, 2019 and took the matter under submission. For the following reasons, the Court **GRANTS** Defendants' Motions to Dismiss.

## I.　BACKGROUND

### a. The Underlying Dispute

The background of this case has been set forth many times by the Court. In brief, this case arises out of a contractual relationship between Plaintiff and the law firm Napoli Bern Ripka & Associates, LLP ("NBRA"). Plaintiff and NBRA entered into two contractual agreements through which Plaintiff referred numerous cases to

1.

NBRA. NBRA failed to pay Plaintiff for his referrals; accordingly, Plaintiff sued NBRA, Napoli Bern Ripka Shkolnik & Associates, LLP, Napoli Bern Ripka Shkolnik, LLP, Napoli Bern Ripka, LLP, Napoli Kaiser Bern, LLP, Marc Bern, and Paul Napoli in Los Angeles Superior Court on December 12, 2014. *See* Complaint (Dkt. No. 1-1). Defendants removed the case to this Court on January 28, 2015 and then moved to compel arbitration. Dkt. Nos. 1, 27. The Court granted Defendants' motion to compel arbitration and stayed the case. Dkt. No. 39.

The Honorable Richard A. Stone (Ret.) (the "Arbitrator") was appointed as the arbitrator for the case. Decl. James Goldman ¶ 6 (Dkt. No. 134, Ex. 1). After a three-year arbitration period, the Arbitrator presided over a prove-up hearing, at which "Plaintiff presented his evidence and argument to prove up all of his claims against [NBRA]." *Id.*, Ex. 12 at p. 17. The Arbitrator entered default based on Plaintiff's evidence on July 3, 2018 and entered a final award against Defendant on August 3, 2018 amounting in $4,079,548.53 in damages on Plaintiff's claims against NBRA. *Id.*, Ex. 13. The Arbitrator also issued sanctions against NBRA amounting in $44,198.00. *Id.*

The arbitration award provided that the relief granted would be "the only relief granted to [Plaintiff] against [NBRA]." *Id.* The arbitration award did not preclude Plaintiff from seeking relief from any and all other Defendants. *Id.* The Court confirmed the Arbitrator's award over NBRA's opposition (Dkt. No. 140) and issued Judgment for Plaintiff on October 24, 2018. Dkt. No. 150.

### b. Plaintiff's Amended Complaint

During the course of the protracted arbitration, Plaintiff filed a First Amended Complaint ("FAC") to include additional defendants.[1] Plaintiff's FAC alleges that

---

[1] Plaintiff's FAC was served upon: (1) NBRA; (2) Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka Shkolnik, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; Napoli Kaiser Bern, LLP; Napoli Bern LLP; Napoli Kaiser Bern & Associates, LLP; Napoli Bern & Associates, LLP; Law Offices of Napoli Bern, LLP; Law Offices of Napoli Bern Ripka & Associates LLP; Law Offices

Defendants Marc J. Bern and Paul J. Napoli conducted business throughout the United States, including California. FAC ¶ 4. Specifically, Plaintiff asserts Defendant Bern appeared as counsel at settlement conferences in Los Angeles County Superior Court in lawsuits relevant to Plaintiff's FAC. In addition, Plaintiff contends that Defendant Napoli appeared as counsel in Los Angeles Superior Court, and signed multiple contracts doing business in California, including employment contracts, local counsel agreements, and lease agreements in Los Angeles. *Id.*

Plaintiff's FAC further alleges that Defendants consistently represented to their clients and the public that they were "California Injury Attorneys" and "California Mesothelioma Attorneys" with "California law offices." *Id.* Plaintiff asserts, through information and belief, that treating NBRA, the Napoli Bern Entities, the Napoli Entities, and the Bern Entities as separate from Defendants Bern or Napoli would permit an abuse of company privilege and would promote injustice. *Id.* ¶ 9.

Plaintiff's FAC alleges, among other things, (1) that NBRA and each of the Napoli Bern Entities, Napoli Entities, and Bern Entities have always been inadequately capitalized; (2) that Defendant Napoli and Defendant Bern have caused the Napoli Bern Entities not to observe appropriate entity formalities; (3) that Defendant Napoli has caused the Napoli Entities not to observe appropriate formalities; (4) that Bern has caused the Bern Entities not to observe the appropriate formalities; (5) that Napoli and Bern have used assets of each of the Napoli Bern Entities for their personal use and caused assets of each of them to be transferred to them or to entities under their control without adequate consideration, withdrew funds from the bank accounts of them for their own and unrelated use of other entities or

---

of Napoli Bern Ripka Shkolnik LLP; Law Offices of Napoli Bern Ripka Shkolnik LLP; Law Offices of Napoli Bern Ripka Shkolnik & Associates, LLP; Pasternack Tilker Napoli Bern LLP; Napoli & Bern, LLP; Napoli Bern Krentsel & Guzman, LLP; Worby, Groner, Edelman & Napoli, Bern, LLP (the "Napoli Bern Entities); (3) Napoli Shkolnik PLLC; Paul Napoli Law PLLC; Napoli Kaiser & Associates, LLP; Paul Napoli PLLC (the "Napoli Entities"); (4) Marc J. Bern & Partners LLP; Bern Ripka, LLP; and Marc J. Bern PLLC (the "Bern Entities").

persons under their dominion and control and co-mingled business funds; (6) that Defendant Napoli has used assets of the Napoli Entities for his personal use; and (7) that Defendant Bern has used assets of the Bern Entities for his personal use. *Id.* Through these allegations, Plaintiff contends that Defendants Napoli and Bern "exercised such complete control and dominance of the business assets of the [Napoli Entities and Bern Entities] and used and mingled the assets and monies of them such that an individuality or separateness of the Napoli Entities and Napoli does not, and at all times herein mentioned did not, exist." *Id.*

### c. The Current Action

Plaintiff has been unable to recover his judgment against NBRA. Defendants ask the Court to dismiss Plaintiff's FAC against the numerous entities for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.[2]

## II. LEGAL STANDARD

### a. Motion to Dismiss Under Rule 12(b)(2)

Rule 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. In opposing such a motion, the plaintiff bears the burden of establishing that the court has jurisdiction over the moving defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The court may consider evidence asserted by the parties, but the plaintiff need only make a prima facie showing of personal jurisdiction to overcome a motion to dismiss under Rule 12(b)(2). *Id.*

Personal jurisdiction comes in two forms: general and specific. A court having general jurisdiction over an out-of-state defendant can "hear any and all claims against" that defendant, but only if the defendant's affiliations with the forum state "are so constant and pervasive as to render it essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

---

[2] Further, Defendants argue that certain entities should not be included in Plaintiff's Complaint. The proper parties for suit may be determined through jurisdictional discovery.

Specific jurisdiction may be established only if due process requirements are met. Due process requires a defendant to have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 318 (1945). For purposes of specific jurisdiction, the court assumes that uncontroverted allegations in the plaintiff's complaint are true. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

### b. Motion to Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In determining dismissal under Rule 12(b)(6), the court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir.1995). In pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### c. Successor Liability

The general rule of successor liability is that a corporation that purchases all of the assets of another corporation is not liable for the former corporation's liabilities unless, among other theories, the purchasing corporation is a mere continuation of the selling corporation. *See Ray v. Alad Corp.*, 19 Cal.3d 22, 136 Cal. Rptr. 574, 560 P.2d 3, 7 (1977). California courts require evidence of one or both of the following factual elements for an entity to be a mere continuation: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations." *Ray v. Alad*, 19 Cal.3d at p 29. "[A] mere

continuation contemplates a direct sale of assets from the predecessor corporation to the successor corporation." *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143 (9th Cir. 2004) (quoting *Maloney v. Am. Pharm. Co.*, 207 Cal.App.3d 282, 255 Cal.Rptr. 1, 4 (1988)). "If a corporation organizes another corporation with practically the same shareholders and directors, transfers *all* the assets but does not pay all the first corporation's debts, and continues to carry on the same business, the separate entities may be disregarded and the new corporation held liable for the obligations of the old." 9 Witkin, Corporations § 16 (10th ed.2005) (emphasis added); see *McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal.App.4th 746, 753, 107 Cal.Rptr.2d 702 (2001) (citing a previous edition of Witkin for the same proposition).

### d. Alter Ego Liability

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300, 216 Cal.Rptr. 443, 702 P.2d 601 (1985). The doctrine bypasses the corporate entity in order to avoid the potential injustice that would arise by treating the individual and the corporation as separate entities.

Federal courts "apply the law of the forum state in determining whether a corporation is an alter ego" of a party. *Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993). Under California law, an alter ego relationship only exists where "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

However, finding alter ego liability "is an extreme remedy, sparingly used."

*Hasso v. Hapke*, 227 Cal. App. 4th 107, 155, 173 Cal. Rptr. 3d 356, 395 (Ct. App. 2014). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d. 1101, 1116 (C.D. Cal. 2003).

### i. Unity of Interest and Ownership

"There is no litmus test" governing whether an individual shareholder may be said to be an alter ego under California law. *Mesler,* 29 Cal. 2d at 300. Courts consider such factors as: whether the individual treated corporate assets as his own; whether a single individual or family owned all of the corporate entity; whether the individual and the corporation commingled their assets or failed to segregate their funds; and whether the individual utilized the corporation as a shell. *Zoran Corp. v. Chen*, 4th 799, 811-812, 110 Cal. Rptr. 3d, 597, 606-07 (Ct. App. 2010). "No one characteristic governs, but the courts must look at all circumstances to determine whether the doctrine should be applied." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539, 99 Cal. Rptr. 2d 824, 836 (Ct. App. 2000). If, under the circumstances of the case, it would be inequitable to treat the individual and the corporation as separate entities, courts should avoid that inequitable result by disregarding the distinction between corporation and individual and impose liability "to reach an equitable result." *Mesler*, 29 Cal. 2d at 301.

### ii. Avoidance of Injustice

Given the importance of the corporate form and the limitations on individual liability surrounding corporations, alter ego liability should be narrowly applied to circumstances where it is truly necessary to avoid injustice. *Id.* "The injustice that allows a corporate veil to be pierced is not a general notion of injustice; rather, it is the injustice that results only when corporate separateness is illusory." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d at 1149. "Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." *Sonora Diamond Corp*,

83 Cal. App. 4th at 539.

"In almost every instance where a plaintiff has attempted to invoke the doctrine he is an unsatisfied creditor." *Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213, 11 Cal. Rptr. 2d 918, 923 (Ct. App. 1992). Simply because a party cannot otherwise satisfy a judgment is not sufficient grounds for invoking the alter ego doctrine. "The purpose of the doctrine is not to protect every unsatisfied creditor, but rather to afford him protection, where some conduct amounting to bad faith makes it inequitable . . . for the equitable owner of a corporation to hide behind its corporate veil." *Id.*

### III. DISCUSSION

As a threshold matter, none of the entity Defendants are subject to the Court's general jurisdiction. The entity Defendants are incorporated in New York; Plaintiff's allegations that some of the entity Defendants occasionally conduct business in California are not sufficient to establish general jurisdiction. Similarly, Defendants Bern and Napoli are not subject to the Court's general jurisdiction. Thus, Plaintiff must prove specific jurisdiction in proper. Plaintiff's argument regarding the Court's jurisdiction turns on whether the entity Defendants are successors in interest of NBRA. Alternatively, the Court must determine that Defendants Bern or Napoli are the alter egos of NBRA to establish a basis for jurisdiction.

### A. Personal Jurisdiction Over NBRA is Proper

Courts rely on a three-prong test to determine specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th

8.

Cir. 2004).

Defendants do not contend that NBRA is subject to the Court's personal jurisdiction so the Court will not expend unnecessary energy conducting thorough analysis. NBRA entered into two contracts with Plaintiff for him to act as California counsel for the firm. Willick Decl. Exs. A-B. In addition, NBRA sent Marc Bern, a partner at the firm, to California to engage in settlement talks with Plaintiff. *Id.* ¶ 8. These are sufficient activities to support a finding of specific personal jurisdiction; NBRA contracted with a California attorney and should have expected to be subject to specific jurisdiction based on those relationships.

### B. Successor Liability Has Not Been Adequately Set Forth

Plaintiff has failed to adequately set forth either requirement of successor liability. As a threshold matter, Plaintiff has not alleged that NBRA transferred *all* of its assets to any one Defendant pursuant to a sale. Indeed, it does not appear any such sale ever took place. NBRA was dissolved and its only "asset"—its clients—was split evenly amongst Defendants Napoli and Bern. Successor liability in California courts contemplates both a sale, and a transfer of all of the entity's assets. Here, neither occurred. Without any allegations that NBRA sold all of its assets to a particular Defendant, the Court cannot determine that the "mere continuation" exception applies.

### C. This Court Lacks Personal Jurisdiction Over Entity Defendants Because Alter Ego Liability Has Not Been Established

While Plaintiff "need only make a prima facie showing of alter ego liability" to defeat a motion to dismiss, *Cirana Corp. v. Changshu Jisheng Spinning*, Case No. 2:16-cv-490-CAS (GJSx), 2016 WL 5890061, at *2 (C.D. Cal. Oct. 6, 2016), Plaintiff has failed to do so here. In *Cirana*, this Court's analysis relied heavily upon the fact that an individual defendant was the sole owner and stockholder of a corporation in determining that there was a unity of interest. Specifically, Plaintiff offered allegations that an individual defendant exclusively "dominated, controlled, and influenced" the entity, that the entity was a mere shell for the individual defendant's

9.

use, and that the individual defendant used his personal residential address as the entity's business address.

Similarly, in *AKH Co. Inc. v. Morris Tire Serv., Inc.*, Case No. SACV 11-1903 DOC (MLGx), 2012 WL 13020053, at *5 (C.D. Cal. Apr. 19, 2012) the Court determined that alter ego liability was proper because the defendant "personally directed the activities of [the entity] . . ." and the entity was a "mere instrumentality" of defendant. In reviewing Plaintiff's FAC, the Court does not identify similar indicative factors that determine a unity of interest. Plaintiff's FAC alleges individual Defendants Napoli and Bern exercise "complete control and dominance of the business assets of [Defendant Entities]." Such allegations appear lacking.

While Plaintiff need only present a *prima facie* case for alter ego liability, he has not yet satisfied this requirement. *See e.g.*, *ADO Finance, AG v. McDonnell Douglas Corp.*, 931 F.Supp. 711 (C.D. Cal 1996) (determining defendant satisfied the *prima facie* showing with "substantial evidence" establishing sole ownership of defendant entities). A reworking of this allegation to identify Defendants as sole owners or beneficiaries of the corporate entities may suffice, but at this stage, Plaintiff's allegations are insufficient. Plaintiff's allegations of ownership are inconsistent with Defendant's argument that some entities named in Plaintiff's FAC are owned or operated by individuals wholly distinct from NBRA, Defendant Napoli or Defendant Bern.

Moreover, Plaintiff has not pleaded allegations evidencing "bad faith conduct on part of defendants" in order to justify a finding of alter ego liability. *Neilson v. Union Bank of California*, *N.A.*, 290 F. Supp. 2d. 1101, 1116 (C.D. Cal. 2003). At this stage, Plaintiff has failed to sufficiently state a claim that establishes both elements of alter ego liability to survive Defendants' Motions to Dismiss. Nonetheless this Court questions the motivations behind Defendants Napoli and Bern's establishment of multiple distinct law firms conducting similar (if not identical) businesses.

### D. Jurisdictional Discovery is Proper

Because "[f]urther discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction," *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003), the Court grants Plaintiff's request to conduct limited jurisdictional discovery as to Plaintiff's alter ego liability theory. Plaintiff's discovery shall not be limited in any extent, insofar as it seeks to support its *prima facie* case for its alter ego theory.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Plaintiff's action is **DISMISSED without prejudice**. The Court also **GRANTS** Plaintiff's request for jurisdictional discovery on its alter ego liability theory. Plaintiff may conduct unfettered discovery to support its alter ego theory for 90 days from the issuance of this Order. Plaintiff's failure to file an Amended Complaint after 90 days of jurisdictional discovery will result in dismissal of this action.

Plaintiff need not provide status reports regarding the arbitration proceedings during this time period. Further, the Court has reviewed Plaintiff's *ex parte* application and **DENIES** Plaintiff's application pursuant to this Court's Order.

The April 19, 2019 Scheduling Conference is vacated.

**IT IS SO ORDERED.**

Dated: March 13, 2019

                                     HONORABLE ANDRÉ BIROTTE JR.
                                     UNITED STATES DISTRICT COURT JUDGE